**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

August 10, 2023

**MEMO ENDORSED**

**VIA ECF**

Hon. Lewis A. Kaplan United States District
Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse 500
Pearl Street, New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-14-2023

Re:   ***Edmar Financial Company, LLC v. Currenex, Inc.***, No. **1:21-cv-6598**

Dear Judge Kaplan:

We are counsel for Plaintiffs in the above-referenced action, and we write with the consent of all named parties. Counsel for Plaintiffs and for Defendants have met and conferred pursuant to Rule 26(f), and we are happy to report that the parties have agreed upon a joint scheduling proposal, which we attach as Exhibit A to this letter. We respectfully request that the Court approve the jointly proposed scheduling order.

Following is a summary of the parties' Rule 26(f) conference:

**Nature of Action and Principal Defenses:** Plaintiffs represent a putative class of foreign exchange ("FX") trading platform customers, alleging claims for fraud, violations of antitrust law, RICO violations, and other claims against an FX trading platform company (i.e., Currenex, Inc.) and market makers (i.e., Goldman Sachs & Co., LLC, HC Technologies, LLC ("HC Tech"), and John Doe Defendants, and collectively the "Trading Defendants"). Plaintiffs allege that Currenex secretly gave super-priority privileges to the market makers, ensuring that the market makers' orders were unfairly prioritized over the orders of other customers, resulting in damages to users of the Currenex platform. Plaintiffs also allege that Currenex gave at least one customer—HC Tech—administrator-level access to the entire platform, which allowed HC Tech to view all orders placed on the platform.

On May 19, 2023, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' Amended Complaint and granted Defendant State Street Global Markets International Limited's ("State Street Global") motion to dismiss the Amended Complaint for lack of personal jurisdiction. Specifically, the Court granted Defendants' motion to dismiss Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, tortious interference, and a *per se* violation of the Sherman Act, and denied Defendants' motion to dismiss Plaintiffs' claims for fraud, aiding and abetting fraud, conspiracy to defraud, a vertical conspiracy under the Sherman Act, RICO violations, violations of New York's General Business Law, and unjust enrichment.

Defendants' principal defenses include the following. First, Plaintiffs will be unable to prove any fraud-based claims because they will be unable to identify any false or misleading statement, that Plaintiffs relied on statements regarding tie-breaking procedures, that any of the Trading Defendants had actual knowledge of the alleged fraud, or that any of the Trading Defendants assisted or directed the alleged fraud. Plaintiffs will also be unable to prove that they suffered any

out-of-pocket losses as a result of the alleged fraud or that Defendants were unjustly enriched. With respect to RICO claims, Plaintiffs will also be unable to prove the existence of any conspiracy, enterprise or pattern of fraud among the Defendants. Plaintiffs' remaining vertical antitrust conspiracy allegations will fail too under the rule of reason, including because Plaintiffs will not be able to prove an unreasonable agreement in restraint of trade, antitrust injury, or injury to competition. Finally, many of Plaintiffs' claims will be barred by the statute of limitations and other time limitations.

In addition, State Street Global also has a defense that the Court lacks personal jurisdiction over it.

**Jurisdiction and Venue:** Plaintiffs have pled that the Court has subject matter jurisdiction over this action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26, as well as pursuant to 28 U.S.C. §§ 1331 and 1337(a). Plaintiffs have also pled that the Court has jurisdiction over this class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because Plaintiffs and Defendants are allegedly citizens of different states and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. They have pled that venue is proper in this District pursuant to 15 U.S.C. §§ 15(a) and 22, as well as pursuant to 28 U.S.C. § 1391(b), (c), and (d) for reasons provided in the SAC. *See* ECF No. 96 ¶ 24. Plaintiffs have further pled that the Court has jurisdiction over Defendants pursuant to the nationwide contacts test provided for by 15 U.S.C. § 22, as well as all other reasons specified in the SAC. *See* ECF No. 96 ¶¶ 26-28. Defendants do not contest that Plaintiffs have adequately pled jurisdiction and venue in this Court, except that State Street Global contends that this Court lacks personal jurisdiction over the claims alleged against it.

**Subjects on Which Discovery May Be Needed:** At a minimum, Plaintiffs anticipate that they will need discovery concerning (i) the computer source code that enacted the rules that determined which market participants' quotes would be prioritized over others; (ii) Currenex's password-sharing practices, including with respect to what level of access any password-sharing granted; (iii) Defendants' representations about such practices; (iv) transactional records showing how the prioritization of quotes actually played out; and (v) communications within and among Defendants about the complained-of features.

Defendants anticipate seeking discovery from Plaintiffs regarding, among other things: (i) Plaintiffs' diligence regarding the platform, including any information considered by Plaintiffs in connection with their use of the platform; (ii) Plaintiffs' knowledge of the platform's order matching mechanism and the various tie-breaking rules used within the industry; (iii) Plaintiffs' alleged reliance on any disclosures, representations, or other information in connection with their trading on the platform; (iv) Plaintiffs' records reflecting their trading on the platform and via other venues during the relevant time period; (v) Plaintiffs' contracts with Currenex governing their trading on the platform, including any documents and communications reflecting Plaintiffs' negotiation relating to same; (vi) Plaintiffs' knowledge of the alleged tiebreaking priority agreements; (vii) Plaintiffs' knowledge of the alleged sharing of administrator-level access to the platform; (viii) Plaintiffs' claims of damages; and (ix) the purported class, including Plaintiffs' contention that their claims are common, typical, or similar of the purported class and that such a class is so numerous that joinder would be impracticable. Defendants also anticipate seeking

discovery from third parties with relevant knowledge regarding, among other things, FX pricing information and tie-breaking rules used within the industry.

**Anticipated Discovery Disputes:** There are no anticipated discovery disputes at this time.

**Initial 26(a) Disclosures:** The parties propose a deadline of August 21, 2023 for the disclosure of witnesses covered by 26(a)(1)(A)(i), in lieu of full Rule 26(a) disclosures.

**Formal Discovery Deadlines:** The parties' proposed discovery plan is attached as Exhibit A. The plan proposes a fact discovery timeline of <u>one year</u>, with all fact discovery to be completed by <u>August 18, 2024</u>, and with Plaintiffs' opening class certification brief to be filed by <u>October 18, 2024</u>.

**Pending Deadlines:** There are no pending deadlines, due dates, or cut-off dates currently scheduled.

**Outstanding Motions:** There are no outstanding motions. However, State Street Global intends to file a motion to dismiss the SAC for lack of personal jurisdiction.

**Ongoing Discovery:** No discovery has taken place.

**Settlement Discussions:** There have been no settlement discussions in this matter.

Respectfully submitted,

*/s/ Dan Brockett*

Daniel L. Brockett
*Counsel for Plaintiffs*

cc:   All counsel of record (via ECF)

3

**Exhibit A: Proposed Case Management Schedule**

*Note:* All interim deadlines other than class certification motions may be extended by agreement of the parties.

| Date | Event |
|---|---|
| 8/18/2023 | Fact discovery commences, and parties may serve discovery requests. |
| 8/21/2023 | Disclosure of witnesses covered by 26(a)(1)(A)(i) (in lieu of full Rule 26(a) disclosures). |
| 8/28/2023 | Parties to jointly submit to the Court proposed ESI order and proposed protective order. |
| 9/11/2023 | Parties to meet and confer regarding forms and types of structured/transactional data. |
| 11/18/2023 | Rolling productions of documents begin. |
| 3/18/2024 | Substantial completion of production of documents, including transactional data. |
| 3/18/2024 | Deadline to add parties. |
| 7/18/2024 | Deadline for serving RFAs and interrogatories. |
| 8/18/2024 | Completion of fact discovery, including all depositions of fact witnesses. |
| 10/18/2024 | **Class certification motion due and supporting expert reports** due, including all data and code relied upon by Plaintiffs' experts. |
| 1/20/2025 | **Class certification opposition and supporting expert reports** due, including all data and code relied upon by Defendants' experts. **Any Daubert challenges to Plaintiffs' class certification experts** due, including all data and code relied upon by Defendants' experts. |
| 3/20/2025 | **Class certification reply and any supporting reply expert reports due**, including all data and code relied upon by Plaintiffs' experts. **Plaintiffs' oppositions to any Daubert motions** by Defendants due, including all data and code relied upon by Plaintiffs' experts. |
| 5/5/2025 | **Defendants' replies in support of Defendants' Daubert motions** due (including all data and code relied upon by Defendants' experts). **Defendants' oppositions to Plaintiffs' Daubert motions** due (including all data and code relied upon by Defendants' experts). |

| Date | Event |
|---|---|
| 6/5/2025 | **Plaintiffs' replies in support of Plaintiffs' Daubert motions** due (including all data and code relied upon by Plaintiffs' experts). |
| Parties to confer and submit proposal within 30 days of class certification ruling. | Additional expert discovery. |
| Within 90 days of the close of expert discovery. | Deadline for summary judgment motions. |

Granted.

SO ORDERED.

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Court Judge

Dated: August 14, 2023