

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

EDMAR FINANCIAL COMPANY, LLC;
IRISH BLUE & GOLD, INC.; and XTX
MARKETS LIMITED,

Plaintiffs,

vs.

CURRENEX, INC.; GOLDMAN SACHS &
CO. LLC; HC TECHNOLOGIES, LLC;
STATE STREET BANK AND TRUST
COMPANY; STATE STREET GLOBAL
MARKETS INTERNATIONAL LIMITED; and
JOHN DOE DEFENDANTS 1-5,

Defendants.

Case No. 21-cv-06598

**STIPULATION AND [PROPOSED]
ORDER OF CONFIDENTIALITY**

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the

Federal Rules of Evidence, Plaintiffs Edmar Financial Company, LLC, Irish Blue & Gold, Inc.,

and XTX Markets Limited (collectively, "Plaintiffs") and Defendants Currenex, Inc., Goldman

Sachs & Co. LLC, HC Technologies, LLC, and State Street Bank and Trust Company

(collectively, "Defendants"), by and through their undersigned counsel, hereby agree that the

following provisions of this Stipulation and Order of Confidentiality (the "Stipulation and

Order") govern disclosure and use by the parties of all documents, including but not limited to

electronically stored information ("ESI"), testimony, exhibits, interrogatory answers, responses

to requests to admit, and any other materials and information produced or provided, in the above-

referenced Action (the "Action"), and respectfully request that the Court enter an Order

approving the same.

1

## I. DEFINITIONS

1.1     Party: Any named party to the Action, including all of its officers, directors, and employees.

1.2     Non-Party: Any natural person or entity that is not a named party to the Action.

1.3     Discovery Material: All documents, items, or information, regardless of the medium or manner generated, stored, or maintained (including, without limitation, ESI, testimony, exhibits, interrogatory answers, responses to requests to admit, transcripts, any other materials and information produced or provided in this Action, or tangible things) that are produced or generated in disclosures, early discovery ordered by the Court, or responses to discovery requests in this Action.

1.4     Confidential Material: Any Producing Party (as defined below) may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that: (i) the Producing Party reasonably and in good faith believes contains or would disclose non-public, confidential, personal, proprietary, financial, customer, client, or commercially sensitive information, confidential trade secrets, or non-public research that requires the protections provided in this Stipulation and Order, including, but not limited to, any information that constitutes confidential information under the Federal Rule of Civil Procedure 26(c) or applicable laws or regulations; or (ii) is Personal Data (as defined below) (unless the Personal Data otherwise meets the criteria for designation as Highly Confidential, in which case it will be so designated).

1.5     Highly Confidential Material: Subject to the provisions of this Stipulation and Order, any Producing Party may designate as "Highly Confidential" any Discovery Material that contains or reflects (i) transactional data, including quote data; (ii) technical information, including, without limitation, information relating to know-how, research and development

2

and/or database, software or system design and any technical data, code (including source code, object code and executable code), or descriptions of technical data or code; or (iii) material regarding trading and investment strategies, pricing and cost information, customer lists, business strategy, trade secrets and other commercial or financial information, if the Producing Party reasonably and in good faith believes that unauthorized disclosure of such Discovery Material would result in competitive, commercial or financial harm to the Producing Party or its personnel, clients, or customers.

1.6     Personal Data: Any Producing Party may, subject to the provisions of this Stipulation and Order, designate any Discovery Material as "Personal Data," if the Producing Party reasonably and in good faith believes the Discovery Material contains items or information protected from disclosure by any relevant federal, state or foreign data-protection laws or regulations, including, without limitation, the UK Data Protection Act, the GDPR and the national laws implementing the GDPR, and the Swiss Federal Data Protection Act and Data Protection Ordinance. Nothing in this paragraph shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Personal Data."

1.7     Protected Material: Any Discovery Material that is designated as "Confidential," "Highly Confidential," or "Personal Data," provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Stipulation and Order or any other confidentiality agreement or undertaking).

1.8     Privileged Material: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, United States or foreign bank disclosure or bank

3

secrecy laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

1.9     Producing Party: Any Party or Non-Party that produces Discovery Material in this Action.

1.10    Receiving Party: Any Party or Non-Party that receives Discovery Material from a Producing Party.

1.11    Designating Party: Any Party or Non-Party that designates Discovery Material as "Confidential," "Highly Confidential," or "Personal Data."

1.12    Outside Counsel: Attorneys, paralegals, and employees who are retained by a Party to represent or advise a Party in this Action, including contract attorneys retained for document review.

1.13    In-House Counsel: Attorneys, paralegals, other legal department personnel and compliance department personnel who are employees of a Party and to whom disclosure of Discovery Material is reasonably necessary for this Action.

1.14    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

1.15    Expert and/or Consultant: A person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

4

1.16    Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

**II.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material. However, except as set forth in Section 11.3, this Stipulation and Order shall not be construed to cause any Counsel to produce, return, destroy, and/or sequester their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action.

**III.    DURATION**

The confidentiality obligations imposed by this Stipulation and Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

**IV.    DESIGNATING PROTECTED MATERIAL**

4.1    Designating Bulk Material for Protection: In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce materials without a detailed review, subject to the "claw back" procedures in this Stipulation and Order or as otherwise agreed to. In doing so, the Designating Party may designate those collections of documents that by their nature contain Personal Data or Confidential or Highly Confidential Material with the appropriate designation, notwithstanding that some of the documents within the collection may not qualify for such designation. The materials that may be so designated shall be limited to such categories as the Parties agree to in writing or the Court orders. Notwithstanding the foregoing, a Receiving Party, provided it has a good faith basis for

5

believing that one or more particular documents do not contain Personal Data or Confidential or Highly Confidential Material, may at any time challenge the designation of one or more particular documents on the grounds that it does not or they do not qualify for protection or for the level of protection initially asserted. If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

(a)    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Stipulation and Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulation and Order requires:

(b)    <u>For information in non-native documentary form (including transcripts of depositions taken in other proceedings)</u>, that the Producing Party affix the legend "Confidential" or "Highly Confidential" on the document, and include the applicable designation in the metadata produced for such document.

(c)    <u>For deposition transcripts and/or exhibits in this Action</u>, that the Designating Party designate any portion of the testimony as "Confidential" or "Highly Confidential" by written notification to all Outside Counsel of record on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the

6

preceding sentence shall be covered by the provisions of this Stipulation and Order. The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Section 4.3 (Inadvertent Failures to Designate). If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential," the DVD, plus any container, shall be so labeled.

(d)   For information produced in electronic, audio, or video format, for bulk productions of documents produced in native format (other than Excel documents), and for any other tangible items, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on the exterior of the container or containers in which the information or item is stored and/or on the document. Whenever a Receiving Party to whom electronically stored discovery material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" or "Highly Confidential" to each page of such document.

(e)  For documents produced in native format, that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents and on the placeholder page.

(f)  For interrogatory answers and responses to requests to admit, and the information contained therein, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on each page of such document prior to production.

(g)  For reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "Confidential" or "Highly Confidential" on the report.

4.2  Inadvertent Failures to Designate: If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by Bates number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated shall be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice and identifying information, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy and/or delete the incorrectly undesignated material. To the extent such information may have been disclosed

8

to anyone not authorized to receive Confidential or Highly Confidential Discovery Material under the terms of this Stipulation and Order, the Receiving Party shall (i) promptly notify the Producing Party, and (ii) make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Party's right to secure protection under this Stipulation and Order for such material. If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, each Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation and Order.

4.3     In the event that more than one Designating Party designates the same Protected Material with different levels of confidentiality, the Parties shall make reasonable, good faith efforts to treat all copies of the Protected Material as having the highest level of confidentiality designated by any Designating Party.

4.4     Upward Designation of Discovery Material Produced by Other Parties or Non-Parties: A Party may upward designate (*i.e.*, designate any Discovery Material produced without a designation as Confidential or Highly Confidential or change any Confidential Material to a designation of Highly Confidential) any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material satisfies the criteria for designating such material with the higher designation under the definitions in Section 1. Upward designation shall be accomplished by providing written notice to all Parties, and the Producing Party if it is not a Party, identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within thirty (30) days of production by the Producing Party, and by identifying the basis for the upward designation. Within fifteen (15) days of any such upward

9

designation, the Producing Party shall provide replacement Discovery Material (*i.e.*, production files, images and metadata) reflecting the revised confidentiality designation. Failure to upward designate within thirty (30) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in paragraph 5 regarding challenging designations.

## V.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Meet and Confer: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by Bates number, and by providing a basis for the challenge. The objecting Party and the Designating Party shall, within ten (10) business days after service of the written objections, meet and confer concerning the objection.

5.2    Judicial Intervention: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 5.1, above, the Party challenging the designation may seek relief from the Court in accordance with its rules and procedures. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event that the final ruling is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fifteen (15) business days of the ruling.

10

## VI.     ACCESS TO AND USE OF DISCOVERY MATERIAL

6.1     Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action. Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of action and transactions at issue in the Action (as pleaded now or in any amended pleading asserting other claims or issues against any Party or Non-Party). Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order. Following the termination of this Action, each Receiving Party must comply with the provisions of Section 9, below.

6.2     A Receiving Party shall store and maintain Protected Material in a secure manner that ensures that access is reasonably limited to the persons authorized under this Stipulation and Order and shall exercise a standard of due and proper care under all applicable laws with respect to the storage, custody, use, and/or dissemination of such Protected Material sufficient to safeguard against its unauthorized or inadvertent disclosure.   For purposes of this Stipulation and Order, a secure internet-based document depository with adequate security, shall be deemed a secure location. "Confidential" or "Highly Confidential" Discovery Material shall not be copied, reproduced, extracted, or abstracted, except to the extent that such copying, reproduction, extraction, or abstraction is reasonably necessary for the conduct of this Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of

this Stipulation and Order and labeled in the same manner as the Protected Material on which they are based.

      6.3    <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons:

        (a)    the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for this Action and their legal, clerical, or support staff, including temporary or contract staff;

        (b)    The Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for this Action;

        (c)    in addition to In-House Counsel, and to the extent that such disclosure is reasonably necessary for the Action, no more than four (4) current officers, directors, or employees of each Receiving Party who have been informed they are reviewing Confidential Material and agree to abide by the terms of this Stipulation and Order, except that, upon identification of the officers, directors, or employees, any Producing Party shall have five (5) days to petition the Court to challenge whether "Confidential" Discovery Material may be disclosed. Pending a decision whether "Confidential" Discovery Material may be disclosed, no "Confidential" Discovery Material shall be disclosed to that officer, director, or employee without the consent of the Producing Party;

        (d)    Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the

12

"Agreement To Be Bound By Protective Order" (Exhibit A), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(e) the Court and its personnel, subject to the requirements of Section 8, below;

(f) special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(g) court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(h) the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that: (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or

defenses, and for no other purposes; (ii) the individual is not permitted to retain copies of the Protected Material after the individual is examined regarding the Protected Material; and (iii) the individual is explicitly informed by Counsel for the Party seeking to use the Protected Material that this Stipulation and Order forbids him or her to disclose the Protected Material except as permitted under this Stipulation and Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Stipulation and Order;

(i)    a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above- captioned case not otherwise authorized to view the Protected Material in question, during that witness's testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same, provided that: (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses and in furtherance of that witness's preparation for testimony, and for no other purposes; (ii) the witness is not permitted to retain the Protected Material after the witness is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Counsel for the Party seeking to use the Protected Material that this Stipulation and Order forbids him or her from disclosing the Protected Material except as permitted under this Stipulation and Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Stipulation and Order;

14

(j)     relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(k)     any other person agreed to by the Designating Party in writing; and

(l)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 14 below.

6.4    Disclosure of Highly Confidential Material: Unless ordered by the Court or permitted in writing by the Designating Party, material designated "Highly Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)     the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for this Action and their legal, clerical, or support staff, including temporary or contract staff;

(b)     the Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for this Action;

(c)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation;

15

and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(d)     the Court and its personnel, subject to the requirements of Section 8, below;

(e)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)     court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(g)     the author, addresses, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, provided, however, that: (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the individual is not permitted to retain the Protected Material after the individual is examined regarding the Protected Material; and (iii) the individual is explicitly informed by Counsel for the Party seeking to use the Protected Material that this Stipulation and Order forbids him or her to disclose the Protected Material except as permitted under this Stipulation and Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Stipulation and Order;

(h)     a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above-captioned case not otherwise authorized to view the Protected Material in question, during that witness's testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same and that witness's Counsel, provided that: (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses and in furtherance of that witness's preparation for testimony, and for no other purposes; (ii) the witness and any In-House Counsel for the witness are not permitted to retain copies of the Protected Material after the deposition, hearing, or trial preparation; and (iii) the witness is explicitly informed by Outside Counsel for the Party seeking to use the Protected Material that this Stipulation and Order forbids him or her to disclose the Protected Material except as permitted under this Stipulation and Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Stipulation and Order;

(i)     relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(j)     any other person agreed to by the Designating Party in writing; and

(k)     any other person to whom the Court compels disclosure of the Highly Confidential Material and to whom disclosure is required by law, subject to the requirements of Section 14 below.

6.5     Personal Data:  To the extent that Discovery Material is designated as Personal Data, the Receiving Party shall make reasonable, good-faith efforts to protect these materials with the highest care consistent with the Receiving Party's responsibilities and protective of the Producing Parties' obligations under any relevant federal, state or foreign data-protection laws or regulations, including, without limitation, the UK Data Protection Act, the GDPR and the Swiss Federal Data Protection Act and Data Protection Ordinance, and ensuring that appropriate measures are taken against unauthorized or unlawful processing of the Personal Data and against accidental loss, unauthorized disclosure, alteration, or destruction of, or damage to, the Personal Data, including that electronic data must be password protected.  Nothing herein shall be construed as waiving any objections any Party may have to the production of Personal Data, including without limitation objections that discovery of such Personal Data may, in some instances, need to proceed in accordance with international protocols rather than pursuant to the Federal Rules of Civil Procedure.

6.6     Retention of Agreement To Be Bound By Protective Order:  Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties or the Court upon good cause shown.

6.7     Retention of Protected Material:  Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Sections 6.3(h), (i), and (k) who have been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed.  Persons described in Sections 6.4(g), (h), and (j) who have been shown Highly Confidential Material

shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Highly Confidential Material was disclosed.

## VII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery of the disclosure by Counsel, (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) make commercially reasonable efforts to retrieve all copies of the Protected Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order, and (iv) request such person or persons to execute the "Agreement To Be Bound By Protective Order" (Exhibit A).

## VIII.   FILING PROTECTED MATERIAL

In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Discovery Material that contains information satisfying any of the five categories of "sensitive information" or six categories of information requiring "caution" pursuant to Rules 21.3 and 21.4 of the Southern District of New York's Electronic Case Filing Rules & Instructions, it shall do so consistent with the requirements of those Rules. In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material, or any papers containing or making reference to the substance of such material or information, the Party shall request to file such documents or portions thereof containing or making reference to such material or information in redacted form or under seal in accordance with the rules of the Court, and keep those filings under seal until further order of the Court. In making such a filing, a Receiving Party may rely on the Designating Party's designation of any Discovery Material, and need not independently

verify or take a position on, such Designating Party's designation. Where possible, only Confidential or Highly Confidential portions of filings with the Court shall be inscribed with the phrase: "Confidential – Subject to Court Order" or "Highly Confidential – Subject to Court Order," as appropriate. Each Party is authorized hereunder to request to file under seal any Discovery Materials marked Confidential or Highly Confidential and/or portions thereof in accordance with this Stipulation and Order and this Court's Individual Rules of Practice for Filings Under Seal in Civil and Miscellaneous Cases. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not Confidential Material or Highly Confidential Material and need not be preserved under seal.

## IX. FINAL DISPOSITION

9.1 In the event that: (i) all Parties to the Action reach a settlement resolving all of the then pending claims among them; or (ii) any court enters an order resolving all of the then-pending claims among the Parties, except as provided below, the provisions of this Stipulation and Order restricting the use of "Confidential" and "Highly Confidential" information shall continue to be binding unless otherwise agreed by all Parties or ordered by the Court.

9.2 Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) calendar days after the final termination of this Action, including any appeals, each Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party all Protected Material or, at the option of the Receiving Party, to destroy all Protected Material. In either case, the Receiving Party shall, upon request, provide the Designating Party with a certification stating that it has taken commercially reasonable efforts to destroy or return the Confidential or Highly Confidential documents, except for: (i) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate

20

applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation; and (ii) information saved on backup media in an electronically stored format, which will be certified to have complied with the 60-day destruction period if the Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information, provided, however, that these materials will continue to be subject to the terms of this Stipulation and Order.

9.3     If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this Section within the 90-day destruction period, and that it must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of this Section, then it must, in its certification: (i) state the law or other regulatory authority it believes requires it to retain those documents; and (ii) describe the documents it intends to retain pursuant to that law or regulatory authority. Notwithstanding this provision and all others, as to those materials designated as Confidential or Highly Confidential that constitute Counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in this Action, or filed with this Court, Counsel may retain such documents, even if such materials contain Confidential or Highly Confidential Material, if such Counsel otherwise comply with this Stipulation and Order with respect to such retained material. Any such archival copies that have been designated Confidential or Highly Confidential remain subject to this Stipulation and Order until the Producing Party agrees otherwise in writing or this Court orders otherwise.

9.4     This Stipulation and Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this Action. No part of the restrictions imposed by this Stipulation and Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## X.     A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Stipulation and Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## XI.     CLAW BACK OF DISCOVERY MATERIAL

11.1     In order to claw back Protected Material or Privileged Material that was produced for any reason, whether inadvertent or otherwise, or was produced pursuant to Section 11.5, the Producing Party must provide notice in writing to the Receiving Party specifying the Bates number of the Protected Material or Privileged Material it wishes to claw back, and the basis of the claim that it is Protected Material or Privileged Material.

11.2     In order to claw back wholly non-responsive Discovery Material that was produced for any reason, whether inadvertent or otherwise, or was produced pursuant to Section 11.5, the Producing Party must provide notice in writing to the Receiving Party specifying the Bates number of the Discovery Material it wishes to claw back, and the basis of the claim that it is non-responsive. The Parties will meet and confer and work in good faith to claw back wholly

non-responsive Discovery Material. If the Parties agree to have the Discovery Material clawed back, the material will be subject to the claw back provisions and procedures of this Section 11.

11.3    Upon notice that a Producing Party wishes to claw back Discovery Material protected as Protected Material or Privileged Material that was produced for any reason, whether inadvertent or otherwise, or was produced pursuant to Section 11.5, the Receiving Party shall promptly undertake commercially reasonable efforts to return to the Producing Party and destroy all summaries or copies of such Protected Material or Privileged Material (notwithstanding the final sentence of Section 2 regarding a Receiving Party's own work product that reflects the Protected Material referred to in this Section), shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return and destroy such Protected Material or Privileged Material, and shall not use such items for any purpose until further order of the Court. In all events, such return, destruction, and certification must occur within ten (10) business days of receipt of the request, unless the Receiving Party provides notice of its intent to challenge the assertion of a claim of protection under Fed. R. Civ. P. 26(b)(5) (the "Challenge Notice"), in which event the Receiving Party may retain no more copies (the "Retained Copies") of the Discovery Material than are sufficient to prosecute its challenge to the assertion of protection. Having provided a Challenge Notice, the Parties shall within (10) days of that Challenge Notice meet and confer in good faith in order to try to arrive at a mutually agreeable solution. If unsuccessful, the Receiving Party must raise a challenge with the Court within thirty (30) days of that meet and confer, or otherwise return or destroy the Retained Copies within that period. Moreover, in the event a Challenge Notice is provided, the Receiving Party shall make no use of the Discovery Material subject to the request for return other than in connection with the Receiving Party's prosecution of its challenge to the assertion of privilege and shall sequester the

challenged materials, until the Challenge is resolved. However, the Receiving Party may request an extension of the deadline for the return or destruction of Retained Copies, and such extension shall not be unreasonably withheld. For the avoidance of doubt, nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws *after* return or destruction of the Retained Copies. Within twenty-one (21) business days of the notification that reasonable efforts have been taken to return or destroy Privileged Material, the Producing Party shall produce a privilege log with respect to the Privileged Material. The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced in this case. Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over their status.

11.4    If, during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, it may at its sole election: (i) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (ii) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work-product protected document. Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection,

including the notice requirement set forth in Section 11.2. Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Highly Confidential Material. If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court.

11.5    In order to facilitate expeditious production of voluminous documents, a Producing Party may, at its sole option, but is not required to, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from discovery applies to some of the documents. The materials that may be so produced shall be limited to such categories as the Parties agree to in writing or the court orders.

11.6    Pursuant to Fed. R. Evid. 502(d), if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information, and/or things that are protected as Privileged Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure, pursuant to Rule 502(d), shall not be deemed a waiver of any applicable privilege or protection in the Action or in any other proceeding, including in federal or state proceedings. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of Privileged Material under this Order.

## XII.    USE OF DESIGNATED MATERIAL AT TRIAL

The undersigned agree to make reasonable, good faith efforts to meet and confer in advance of any hearing or trial concerning the use of any Protected Material at the hearing or at the trial. If the Parties do not meet and confer, that fact will not prejudice the rights of any Party

to use such Protected Material at the hearing or trial. The use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

## XIII. ATTORNEY RENDERING ADVICE

Nothing in this Stipulation and Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice; *provided*, *however*, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Protected Material if such disclosure is not otherwise permitted under this Stipulation and Order.

## XIV. LEGAL PROCESS

If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential," the Receiving Party must notify, to the extent permitted by law and the rules, requirements or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by fax or electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than ten (10) business days after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the

material covered by the subpoena or order is the subject of this Stipulation and Order. In addition, the Receiving Party must deliver a copy of this Stipulation and Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue. To the extent consistent with the rules, requirements or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier. In connection with any production of Confidential or Highly Confidential Material subject to this Stipulation and Order, the Receiving Party shall request equivalent confidential treatment for the Confidential or Highly Confidential Material.

The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Stipulation and Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

## XV.   NON-PARTIES

Any Party, in conducting discovery as to Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Stipulation and Order so as to inform each such Non-Party of his, her or its rights herein. If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Stipulation and Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under this Stipulation and Order as held by the Parties to this Action.

## XVI.   NEW PARTIES TO THIS ACTION

In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential or Highly Confidential Material produced by or obtained from any Disclosing Party until the newly joined parties or their counsel sign the "Agreement To Be Bound By Protective Order" (Exhibit A).

## XVII.   NOTICES

All notices required by this Stipulation and Order must be provided in writing to Counsel of record for each Party and, if applicable, in writing to a Non-Party. Any of the notice requirements herein may be waived in whole or in part, but only in writing by an attorney for the Designating Party.

28

## XVIII. AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Stipulation and Order in writing for good cause shown. Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis under the standards set forth in Fed. R. Civ. P. 26(c).

## XIX.  MISCELLANEOUS

19.1    Right to Assert Other Objections: By stipulating to the entry of this Stipulation and Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground, including confidentiality. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the Discovery Material covered by this Stipulation and Order.

19.2    Governing Law: Except to the extent that federal law may be applicable, this Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles. Any dispute between the parties regarding this Stipulation and Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

19.3    Execution: This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

IT IS SO ORDERED.

DATED: _____

Notwithstanding anything to the contrary herein:

1.   Any portion of any order seal in this action shall be made part of the public record on the other *10/18/23*, when the Court otherwise orders. If any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an independent determination of the existence of good cause for seal.

THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

Date: *10/18/23*

29

Lewis A. Kaplan
United States District Judge

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EDMAR FINANCIAL COMPANY, LLC; IRISH BLUE & GOLD, INC.; and XTX MARKETS LIMITED, <br><br> Plaintiffs, <br><br> vs. <br><br> CURRENEX, INC.; GOLDMAN SACHS & CO. LLC; HC TECHNOLOGIES, LLC; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS INTERNATIONAL LIMITED; and JOHN DOE DEFENDANTS 1-5, <br><br> Defendants. | Case No. 21-cv-06598 |

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY
### STIPULATION AND ORDER OF CONFIDENTIALITY

I, _____, under penalty of perjury, 28 U.S.C. § 1746, declare as follows:

1.       Information, including documents and things, designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as defined in the Stipulation and Order of Confidentiality entered in the above-captioned Action (the "Stipulation and Order"), is being provided to me pursuant to the restrictions of the Stipulation and Order.

2.       I have been given a copy of and have read the Stipulation and Order.

3.       I am familiar with the terms of the Stipulation and Order, and I agree to comply with and to be bound by its terms.

4.       I submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the Stipulation and Order.

30

5.      I acknowledge that violation of the Stipulation and Order may result in penalties for contempt of court.

6.      I agree to not use any Confidential or Highly Confidential Discovery Materials disclosed to me pursuant to the Stipulation and Order except for purposes of the above-captioned litigation, except as otherwise set forth in paragraph 3, and not to disclose any of this information to persons other than those specifically authorized by the Stipulation and Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

7.      I agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of the Stipulation and Order and of its binding effect on them and me.

Name: _____

Job Title: _____

Employer: _____


Signed at [PLACE], this _____ day of _____, 20___.

SO STIPULATED AND AGREED:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*/s/ Daniel L. Brockett*
Daniel L. Brockett
Steig D. Olson
Christopher M. Seck
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: danbrockett@quinnemanuel.com
Email: steigolson@quinnemanuel.com Email:
christopherseck@quinnemanuel.com

Jeremy D. Andersen (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: jeremyandersen@quinnemanuel.com

RUDDY GREGORY, PLLC
Mark Ruddy
1225 15th Street NW
Washington, DC 20005
Telephone: (202) 797-0762
Facsimile: (202) 318-0543
Email: rnruddy@ruddylaw.com

*Counsel for Plaintiffs and the Proposed Class*

ROPES & GRAY LLP

*/s/ Gregg L. Weiner*
Gregg L. Weiner
Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-5000
Facsimile: (212) 596-9090
Email: gregg.weiner@ropesgray.com
Email: alexander.simkin@ropesgray.com

Robert G. Jones (*pro hac vice*)
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951 7000
Facsimile: (617) 951 7050
Email: robert.jones@ropesgray.com

Samer Musallam (*pro hac vice*)
2099 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Email: samer.musallam@ropesgray.com

*Counsel for Defendants Currenex, Inc. and
State Street Bank and Trust Company*

KATTEN MUCHIN ROSENMAN LLP

*/s/ Peter G. Wilson*
Peter G. Wilson
Christian T. Kemnitz
Elliott M. Bacon
525 W Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Email: peter.wilson@katten.com
Email: christian.kemnitz@katten.com
Email: elliott.bacon@katten.com

*Counsel for Defendant HC Technologies, LLC*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Carmine D. Boccuzzi Jr.*
Carmine D. Boccuzzi Jr.
Rishi N. Zutshi
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Email: cboccuzzi@cgsh.com
Email: rzutshi@cgsh.com

*Counsel for Defendant Goldman Sachs & Co. LLC*