**Williams Barber Morel**
TRIAL LAWYERS

Stephen A. Fraser
Direct: (312) 443-3248
Fax: (312) 630-8500
saf@williamsbarbermorel.com

May 28, 2024

VIA CM/ECF

Honorable Lewis A. Kaplan
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 21B
New York, New York 10007

Re:   *Edmar Fin. Co. v. Currenex, Inc.*, Civ. No. 21-6598

Dear Judge Kaplan:

Non-party Global Trading Systems ("GTS") hereby submits this letter motion to seal the highlighted portions of its opposition to Plaintiffs' May 23, 2024 letter motion to compel.[1]

At bottom, the redacted material in GTS's opposition consists of the same kind of information that the Court ordered sealed with respect to Plaintiffs' recent sealing motions. *See* Dkt. No. 124. The material that GTS seeks to seal is derived from a non-public asset purchase agreement between Defendant HC Technologies, LLC on the one hand and an affiliate of GTS on the other. The proposed sealed material also includes the asset purchase agreement itself, which is Exhibit 3 to GTS's opposition brief.

Good cause exists to maintain these commercially sensitive, transactional matters under seal—particularly where these matters are entirely unrelated to Plaintiffs' claims. Examples abound where courts in this district have sealed documents effecting corporate transactions. *E.g., Brown v. Bldg. Engines, Inc.*, App. No. 22-2053, 2023 U.S. Dist. LEXIS 17921 (2d Cir. July 14, 2023) (referencing sealed appendix); *Bakemark USA LLC v. Negron*, Civ. No. 23-2360, 2024 U.S. Dist. LEXIS 8461, at *5–6 (S.D.N.Y. Jan. 16, 2024) (approving request to seal unredacted asset purchase agreement, and stating that "the parties' need to protect sensitive commercial information from disclosure to competitors seeking an advantage overcomes the presumption of public access" (quotation marks omitted)).

This presumption is so strong that, even where a transaction fails, courts nonetheless maintain underlying documents as confidential to effectuate the parties' intent in such transactions and to prevent a chilling effect on future transactional activity. *See Bergen Brunswig Corp. v. IVAX Corp.*, Civ. No. 97-2003, 1998 U.S. Dist. LEXIS 3045, at *8–9 (S.D.N.Y. Mar. 12, 1998).

---

[1] Prior to this filing, GTS conferred with Plaintiffs and Defendant HC Technologies, LLC and understands that neither has any objection to this sealing request.

Hon. Lewis A. Kaplan
May 28, 2024
Page 2

Accordingly, GTS respectfully requests that the Court grant GTS's sealing motion.

Respectfully submitted,

Williams Barber & Morel

**/s/ Stephen A. Fraser**

By: Stephen A. Fraser

cc: Christopher J. Barber, Esq.
    Jonathan Miller, Esq.

Granted

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
6/12/24