

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

July 22, 2024

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

**VIA ECF**

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, NY 10007

Re:    *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Wang:

  We write on behalf of Currenex, Inc. ("Currenex") in reply to Plaintiffs' letter responding to Currenex's cross-motion for an order directing Plaintiffs to produce their algorithms and trading methodologies. ECF Nos. 132, 134, 138. Plaintiffs rely on the *exact same* argument they told the Court was nonsense when demanding that Currenex produce its own algorithm: that production of the algorithm "is not needed because it can be *inferred* somehow from the trade data it has produced." ECF No. 132 at 3. Indeed, Plaintiffs said it is "obviously correct" that relevant formulas should be produced and the parties should not be required to rely on a "long list of numerical *outputs* . . . from which the formula can supposedly be reverse-engineered." *Id.*[1] Plaintiffs' transparent flip-flop relies on numerous factual misrepresentations, which we correct below.

  *First,* Plaintiffs conflate the decision of whether to trade on a platform at all with the decision of when and in what circumstances to do so. While it may be that a human decided to plug XTX's computer programs into Currenex, once connected to a platform, XTX's trading algorithm adjusted volumes in real time based on, among other factors, a continuous assessment of observed execution quality and prices/spreads. Without XTX's source code, Defendants cannot assess XTX's conclusory assertions about any impact the Platform's tiebreaking rules had on it (if any).

  *Second*, Plaintiffs' incorrect argument that they need not produce their algorithms because "Currenex's own transactional records" will suffice ignores that the trading records alone will not show *why* XTX traded the way it did. For example, transactional records might show a high volume of XTX limit orders on a particular day, but without the algorithms Currenex cannot assess *why that*

---

[1] As set forth in Currenex's letter-response, Plaintiffs' letter-motion is moot, as Currenex has agreed to produce the requested source code. *See* ECF No. 134 at 1.

ROPES & GRAY LLP

Hon. Ona T. Wang                                - 2 -                                July 22, 2024

*was so*.

*Third*, Plaintiffs' argument that XTX's "executives" may review periodic execution quality reports to make decisions about XTX's trading strategies ignores that XTX's trading algorithm continuously adjusts volumes routed to various platforms in response to the execution quality observed in real time at a rate that would be impossible for any human to monitor.

*Fourth*, Plaintiffs' assertion that unspecified "humans" are responsible for comparing spreads across platforms conflates the periodic spread comparison that could be conducted by a human with the real-time, continuous comparisons employed by XTX's trading algorithms to adjust volumes on a real-time basis based on actual prices and spreads across platforms. This algorithmic information is critical to assessing whether and how any particular difference in spreads would have harmed or benefitted XTX (and to what extent).

*Fifth*, Plaintiffs' argument that XTX's source code won't reveal "anything" about its unconsummated trades is just wrong. Assessing profits from allegedly missed trade opportunities in the hypothetical but-for scenario Plaintiffs assert in the complaint requires review of XTX's source code to determine when and how XTX would have exited positions that it would have acquired. Because Plaintiffs' imagined but-for scenario did not actually happen, such information will *not* be reflected in the real life transactional and "quote" data alone.

*Sixth*, Plaintiffs' argument that information about "replacement trades" where XTX had a trade cancelled pursuant to the 'last-look' feature would be "in the transactional data that Currenex already has" ignores that XTX's algorithm automatically routed rejected trades to other trading platforms (as XTX does not contest it did), and *none* of those replacement trades will be reflected in Currenex's transactional data. Nor can transactional data alone ever explain *why* XTX traded the way it did.

In all events, as Plaintiffs put it when moving to compel Currenex's source code, "[i]t cannot be that because [Defendants] *might* be able to *guess* at the truth, that [XTX] is entitled to withhold discovery directly showing the truth." ECF No. 132 at 3. XTX chose to bring this case. It should not be able to hide the truth that will disprove its central allegations. Currenex respectfully requests that the Court order Plaintiffs to produce their FX trading algorithms and methodologies.

Respectfully submitted,

*/s/ Alexander B. Simkin*
Alexander B. Simkin


cc: Counsel of record (via ECF)