**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

June 4, 2025

<u>BY ECF</u>

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY  10007-1312

Re:  *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598
     Plaintiffs' Response to Defendants' Letter Motion to Seal Opposition and Exhibit

Dear Judge Kaplan:

On behalf of Plaintiffs, we respectfully submit this response to request a certain exhibit and the relevant portion of Defendants' brief remain under seal.  *See* ECF Nos. 165 (sealing letter), 167 (memorandum referencing under-seal Exhibit), 168-1 (the "Exhibit" at issue).

We designated the Exhibit as "Highly Confidential" pursuant to the Court's Protective Order, ECF No. 113, because it includes "material regarding trading and investment strategies" of a predecessor of Plaintiff XTX Markets Limited.  Courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."  *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (collecting cases).  Protected information can include specific details about trades or trading activity.  *See, e.g.*, *In re Tether & Bitfinex Crypto Asset Litig.*, 2024 WL 3520363, at *21 (S.D.N.Y. July 24, 2024) (accepting redactions of trading details).  Such issues can outweigh the presumption in favor of public access to judicial documents.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Here, the Exhibit discusses some of the factors that an XTX predecessor entity considered when deciding what trading platforms to trade on, and what types of trades and trading activity were found relevant to such discussions.  The person involved in the email is XTX's founder and

current co-CEO, and XTX's business is built on keeping its trading decisions secret.  Thus, what he finds of interest in deciding where to trade, and how to trade, is commercially sensitive.

Also of note, the motion pending before the Court is whether to allow the complaint to be amended to add *DSquare* as an additional named plaintiff because it was trading on the Platform much earlier than the current plaintiffs.  ECF No. 163 at 3.  Proposed-plaintiff DSquare and current-plaintiff XTX are unrelated entities.  What *XTX's CEO* supposedly considered when deciding where to trade has nothing to do with whether to allow an amendment relating to the timing of trades.  Defendants' decision to cram the Exhibit into their brief anyway is a transparent and unavailing attempt to smear XTX's good name to punish it for pursuing this case.

But the attack is meritless.  As was made clear the last time Defendants tried this tactic, XTX had no knowledge of the *actually relevant* behavior in this case, e.g., the secret assignment of queue-prioritization numbers to Platform users and the sharing of administrator-level passwords.  Indeed, XTX voluntarily joined an already-then existing class action.  It would make no sense for XTX to have stuck its head above the parapet in such a way if it had known of the corruption on the Platform all along.  What is really occurring here, then, is Defendants returning to the same sleight-of-hand they attempted at the outset of this case.  As the Court recognized in rejecting Defendants' similar attempt to conflate issues at the pleading stage, "that the Platform did not follow 'strict FIFO' to break ties . . . is beside the point."  ECF No. 83 at 21.  The Exhibit, which is about aspects of the Platform not at issue, is thus also "beside the point."

For all the reasons set forth above, the Court should order that the Exhibit and references in Defendants' Opposition remain sealed.

Respectfully submitted,

 */s/ Daniel L. Brockett*

  Daniel L. Brockett

cc: Counsel of Record