# CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

ASIA
BEIJING
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 (212) 225-2508
cboccuzzi@cgsh.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

June 11, 2025

**BY ECF**

Honorable Lewis A. Kaplan
 United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Court Room 21B
New York, New York 10007-1312

Re: *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598 (LAK) (S.D.N.Y.), Defendant Goldman Sachs & Co. LLC's <u>Response to Plaintiffs' Letter Motion to Seal Reply and Exhibits</u>

Dear Judge Kaplan:

On behalf of Defendant Goldman Sachs & Co. LLC ("Goldman"), we respectfully submit this response to request that two documents produced by Goldman that are quoted in and attached as exhibits to Plaintiffs' Reply brief remain under seal. *See* ECF Nos. 170 (letter motion to seal); 162 (memorandum of law referencing the sealed exhibits); 174.02 (exhibit at issue); and 174.04 (exhibit at issue).

The two documents consist of (1) an internal Goldman email discussing Goldman's foreign exchange ("FX") trading strategy; and (2) a draft service agreement between Goldman and the Currenex FX platform. It is clear from the face of the documents that they contain sensitive financial and proprietary information about Goldman's trading strategies on different FX platforms and the commission rates that Goldman paid for use of the Currenex platform. As a result, both documents were appropriately designated as "Highly Confidential" pursuant to the Court's Protective Order and should be redacted because their disclosure could cause competitive harm to Goldman. Courts have recognized that documents that reflect "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction" and routinely permit parties to redact documents like the two at issue here. *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017); *see also Graczyk v. Verizon Commc'ns,*

Hon. Lewis A. Kaplan, p. 2

*Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

      The Second Circuit has also made clear that where the documents at issue "play only a negligible role" in a court's execution of its Article III duties, "the weight of the presumption [of public access] is low. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995). Here, redaction is appropriate under *Amodeo* because Plaintiffs' citation to the two documents is completely gratuitous and irrelevant to the issues raised in Defendants' opposition to Plaintiffs' Motion to Amend. Nothing in these documents explains why Plaintiffs failed to meet the March 2024 deadline for adding new parties or to seek an extension of that deadline. Plaintiffs' introduction of these documents is simply part of a broader effort to distract the Court from Plaintiffs' inability to meet their burden to show good cause. In any event, the documents do not even lend support to the tie-breaking allegations in Plaintiffs' complaint. The documents instead relate to a specific proprietary offering that Currenex developed nearly 20 years ago to provide off-hours liquidity on its platform, which Goldman has not had any involvement with since 2008.

      For the reasons set forth above, the Court should order that the exhibits at issue and references to these exhibits in Plaintiffs' Reply remain sealed.

Respectfully submitted,

*/s/ Carmine D. Boccuzzi, Jr.*
Carmine D. Boccuzzi, Jr.

cc: Counsel of Record