UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMAR FINANCIAL COMPANY, LLC; IRISH BLUE & GOLD, INC.; and XTX MARKETS LIMITED,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CURRENEX, INC.; GOLDMAN SACHS & CO. LLC; HC TECHNOLOGIES, LLC; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS INTERNATIONAL LIMITED; and JOHN DOE DEFENDANTS 1-5,<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-06598-LAK |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF A LETTER OF REQUEST PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS DATED MARCH 18, 1970

Pursuant to Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781(b)(2), Plaintiffs respectfully move the Court to issue a letter of request pursuant to the Hague Convention On the Taking of Evidence Abroad in Civil or Commercial Matters Dated March 18, 1970 ("Letter of Request") to obtain documents and take testimony overseas of Mr. Russell Sears.[1]

---

[1] Pursuant to Rule II.B.1 of Hon. Henry J. Ricardo's Individual Rules, Plaintiffs state that the parties met and conferred regarding this motion on June 5, 2025 over Zoom. Present on that call were, for Plaintiffs, Thomas Lepri, Tim Nagle, and Vinay Basti; for Currenex and State Street, Alexander Simkin, Mark Gaioni, and Deanna Beck; for Goldman Sachs, Cassandra Allen; and for HC Tech, Elliott Bacon. On that call, counsel for Currenex and State Street confirmed that they do not represent Mr. Sears, who is a former employee of those two Defendants. On June 23, 2025, counsel for all Defendants confirmed that they would not oppose the issuance of an "appropriate Letter Rogatory" for Mr. Sears, but also reserved the right to oppose any aspect of the relief requested by Plaintiffs if the timing or scope is found to be "unreasonable."

Mr. Sears resides in the United Kingdom and is the former Global Head of Sales for the trading Platform operated by Defendants Currenex and State Street. He began working for Currenex in 2002. He remained with Currenex through its 2007 acquisition by State Street and left State Street's employ in 2015. Because Mr. Sears is a non-party to this litigation, resides in the United Kingdom, and is otherwise outside the Court's jurisdiction, Plaintiffs are able to secure his documents and testimony only by a letter of request. *See, e.g.*, *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2023 WL 5322019, at *2 (S.D.N.Y. Mar. 8, 2023) (for non-parties located in the United Kingdom, "parties are able to secure their documents and testimony only by letter of request"). For those reasons, and as more fully explained below, the Court should issue the Letter of Request, which is attached as Exhibit 1 to the Declaration of Daniel L. Brockett in Support of Plaintiffs' Motion for Issuance of a Letter of Request Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters Dated March 18, 1970 ("Brockett Declaration"), filed herewith.

## ARGUMENT

I. **LETTERS OF REQUEST TO OBTAIN DOCUMENTS AND TESTIMONY IN FOREIGN COUNTRIES ARE ISSUED ROUTINELY**

Both the United States and the United Kingdom are parties to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,[2] which authorizes the signing countries to issue letters of request to other signatories asking them to compel the requested discovery. *See Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *2 (S.D.N.Y. June 13, 2018) (issuing letter of request to obtain documents and testimony in the United Kingdom).

---

[2] *See Joseph v. Gnutti Carlo S.p.A.*, 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016); *Status Table*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last updated Jun. 5, 2025).

Federal Rule of Civil Procedure 28(b) and 28 U.S.C. §1781(b)(2) grant this Court authority to issue a letter of request seeking the assistance of a foreign court in obtaining evidence from non-party witnesses outside the United States. *See Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005); *see also United States v. Al Fawwaz*, 2014 WL 627083, at *2 (S.D.N.Y. Feb. 18, 2014) ("District courts have inherent authority to issue letters rogatory" and "the decision…lies within a district court's sound discretion.") (citations omitted).

Courts in this district recognize that analysis regarding the enforceability of the request in the foreign court is best determined within that jurisdiction. *See In re Turquoise Hill*, 2023 WL 5322019, at *1 ("The question whether the proposed Letters of Request are consistent with U.K. law is best left to the judicial authorities in the United Kingdom."). In considering whether to issue the letter itself, "courts apply the discovery principals contained in Federal Rule of Civil Procedure 26" which "permits discovery of 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Joseph*, 2016 WL 4083433, at *1. The party seeking the letter has the burden of persuasion, but that burden "is not a heavy one." *Villella*, 2018 WL 2958361, at *3. Once relevance is shown, "[a] court will not ordinarily weigh the evidence to be elicited" and any opposition "must show some good reason" for limiting discovery." *Elliott Assocs. v. Republic of Peru*, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997). As a result, "[c]ourts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd.*, 2005 WL 1214345, at *1.

II.     **THE EVIDENCE SOUGHT BY PLAINTIFFS IS RELEVANT**

The documents and testimony requested in the Letter of Request are plainly relevant to Plaintiffs' claims—that unfair and undisclosed advantages were given to certain prioritized

3

Platform participants. Mr. Sears served as the Platform's Global Head of Sales. He is mentioned in the Complaint fourteen times, and the allegations attributed to him are central to the priority scheme. *See, e.g.*, ECF No. 96 (Second Amended Complaint) ¶¶ 114-115 (Mr. Sears took part in negotiating and implementing secret agreements and had knowledge of the priority scheme); 118 (Mr. Sears' compensation was tied to brokerage generated by the secret agreements); 137-139 (Mr. Sears shared his log-in credentials with one Trading Defendant who was then able to see anonymous activity on the Platform); 155 (also alleging Mr. Sears' shared his log-in credentials with a Trading Defendant and personally profited from trade volume generated on the Platform); 196, 281, 317 (Mr. Sears was employed by Defendants Currenex and State Street during the scheme and was one of the individuals who took part in the secret agreements).

Obtaining documents in Mr. Sears' possession and taking Mr. Sears' deposition testimony will be an important part of Plaintiffs' evidence in this case concerning the allegations in the Complaint.

### III. THE REQUESTS ARE PROPORTIONAL TO THE NEEDS OF THE CASE

The documents and testimony Plaintiffs seek from Mr. Sears are proportional to the needs of this case. Because Mr. Sears is a central figure in the priority scheme allegations—particularly as the individual who allegedly shared his personal Platform log-in credentials with a Trading Defendant—Plaintiffs are justified in seeking expansive discovery from Mr. Sears. However, to comply with United Kingdom laws and practices regarding discovery, Plaintiffs have issued significantly narrowed requests concerning Mr. Sears' knowledge of the Platform priority scheme, his sharing of log-in credentials, and his awareness of Platform controls and disclosures. Given the centrality of Mr. Sears to the Complaint and the amount of money at issue in this suit, Plaintiffs' requests of Mr. Sears easily satisfy the proportionality requirement.

4

*See Villella*, 2018 WL 2958361, at *8 (issuing letter of request where relevance was clear and in light of the "significant sums of money…at stake" in the matter).

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and issue the Letter of Request attached as Exhibit 1 to the Brockett Declaration.

DATED:   June 23, 2025                             QUINN EMANUEL URQUHART &
                                                                        SULLIVAN, LLP


                                                                        By: */s/ Daniel L. Brockett*
                                                                             Daniel L. Brockett
                                                                             Quinn Emanuel Urquhart & Sullivan, LLP
                                                                             295 Fifth Avenue
                                                                             New York, NY 10016
                                                                             Tel: 212-849-7000

                                                                             *Counsel for Plaintiffs and the Proposed Class*

## **CERTIFICATION**

    I, Daniel L. Brockett, hereby certify that this memorandum of law contains 1,245 words, exclusive of the caption, signature blocks, or any required certificates.

                                              */s/ Daniel L. Brockett*
                                              Daniel L. Brockett