UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EDMAR FINANCIAL COMPANY, LLC, et al.,

                      Plaintiffs,

       -against-                                          21-cv-6598 (LAK)

CURRENEX, INC., et al.,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

       This putative class action concerns the foreign exchange trading platform operated by Currenex, Inc ("Currenex"). Plaintiffs allege that Defendant Currenex operated its trading platform with secret tie-breaking rules despite stating publicly that the platform used a "first-in, first-out" system to resolve ties. These secret rules, Plaintiffs contend, gave a subset of traders on the platform, including Defendants State Street Bank, Goldman Sachs, and HC Technologies, special priority rights which enabled them to jump to the front of the line and execute trades without offering the highest bid.[1] Before the Court is Plaintiffs' motion for leave to file a third consolidated amended class action complaint to add a new plaintiff, DSquare Trading Ltd. ("DSquare").[2]

---

[1] The Court assumes familiarity with the pleadings and the facts there alleged. *See Edmar Fin. Co., LLC v. Currenex, Inc.*, No. 21-CV-6598 (LAK), 2023 WL 3570017, at *1–*5 (S.D.N.Y. May 18, 2023) (reviewing Plaintiffs' allegations).

[2] *See* Dkt 162.

2

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires."[3] However, where "a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause."[4] Here, Plaintiffs' request comes after the Court's March 18, 2024 deadline to add new parties.[5] Therefore, the Court must consider also the good cause requirement of Rule 16.[6]

"A finding of 'good cause' depends on the diligence of the moving party."[7] "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline."[8] While diligence of the moving party is the primary consideration, the Court may consider also "other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice

---

[3] Fed. R. Civ. P. 15(a)(2).

[4] *See Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and citations omitted); *see also* Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

[5] Dkt 143 at 2 (noting deadline to add parties was March 18, 2024).

[6] *See* Fed. R. Civ. P. 16(b)(4).

[7] *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

[8] *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (internal quotation marks omitted).

3

defendants."[9]

Plaintiffs argue that this amendment is necessary to "fill a potential class representative gap that has come out in discovery."[10] Specifically, Plaintiffs contend that this gap became clear following Currenex's statement in November 2024 that the platform used priority settings but that this practice ceased at some point prior to 2015.[11] After "vett[ing] that assertion" through analysis of the data produced by Currenex in December 2024, Plaintiffs now seek to add DSquare as a plaintiff, which Plaintiffs claim began trading on Currenex's Platform in 2006.[12] "[N]o amount of diligence," Plaintiffs contend, "could have led them file this motion before the scheduling deadline of March 2024."[13]

Defendants argue that Plaintiffs' pleadings undermine their argument that this defect became clear only after Currenex's statement that its conduct changed at some point prior to 2015. Indeed, Plaintiffs' initial and amended complaints identified the class period as beginning January 1, 2005,[14] and per their own allegations, the earliest any of the named Plaintiffs traded on the

---

[9] *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

[10] Dkt 163 at 1.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 5.

[14] Dkt 1 (Complaint) ¶ 96 (identifying the class period as beginning January 1, 2005); Dkt 96(Amended Complaint) ¶ 226 (idetifying the class period as beginning January 1, 2005).

4

platform was 2010.[15] However, the significance of this class representative gap was not evident until Currenex's recent acknowledgment that the disputed priority settings ceased at some point to 2015. Plaintiff XTX, for example, did not sign a contract with Currenex until 2016.[16] Defendants withheld information regarding the timing of the disputed practice – perhaps strategically – until late 2024 and did not produce data corroborating this assertion until late December 2024. Because the import of any gaps in class representatives could not have been known until Defendants' revelation in November 2024, Plaintiffs have demonstrated sufficient diligence to meet the good cause requirement.

"Mere delay absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."[17] Here, there is no evidence to support bad faith on the part of the Plaintiffs. Indeed, the Defendants do not contend otherwise. Although Defendants' concerns about delay are not without merit,[18] "expending 'time, effort and money' to

---

[15] Dkt 96 ¶ 29 (noting that Edmar Financial Company, LLC signed a contract with Currenex in 2010).

[16] Dkt 96 ¶ 31.

[17] *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (internal quotations omitted) (cleaned up).

[18] Defendants underscore that production of DSquare's documents are particularly critical here because Currenex "does not have a complete set of emails from the putative class period." Dkt 167 at 2 n.2. However, this problem is partly one of Defendants' making because Currenex purportedly "had a practice to delete emails associated with a departing employee approximately 30 days following that employees' departure." Dkt 173 at 4. While production of DSquare's emails will be critical with respect to the issue of Plaintiffs' reliance, Currenex, as operator of the platform, already has access to DSquare's trading activity.

5

litigate a matter, without more, does not constitute prejudice."[19]  Notably, Plaintiffs add no new allegations, claims, or defendants, and they do not anticipate any additional adjustments to the amended schedule.[20]

Currenex's recent revelation about the timing of any priority settings exposed a potential serious gap in class representatives.  "In general, when a certified or putative class is left without adequate representation, courts hold that adding a new class representative is appropriate, even required, to protect class interests."[21]  Here, Plaintiffs acted with the requisite diligence following Currenex's statement.  Although additional discovery will be required, amendment of the pleadings to add a new plaintiff is necessary to protect class interests.

Accordingly, Plaintiffs' motion for leave to file the proposed third consolidated amended class action complaint is granted.

SO ORDERED.

Dated:    July 7, 2025

/s/ Lewis A. Kaplan
———————————————————
Lewis A. Kaplan
United States District Judge

---

[19] *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 5504531, at *2 (S.D.N.Y. Nov. 15, 2017) (quoting *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017)).

[20] Dkt 163 at 9.

[21] *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2017 WL 5504531, at *1 (S.D.N.Y. Nov. 15, 2017)