## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMAR FINANCIAL COMPANY, LLC; IRISH BLUE & GOLD, INC.; XTX MARKETS LIMITED; and DSQUARE TRADING LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> CURRENEX, INC.; GOLDMAN SACHS & CO. LLC; HC TECHNOLOGIES, LLC; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS INTERNATIONAL LIMITED; and JOHN DOE DEFENDANTS 1-5, <br><br> Defendants. | Case No. 1:21-cv-06598 (LAK) <br><br><br> **JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT
## <u>CURRENEX, INC. TO  PLAINTIFFS' THIRD AMENDED COMPLAINT</u>

Defendant Currenex, Inc. ("Currenex" or "Defendant"), by and through its undersigned counsel, responds to the allegations in Plaintiffs Edmar Financial Company, LLC, Irish Blue & Gold, Inc., XTX Markets Limited, and DSquare Trading Limited's (collectively, "Plaintiffs") Third Amended Class Action Complaint, filed on July 8, 2025 (the "Third Amended Complaint"), as follows:[1]

## GENERAL DENIAL

Defendant denies each and every allegation set forth in Plaintiffs' Third Amended Complaint, except for those allegations expressly and specifically admitted below. Defendant's answer to each Paragraph of the Third Amended Complaint incorporates the footnotes referenced therein. To the extent that the headings and non-numbered statements in the Third Amended Complaint contain any allegations, Defendant denies each and every such allegation. To the extent that allegations in the Third Amended Complaint fail to establish a defined time period, Defendant denies each and every such allegation. Any allegations that are not specifically admitted below are hereby denied.

## SPECIFIC RESPONSES

1.    Defendant denies the allegations in Paragraph 1.

2.    Defendant denies the allegations in Paragraph 2.

3.    Defendant states that Paragraph 3 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3. Defendant further states that to the extent Paragraph 3 purports to characterize Currenex's disclosures, such disclosures speak for themselves and must be read in their entirety, and no

---

[1]    Unless otherwise stated, Defendant herein uses the defined terms set forth in the Third Amended Complaint. In so doing, however, Defendant does not concede that any such definitions are proper.

response is required. To the extent a further response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those disclosures.

4.    Defendant denies the allegations in Paragraph 4, except admits that Currenex, Inc. and State Street Global operate an ECN where banks, corporations, hedge funds, investors, and other traders engage in FX transactions. Defendant further admits that a "bid" price generally refers to the level at which market participants are willing to buy, and an "ask" price is generally the level at which market participants are willing to sell, and that billons of dollars' worth of FX transactions are generally executed on the Currenex Platform each day.

5.    Defendant states that the allegations in Paragraph 5 consist of incomplete generalized characterizations about the matching logic of an ECN, which Defendant denies.

6.    Defendant states that the allegations in Paragraph 6 consist of incomplete generalized characterizations about the matching logic of an ECN, which Defendant denies.

7.    Defendant denies the allegations in Paragraph 7 and further states that to the extent Paragraph 7 purports to characterize Currenex's website, it speaks for itself and must be read in its entirety, and no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the representations on the website.

8.    Defendant states that Paragraph 8 purports to characterize "a series of marketing materials and conflict-of-interest disclosures," which speak for themselves, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those materials and disclosures.

9.    Defendant states that Paragraph 9 purports to characterize Currenex, Inc., State Street Global, and State Street Bank's disclosures, which speak for themselves and must be read

in their entirety, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those disclosures.

10.    Defendant denies the allegations in Paragraph 10.

11.    Defendant denies the allegations in Paragraph 11.

12.    Defendant states that Paragraph 12 alleges a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13.    Defendant states that Paragraph 13 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14.    Defendant states that Paragraph 14 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.    Defendant states that Paragraph 15 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

16.    Defendant denies the allegations in Paragraph 16.

17.    Defendant denies the allegations in Paragraph 17, except admits that Plaintiffs have brought a case and refer to Plaintiffs' Third Amended Complaint for a complete and accurate description of the allegations therein. Defendant further denies liability for any and all claims in the Third Amended Complaint.

18.    Defendant states that Paragraph 18 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19.    Defendant states that Paragraph 19 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20.     Defendant states that Paragraph 20 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 21.

22.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 22, except admits that DSquare traded on the Platform during at least a portion of the relevant period and denies the existence of any alleged scheme.

23.     Defendant states that Paragraph 23 alleges a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that Plaintiffs purport to bring an action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, Section 1 of the Sherman Act, 15 U.S.C. § 1, and the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962.

24.     Defendant states that Paragraph 24 alleges legal conclusions to which no response is required.

25.     Defendant states that Paragraph 25 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25, except admits that it resided, transacted business, was found, or had agents in this District during the relevant period.

26.     Defendant states that Paragraph 26 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26, except admits that the transactions completed on the Currenex Platform involve interstate commerce.

27.      Defendant states that Paragraph 27 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27, except admits that its principal place of business is in the United States.

28.      Defendant states that Paragraph 28 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it transacted business in the United States, including in this District.

29.      Defendant states that Paragraph 29 alleges legal conclusions to which no response is required.

30.      Defendant admits that on or around July 9, 2010, Edmar Financial Company, LLC signed a contract with Currenex, Inc. titled "Agreement For Currenex Services." Defendant denies that the Currenex Platform is located in New York. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 30.

31.      Defendant admits that on or around May 30, 2014, IBG signed a contract with Currenex, Inc. titled "Agreement For Currenex Services." Defendant denies that the Currenex Platform is located in New York. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 31.

32.      Defendant admits that on or around September 22, 2016, XTX signed a contract with State Street Global and Currenex Inc. titled "Agreement for Currenex Services." Defendant denies that the Currenex Platform is located in New York. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 32.

33.      Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33.

34.     Defendant admits that on or around April 29, 2014, DSquare signed a contract with State Street Global titled "Agreement for Currenex Services" and further admits that DSquare traded on the Platform during at least a portion of the relevant period.  Defendant denies that the Currenex Platform is located in New York. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 34.

35.     Defendant states that Paragraph 35 refers to Exhibits A, B, C, and D as examples of Plaintiffs' transactions, which speak for themselves, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those documents.

36.     Defendant states that Paragraph 36 purports to characterize Exhibits A, B, C, and D which speak for themselves, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those documents.

37.     Defendant denies the allegations in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38, except admits that State Street Bank, HC Tech, and Goldman Sachs each traded on the Currenex Platform. Defendant further states that it is without knowledge or information sufficient to admit or deny the allegation concerning the portion "of the liquidity on the platform" for which HC Tech is reported to have accounted.

39.     Defendant denies the allegations in Paragraph 39, except states that it is without knowledge or information sufficient to admit or deny the allegation regarding XTX's trading volume on the Currenex Platform.

40.     Defendant states that Paragraph 40 sets forth a definition to which no response is required.

41.     Defendant denies the allegations in Paragraph 41, except admits that Currenex, Inc. is a corporation organized and existing under the laws of Delaware, and that for most of the relevant period, Currenex, Inc.'s principal place of business was New York, New York. Defendant further admits that it is a wholly owned subsidiary of State Street Bank, and that Currenex, Inc. and State Street Global operate and manage the Currenex Platform.

42.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 42, except admits that Currenex, Inc. and State Street Global operate and manage the Currenex Platform.

43.     Defendant states that Paragraph 43 purports to characterize Currenex's disclosures, which speak for themselves and must be read in their entirety, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those disclosures.

44.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 44, except admits that Currenex, Inc. is a wholly-owned subsidiary of State Street Bank.

45.     Defendant denies the allegations in Paragraph 45, except states that it is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 45, except that it denies that the Currenex Platform is located in New York.

46.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 46.

47.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 47.

48.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 48.

49.     Defendant states that Paragraph 49 purports to characterize Currenex's conflict-of-interest disclosures, which speak for themselves and must be read in their entirety, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those disclosures.

50.     Defendant states that Paragraph 50 purports to characterize Currenex's conflict-of-interest disclosures, which speak for themselves and must be read in their entirety, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those disclosures.

51.     Defendant states that Paragraph 51 purports to characterize Currenex's website, which speaks for itself, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with Currenex's website.

52.     Defendant states that Paragraph 52 purports to characterize the September 22, 2016 contract between XTX and Currenex, Inc. and State Street Global, which speaks for itself, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the contract.

53.     Defendant states that Paragraph 53 purports to characterize Currenex's disclosures, which speak for themselves and must be read in their entirety, and as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54.    Defendant states that Paragraph 54 purports to characterize State Street Global's disclosures, which speak for themselves and must be read in their entirety, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those disclosures. Defendant denies the remaining allegations in Paragraph 54.

55.    Defendant denies the allegations in Paragraph 55, and further states that to the extent Paragraph 55 purports to characterize the user agreements for the Currenex Platform, such agreements speak for themselves and must be read in their entirety, and no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those user agreements.

56.    Defendant states that Paragraph 56 purports to characterize Currenex's disclosures and marketing materials, which speak for themselves and must be read in their entirety, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those disclosures and marketing materials. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 56 relating to State Street Global.

57.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 57, except that it denies the allegation relating to purported secret advantages.

58.    Defendant denies the allegations in Paragraph 58, except states that it is without knowledge or information sufficient to admit or deny the allegations relating to State Street Global.

59.    Defendant denies the allegations in Paragraph 59, except states that it is without knowledge or information sufficient to admit or deny the allegations relating to State Street Global.

60.     Defendant states that the allegations in Paragraph 60 consist of incomplete generalized characterizations about FX trading, which Defendant denies.

61.     Defendant states that the allegations in Paragraph 61 consist of incomplete generalized characterizations about FX trading, which Defendant denies.

62.     Defendant states that the allegations in Paragraph 62 consist of incomplete generalized characterizations about FX trading, which Defendant denies.

63.     Defendant states that the allegations in Paragraph 63 consist of incomplete generalized characterizations about the FX OTC market, which Defendant denies.

64.     Defendant states that the allegations in Paragraph 64 consist of incomplete generalized characterizations about an OTC transaction, which Defendant denies.

65.     Defendant states that the allegations in Paragraph 65 consist of incomplete generalized characterizations about the FX OTC market, which Defendant denies.

66.     Defendant states that the allegations in Paragraph 66 consist of incomplete generalized characterizations about the FX OTC market, which Defendant denies.

67.     Defendant admits the allegations in the first two sentences of Paragraph 67. The remaining allegations in Paragraph 67 consist of incomplete generalized characterizations about a RFQ system, which Defendant denies.

68.     Defendant states that the allegations in Paragraph 68 consist of incomplete generalized characterizations about FXAll, which Defendant denies.

69.     Defendant admits that in the early 2000s, Currenex, Inc. launched the Currenex Platform. The remaining allegations in Paragraph 69 consist of incomplete generalized characterizations about a limit order book style of ECN, which Defendant denies.

70.     Defendant states that the allegations in Paragraph 70 consist of incomplete generalized characterizations about a limit order book style of ECN, which Defendant denies.

71.     Defendant states that the allegations in Paragraph 71 consist of incomplete generalized characterizations about a limit order book style of ECN, which Defendant denies. Defendant admits that proprietary trading firms such as HC Tech traded on the Currenex Platform. Defendant further states that it is without knowledge or information sufficient to admit or deny the allegation regarding the portion of the trading volume that HC Tech comprised on the Currenex Platform.

72.     Defendant admits that in 2007, State Street Bank bought Currenex, Inc. for approximately $564 million. Defendant is without knowledge or information sufficient to admit or deny the allegation that "[n]ews reports from the time indicate that the market was stunned as to the amount State Street paid—28 to 30 times Currenex's earnings."

73.     Defendant denies the allegations in Paragraph 73, except admits that since State Street Bank's acquisition of Currenex, Inc. in 2007, State Street Bank has traded on the Currenex Platform.

74.     Defendant is without knowledge or information sufficient to admit or deny the allegation in the first sentence of Paragraph 74. Defendant states that to the extent Paragraph 74 purports to characterize Currenex's user agreements, including XTX's agreement, these documents speak for themselves and no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those documents.

75.     Defendant denies the allegations in Paragraph 75, except admits that since State Street Bank's acquisition of Currenex, Inc., State Street Bank has had oversight responsibility over

Currenex, Inc.'s operations and that certain designated individuals in State Street Bank's Compliance Department have had responsibility for monitoring the Currenex Platform.

76.     Defendant lacks sufficient knowledge or information to form a belief as to the source of the allegations in Paragraph 76. Defendant otherwise denies the allegations in Paragraph 76.

77.     Defendant is without knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 77. Defendant denies the remaining allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 79.

80.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 80, except admits that certain Currenex, Inc. employees served in senior roles for the GovEx platform.

81.     Defendant states that the allegations in Paragraph 81 consist of incomplete generalized characterizations about a trading platform's order-matching mechanisms, which Defendant denies.

82.     Defendant states that the allegations in Paragraph 82 consist of incomplete generalized characterizations about a platform's tiebreaking rules, which Defendant denies.

83.     Defendant states that the allegations in Paragraph 83 consist of incomplete generalized characterizations about a platform's tiebreaking rules, which Defendant denies.

84.     Defendant states that Paragraph 84 purports to characterize an example of a limit order book on the Currenex Platform, which speaks for itself, and as to which no response is

required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the example of the limit order book.

85.     Defendant states that Paragraph 85 purports to characterize an example of a limit order book on the Currenex Platform, which speaks for itself, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the example of the limit order book.

86.     Defendant states that Paragraph 86 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86.

87.     Defendant denies the allegations in Paragraph 87

88.     Defendant states that Paragraph 88 purports to characterize the Electronic Broking Service's "Dealing Rules," which speak for itself, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with any descriptions in the Dealing Rules.

89.     Defendant states that Paragraph 89 purports to characterize a Cboe FX press release, which speaks for itself, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the press release.

90.     Defendant states that Paragraph 90 purports to characterize the Cboe FX Operating Procedures, which speaks for themselves, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the Operating Procedures.

91.     Defendant states that Paragraph 91 purports to characterize the ParFX Trading Platform Rulebook, which speaks for itself, and as to which no response is required.  To the extent

a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the Rulebook.

92.    Defendant states that Paragraph 92 purports to characterize the GTX Trading Policies and Procedures, which speak for themselves, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the Policies and Procedures.

93.    Defendant states Paragraph 93 purports to characterize the definitions provided by the Markets Committee for the Bank of International Settlements, SIFMA, and the trade journal Risk, which speak for themselves, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those definitions.

94.    Defendant states that the allegations in Paragraph 94 consist of incomplete generalized characterizations about a platform's tiebreaking rules, which Defendant denies.

95.    Defendant states that Paragraph 95 purports to characterize the FastMatch disclosures and website, which speak for themselves, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those disclosures and website.

96.    Defendant states that Paragraph 96 purports to characterize the FX Global Code, which speaks for itself, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the FX Global Code.

97.    Defendant states that Paragraph 97 purports to characterize the Statements of Commitment, which speaks for themselves, and as to which no response is required. To the extent

a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the Statements of Commitment. Defendant denies the remaining allegations in Paragraph 97, except admits that State Street Bank was involved in the review and publication of the code and that State Street Bank, State Street Global, and Currenex, Inc. each issued a "Statement of Commitment" to the code.

98.     Defendant states that Paragraph 98 purports to characterize the representations on the Currenex website, which speaks for itself, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those representations.

99.     Defendant states that Paragraph 99 purports to characterize Currenex's 2011 product profile, which speaks for itself, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with that document.

100.     Defendant states that Paragraph 100 purports to characterize the 2015 Disclosures and an email entitled "NOTE TO CLIENTS" Description Of Services and Conflicts of Interest," which speak for themselves and must be read in their entirety, and as to which no response is required.    To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those documents.

101.     Defendant states that Paragraph 101 purports to characterize the 2015 Disclosures, which speak for itself and must be read in its entirety, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with that document.

102.    Defendant states that Paragraph 102 purports to characterize an email with the subject line "NOTE TO CLIENTS - Matching Priority," which speaks for itself, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with that document. Defendant denies the remaining allegations in Paragraph 102.

103.    Defendant states that Paragraph 103 purports to characterize the Revised 2015 Disclosures, which speaks for itself and must be read in its entirety, and as to which no response is required.   To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with that document.

104.    Defendant states that Paragraph 104 purports to characterize the Revised 2015 Disclosures, which speaks for itself and must be read in its entirety, and as to which no response is required.   To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with that document.

105.    Defendant states that Paragraph 105 purports to characterize the 2017 Disclosures, which speaks for itself and must be read in its entirety, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with that document.

106.    Defendant denies the allegations in Paragraph 106.

107.    Defendant denies the allegations in Paragraph 107.

108.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 108.

109.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 109.

110.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant states that Paragraph 112 purports to characterize an email exchange between XTX and Currenex and the "online profiles" for certain individuals, which speak for themselves, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with that email exchange and the "online profiles."

113.    Defendant states that Paragraph 113 purports to characterize an email exchange between XTX and Currenex, which speaks for itself, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with that email exchange.

114.    Defendant denies the allegations in Paragraph 114, and states that the first and second sentences of Paragraph 114 purport to characterize an email exchange between XTX and Currenex, which speaks for itself, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with that email exchange.

115.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 115.

116.    Defendant denies the allegations in Paragraph 116, except admits that the Currenex Platform is offered and operated by Currenex, Inc. and State Street Global.

117.     Defendant lacks sufficient knowledge or information to form a belief as to the sources of the allegations in Paragraph 117. Defendant otherwise denies the allegations in Paragraph 117.

118.     Defendant lacks sufficient knowledge or information to form a belief as to the sources of the allegations in Paragraph 118. Defendant otherwise denies the allegations in Paragraph 118.

119.     Defendant lacks sufficient knowledge or information to form a belief as to the sources of the allegations in Paragraph 119. Defendant otherwise denies the allegations in Paragraph 119.

120.     Defendant lacks sufficient knowledge or information to form a belief as to the sources of the allegations in Paragraph 120. Defendant otherwise denies the allegations in Paragraph 120.

121.     Defendant lacks sufficient knowledge or information to form a belief as to the sources of the allegations in Paragraph 121. Defendant otherwise denies the allegations in Paragraph 121.

122.     Defendants denies the allegations in Paragraph 122, except admits that David Newns was based in the UK and served as the Global Head of Currenex in 2014 to 2017. Defendant further states that it is without knowledge or information sufficient to admit or deny the allegations regarding David Newn's employment with State Street Bank.

123.     Defendant lacks sufficient knowledge or information to form a belief as to the source of the allegations in Paragraph 123. Defendant otherwise denies the allegations in Paragraph 123, except admits that Cliff Lewis was involved on the Currenex, Inc. side in negotiating State Street Bank's acquisition of Currenex, Inc. and further admits that following the

2007 acquisition, State Street Bank had oversight responsibility over the Platform and traded on the Platform.

124.    Defendant lacks sufficient knowledge or information to form a belief as to the source of the allegations in Paragraph 124. Defendant otherwise denies the allegations in Paragraph 124.

125.    Defendant lacks sufficient knowledge or information to form a belief as to the source of the allegations in Paragraph 125. Defendant otherwise denies the allegations in Paragraph 125.

126.    Defendant denies the allegations in Paragraph 126, except admits that, at certain times prior to 2015, Currenex evaluated the impact of prioritization adjustments on the Platform and Platform users.

127.    Defendant denies the allegations in Paragraph 127.

128.    Defendant lacks sufficient knowledge or information to form a belief as to the sources of the allegations in Paragraph 128. Defendant otherwise denies the allegations in Paragraph 128.

129.    Defendant denies the allegations in Paragraph 129.

130.    Defendant denies the allegations in Paragraph 130.

131.    Defendant denies the allegations in Paragraph 131.

132.    Defendant denies the allegations in Paragraph 132.

133.    Defendant states that Paragraph 133 purports to characterize Currenex's marketing materials, website, and pitch to hedge funds, which speak for themselves and must be read in their entirety, and as to which no response is required. To the extent a response is required, Defendant

any inferences or characterizations provided by Plaintiffs that are inconsistent with those documents.

134.    Defendant denies the allegations in Paragraph 134, except states that it is without knowledge or information sufficient to admit or deny the allegations relating to State Street Bank's conflicts-of-interest disclosures.

135.    Defendant states that Paragraph 135 purports to characterize State Street Bank's marketing materials related to Currenex, Inc., which speak for themselves and must be read in their entirety, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those materials.

136.    Defendant denies the allegations in Paragraph 136.

137.    Defendant denies the allegations in Paragraph 137, except admits that State Street Bank announced that Newns would be departing the company and ceasing responsibilities with regard to Currenex, Inc.

138.    Defendant denies the allegations in Paragraph 138, except admits that State Street Bank has rebranded the Currenex Platform as GlobalLink FX.

139.    Defendant denies the allegations in Paragraph 139.

140.    Defendant denies the allegations in Paragraph 140.

141.    Defendant lacks sufficient knowledge or information to form a belief as to the source of the allegations in Paragraph 141. Defendant otherwise denies the allegations in Paragraph 141.

142.    Defendant lacks sufficient knowledge or information to form a belief as to the source of the allegations in Paragraph 142. Defendant otherwise denies the allegations in Paragraph 142.

143.    Defendant denies the allegations in Paragraph 143.

144.    Defendant states that the allegations in Paragraph 144 consist of incomplete generalized characterizations about limit book order trading, which Defendant denies. Defendant further states that, to the extent Paragraph 144 sets forth a hypothetical, no response is required.

145.    Defendant states that the allegations in Paragraph 145 consist of incomplete generalized characterizations about limit book order trading, which Defendant denies

146.    Defendant states that Paragraph 146 purports to characterize Currenex's website, which speaks for itself and must be read in its entirety, and as to which no response is required. To the extent a response is required, Defendant any inferences or characterizations provided by Plaintiffs that are inconsistent with the statements on Currenex's website.

147.    Defendant states that Paragraph 147 purports to characterize Currenex's product profile, which speaks for itself and must be read in its entirety, and as to which no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the product profile.

148.    Defendant states that Paragraph 148 purports to characterize Currenex's disclosures, which speaks for themselves and must be read in their entirety, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those disclosures.

149.    Defendant states that Paragraph 149 purports to characterize the Platform's user interface, which speaks for itself, and as to which no response is required. To the extent a response

is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the interface.

150.    Defendant states that to the extent Paragraph 150 purports to characterize the Platform's user interface, the interface speaks for itself, and no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the interface. Defendant otherwise denies the allegations in Paragraph 150.

151.    Defendant states that Paragraph 151 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 151.

152.    Defendant states that the allegations in Paragraph 152 consist of incomplete generalized characterizations about "hidden" or "iceberg" orders, which Defendant denies.

153.    Defendant states that Paragraph 153 purports to characterize Currenex's product profile, which speaks for itself and must be read in its entirety, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the product profile.

154.    Defendant states that Paragraph 154 purports to characterize Currenex's website, which speaks for itself and must be read in its entirety, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the website.

155.    Defendant denies the allegations in Paragraph 155, except admits that Platform users are directed to Currenex, Inc.'s website.

156.    Defendant states that Paragraph 156 purports to characterize Currenex's trading portal, which speaks for itself, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the portal.

157.    Defendant denies the allegations in Paragraph 157.

158.    Defendant denies the allegations in Paragraph 158.

159.    Defendant denies the allegations in Paragraph 159.

160.    Defendant denies the allegations in Paragraph 160, except admits that for some of the relevant period, Currenex, Inc. was a wholly-owned subsidiary of State Street Bank. Defendant further states that it is without knowledge or information sufficient to admit or deny the allegation in Paragraph 160 related to State Street Global.

161.    Defendant denies the allegations in Paragraph 161.

162.    Defendant admits that Gilman, Rosenwald, and Rossier previously held positions at Currenex, Inc. Defendant further states that to the extent Paragraph 162 purports to characterize HC Tech's website disclosures, they speak for themselves, and no response is required.  To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those disclosures.

163.    Defendant denies the allegations in Paragraph 163.

164.    Defendant denies the allegations in Paragraph 164, except admits that Goldman Sachs traded on the Currenex Platform.

165.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 165, except admits that Rick Schonberg served as a Senior Managing

Director at State Street Bank who worked on the Currenex Platform. Defendant also denies the allegation in Paragraph 165 relating to Goldman Sachs's super-priority rights.

166.     Defendant denies the allegations in Paragraph 166.

167.     Defendant denies the allegations in Paragraph 167.

168.     Defendant states that the allegations in Paragraph 168 are both legal conclusions and pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 168.

169.     Defendant states that the allegation in Paragraph 169 is pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 169. Defendant further states that the allegations in Paragraph 169 consist of incomplete generalized characterizations about big-rigging schemes, which Defendant denies.

170.     Defendant states that the first two sentences of Paragraph 170 consist of incomplete generalized characterizations about ECNs, which Defendant denies.

171.     Defendant denies the allegations in Paragraph 171.

172.     Defendant states that the allegations in Paragraph 172 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 172, except states that it is without knowledge or information sufficient to admit or deny the allegation that HC Tech was ranked as the largest spot FX liquidity provider by market share in the Americas.

173.     Defendant denies the allegations in Paragraph 173.

174.    Defendant states that the allegations in Paragraph 174 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 174.

175.    Defendant states that the allegations in Paragraph 175 consist of incomplete generalized characterizations about last look rights, which Defendant denies.

176.    Defendant states that the allegations in Paragraph 176 consist of incomplete generalized characterizations about last look rights, which Defendant denies.

177.    Defendant states that Paragraph 177 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 177.

178.    Defendant states that Paragraph 178 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 178.

179.    Defendant states that Paragraph 179 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 179.

180.    Defendant denies the allegations in Paragraph 180.

181.    Defendant denies the allegations in Paragraph 181.

182.    Defendant states that Paragraph 182 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 182.

183.    Defendant states that Paragraph 183 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 183.

184.    Defendant states that Paragraph 184 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 184.

185.    Defendant states that Paragraph 185 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 185.

186.    Defendant states that Paragraph 186 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 186.

187.    Defendant states that Paragraph 187 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 187.

188.    Defendant states that Paragraph 188 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 188.

189.    Defendant states that Paragraph 189 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 189.

190.    Defendant states that Paragraph 190 makes conclusions about a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 190.

191.    Defendant states that Paragraph 191 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 191.

192.    Defendant denies the allegations in Paragraph 192, except admits that the Currenex Platform is used by, among others, high-frequency traders, proprietary trading firms, hedge funds, and leading liquidity providers. Defendant further states that it is without knowledge or information sufficient to admit or deny the allegation that users take great steps to keep their trading strategy and net currency positions confidential.

193.    Defendant states that Paragraph 193 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 193.

194.    Defendant states that Paragraph 194 sets forth a hypothetical to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 194.

195.    Defendant states that Paragraph 195 alleges a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 195.

196.    Defendant states that the allegation in Paragraph 196 is both a legal conclusion and pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. To the extent a response is required, Defendant denies the allegation in Paragraph 196.

197.    Defendant states that to the extent the allegations in Paragraph 197 are pled in support of a claim that was dismissed by the May 18, 2023 Order, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 197.

198.    Defendant states that to the extent the allegations in Paragraph 198 are pled in support of a claim that was dismissed by the May 18, 2023 Order, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 198.

199.    Defendant states that to the extent the allegations in Paragraph 199 are pled in support of a claim that was dismissed by the May 18, 2023 Order, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 199.

200.    Defendant states that the allegation in Paragraph 200 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation in Paragraph 200.

201.    Defendant states that the allegations in Paragraph 201 relating to the purported relevant market and reasonable interchangeability are legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations, including to the extent Plaintiffs purport to allege that "ECN FX Market" is a properly defined relevant market. The remaining allegations in Paragraph 201 consist of incomplete generalized characterizations about trading on certain ECN platforms, which Defendant denies.

202.    Defendant states that the allegation in the first sentence of Paragraph 202 consists of incomplete generalized characterizations about trading on ECN platforms, which Defendant denies. Defendant further states that the allegation in the last sentence of Paragraph 202 purports to characterize Currenex's marketing materials, which speak for themselves, and as to which no

response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those materials.

203.    Defendant states that the allegations in Paragraph 203 consist of incomplete generalized characterizations about trading on ECN platforms, which Defendant denies.

204.    Defendant states that the allegations in Paragraph 204 consist of incomplete generalized characterizations about trading on ECN platforms, which Defendant denies.

205.    Defendant states that the allegations in the second and third sentences of Paragraph 205 purport to characterize Currenex's marketing materials, which speak for themselves, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those materials. Defendant further states that the remaining allegations in Paragraph 205 consist of inconsistent generalized characterizations about trading on ECN platforms, which Defendant denies.

206.    Defendant states that the allegation in the first sentence of Paragraph 206 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation, including to the extent Plaintiffs purport to allege that "ECN FX Market" is a properly defined relevant market. Defendant further states that the remaining allegations in Paragraph 206 consist of inconsistent generalized characterizations about RFQ platforms, which Defendant denies.

207.    Defendant denies the allegations in Paragraph 207, and further states that the allegations in Paragraph 207 relating to the purported relevant market are legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations, including to the extent Plaintiffs purport to allege that "ECN FX Market" is a properly defined relevant market.

208.    Defendant denies the allegations in the first sentence of Paragraph 208, and further states that the allegations in Paragraph 208 relating to the purported relevant market are legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations, including to the extent Plaintiffs purport to allege that "ECN FX Market" is a properly defined relevant market. Defendant also states that Paragraph 208 purports to characterize Currenex's product profile and FX trade journals, which speaks for themselves and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those documents.

209.    Defendant denies the allegations in the first sentence of Paragraph 209. Defendant states that the last sentence of Paragraph 209 purports to characterize Currenex's website, which speaks for itself, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with the website. Defendant further states that the remaining allegations in Paragraph 209 consist of inconsistent generalized characterizations about trading on ECN platforms, which Defendant denies.

210.    Defendant denies the allegations in Paragraph 210.

211.    Defendant denies the allegations in Paragraph 211.

212.    Defendant denies the allegations in Paragraph 212.

213.    Defendant denies the allegations in Paragraph 213.

214.    Defendant denies the allegations in Paragraph 214.

215.    Defendant denies the allegations in Paragraph 215.

216.    Defendant denies the allegations in Paragraph 216.

217.    Defendant denies the allegations in Paragraph 217.

218.    Defendant denies the allegation in the first sentence of Paragraph 218. Defendant states that the allegation in the fourth sentence of Paragraph 218 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies such allegation, including to the extent Plaintiffs purport to allege that "ECN FX Market" is a properly defined relevant market. Defendant further states that the remaining allegations in Paragraph 218 consist of incomplete generalized characterizations about FX trading, which Defendant denies.

219.    Defendant states that the allegations in Paragraph 219 consist of incomplete generalized characterizations about FX trading, which Defendant denies.

220.    Defendant states that the allegations in Paragraph 220 consist of incomplete generalized characterizations about FX trading, which Defendant denies.

221.    Defendant denies the allegations in Paragraph 221.

222.    Defendant denies the allegations in Paragraph 222.

223.    Defendant denies the allegations in Paragraph 223.

224.    Defendant denies the allegations in Paragraph 224.

225.    Defendant denies the allegations in Paragraph 225.

226.    Defendant denies the allegations in Paragraph 226.

227.    Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 227, except admits that Plaintiffs and class members endeavored to obtain the best prices possible for their spot trades.

228.    Defendant denies that this action can or should be certified as a class action, but admits that Plaintiffs purports to bring an action seeking damages on a class wide basis.

229.     Defendant denies that this action can or should be certified as a class action, but admits that Plaintiffs purport to bring an action seeking damages on a class wide basis on behalf of the class under Rules 23(a), (b)(2), and (b)(3).

230.     Defendant denies that this action can or should be certified as a class action, but admits that Edmar and IBG purport to bring certain additional claims seeking damages on a class wide basis on behalf of the New York subclass under Rules 23(a), (b)(2), and (b)(3).

231.     Defendant denies the allegations in Paragraph 231.

232.     Defendant denies the allegations in Paragraph 232.

233.     Defendant denies the allegations in Paragraph 233.

234.     Defendant denies the allegations in Paragraph 234.

235.     Defendant denies the allegations in Paragraph 235.

236.     Defendant denies the allegations in Paragraph 236, except admits that Plaintiffs' counsel have experience in class action antitrust litigation.

237.     Defendant denies the allegations in Paragraph 237.

238.     Defendant denies the allegations in Paragraph 238.

239.     Defendant denies the allegations in Paragraph 239

240.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 240.

241.     Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

242.     Defendant states that Paragraph 242 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 242.

243.    Defendant states that Paragraph 243 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 243.

244.    Defendant states that Paragraph 244 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 244.

245.    Defendant states that Paragraph 245 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 245.

246.    Defendant states that Paragraph 246 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 246.

247.    Defendant states that Paragraph 247 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 247.

248.    Defendant states that Paragraph 248 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 248.

249.    Defendant states that Paragraph 249 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 249.

250.     Defendant states that Paragraph 250 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 250.

251.     Defendant states that Paragraph 251 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 251.

252.     Defendant states that Paragraph 252 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 252.

253.     Defendant states that Paragraph 253 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 253.

254.     Defendant states that Paragraph 254 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 254.

255.     Defendant states that Paragraph 255 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 255.

256.     Defendant states that Paragraph 256 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 256.

257.    Defendant states that Paragraph 257 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 257.

258.    Defendant states that Paragraph 258 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 258.

259.    Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

260.    Defendant states that Paragraph 260 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 260.

261.    Defendant states that Paragraph 261 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 261.

262.    Defendant states that Paragraph 262 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 262.

263.    Defendant states that Paragraph 263 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 263.

264.    Defendant states that Paragraph 264 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 264.

265.    Defendant states that Paragraph 265 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 265.

266.    Defendant states that Paragraph 266 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 266.

267.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required.  To the extent a response is required, Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

268.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required.  To the extent a response is required, Defendant states that Paragraph 268 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 268.

269.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that Paragraph 269 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 269.

270.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that Paragraph 270 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 270.

271.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that Paragraph 271 alleges legal

conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 271.

272.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that Paragraph 272 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 272.

273.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that Paragraph 273 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 273.

274.    Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

275.    Defendant states that Paragraph 275 purports to characterize New York General Business Law Section 349(a), which speaks for itself, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with New York General Business Law Section 349(a).

276.    Defendant states that Paragraph 276 purports to characterize New York General Business Law Section 349(h), which speaks for itself, and as to which no response is required. To the extent a response is required, Defendant denies any inferences or characterizations provided by Plaintiffs that are inconsistent with those New York General Business Law Section 349(h).

277.    Defendant states that Paragraph 277 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 277.

278.    Defendant states that Paragraph 278 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 278.

279.    Defendant states that Paragraph 279 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 279.

280.    Defendant states that Paragraph 280 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 280.

281.    Defendant states that Paragraph 281 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 281.

282.    Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

283.    To the extent the allegations in Paragraph 283 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 283.

284.    To the extent the allegations in Paragraph 284 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges

legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 284.

285.    To the extent the allegations in Paragraph 285 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 285.

286.    To the extent the allegations in Paragraph 286 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 286.

287.    To the extent the allegations in Paragraph 287 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 287.

288.    To the extent the allegations in Paragraph 288 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 288.

289. To the extent the allegations in Paragraph 289 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 289.

290. To the extent the allegations in Paragraph 290 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 290.

291. To the extent the allegations in Paragraph 291 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 291.

292. To the extent the allegations in Paragraph 292 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 292.

293. To the extent the allegations in Paragraph 293 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges

legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 293.

294.    To the extent the allegations in Paragraph 294 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 294.

295.    To the extent the allegations in Paragraph 295 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 295.

296.    To the extent the allegations in Paragraph 296 are pled in support of Plaintiffs' claim that Defendants engaged in a horizontal agreement to fix prices, that claim has been dismissed by the May 18, 2023 Order and no response is required. This Paragraph also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 296.

297.    Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

298.    Defendant states that Paragraph 298 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 298.

299.    Defendant states that Paragraph 299 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 299.

300.    Defendant states that Paragraph 300 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 300.

301.    Defendant states that Paragraph 301 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 301.

302.    Defendant states that Paragraph 302 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 302.

303.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

304.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that Paragraph 304 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 304.

305.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that Paragraph 305 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 305.

306.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that Paragraph 306 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 306.

307.    Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

308.    Defendant states that Paragraph 308 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 308, except admits that it is a corporate entity.

309.    Defendant states that Paragraph 309 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 309.

310.    Defendant states that Paragraph 310 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 310.

311.    Defendant states that Paragraph 311 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 311.

312.    Defendant states that Paragraph 312 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 312.

313.    Defendant states that Paragraph 313 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 313.

314.    Defendant states that Paragraph 314 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 314.

315.    Defendant states that Paragraph 315 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 315.

316.    Defendant states that Paragraph 316 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 316.

317.    Defendant states that Paragraph 317 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 317.

318.    Defendant states that Paragraph 318 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 318.

319.    Defendant states that Paragraph 319 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 319.

320.    Defendant states that Paragraph 320 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 320.

321.    Defendant states that Paragraph 321 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 321.

322.    Defendant states that Paragraph 322 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 322.

323.    Defendant states that Paragraph 323 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 323.

324.    Defendant states that Paragraph 324 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 324.

325.    Defendant states that Paragraph 325 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 325.

326.    Defendant states that Paragraph 326 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 326.

327.    Defendant states that Paragraph 327 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 327.

328.    Defendant states that Paragraph 328 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 328.

329.    Defendant states that Paragraph 329 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 329.

330.    Defendant states that Paragraph 330 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 330.

331.    Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

332.    Defendant states that Paragraph 332 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 332.

333.    Defendant states that Paragraph 333 alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 333.

334.    Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

335.    The allegations in Paragraph 335 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. To the extent a response is required, Paragraph 335 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 335.

336.    The allegations in Paragraph 336 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. To the extent a response is required, Defendant states that Paragraph 336 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 336.

337.    The allegations in Paragraph 337 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. To the extent a response is required, Defendant states that Paragraph 337 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 337.

338.    The allegations in Paragraph 338 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. To the extent a response is required, Defendant states that Paragraph 338 alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 338.

339.    The allegations in Paragraph 339 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. To the extent a response is required, Defendant states that Paragraph 339 alleges legal conclusions to which no response is

required. To the extent a further response is required, Defendant denies the allegations in Paragraph 339.

340.     Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

341.     The allegations in Paragraph 341 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. Paragraph 341 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Edmar and IBG entered into agreements with Currenex before trading on the Currenex Platform.

342.     The allegations in Paragraph 342 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. Paragraph 342 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 342.

343.     The allegations in Paragraph 343 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. Paragraph 343 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 343.

344.     The allegations in Paragraph 344 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. Paragraph 344 also alleges legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 344.

345.     The allegations in Paragraph 345 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. Paragraph 345 also alleges legal

conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 345.

346.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant incorporates its answers to each preceding and succeeding paragraph as though fully set forth herein.

347.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that the allegations in Paragraph 347 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. Paragraph 347 also alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant is without knowledge or information sufficient to admit or deny the allegation in Paragraph 347.

348.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that the allegations in Paragraph 348 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. Paragraph 348 also alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 348.

349.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that the allegations in Paragraph 349 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. Paragraph 349 also alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 349.

350.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that the allegations in Paragraph

350 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. Paragraph 350 also alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 350.

351.    Plaintiffs did not allege this claim against Defendant, and therefore, no response is required. To the extent a response is required, Defendant states that the allegations in Paragraph 351 are pled in support of a claim that was dismissed by the May 18, 2023 Order, and therefore no response is required. Paragraph 351 also alleges legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the allegations in Paragraph 351.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies the allegations contained in Plaintiffs' prayer for relief. Defendant denies that this action can or should be certified as a class action and denies that Plaintiffs or a putative class are entitled to any relief in this action or judgment against Defendant.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Defendant asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitute an admission that Defendant is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Defendant incorporates by reference the affirmative and other defenses asserted by or to be asserted by any other defendant in this case to the extent Defendant may share in such defense. Defendant reserves the right to amend or supplement its additional defenses and raise counterclaims as additional facts concerning its defenses become known to it. As a defense to the Third Amended Complaint and each and every allegation contained therein, Defendant alleges:

**FIRST DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.  Included in, but not limiting such challenge, Defendant reasserts all grounds set forth in its previously filed motion to dismiss the Amended Complaint as if fully reasserted here.

**SECOND DEFENSE**

All or some of Plaintiffs' claims on behalf of themselves and the purported class are barred because they lack standing to assert their claims against Defendant to the extent they have not sustained an injury in fact that is fairly traceable to any act or omission of Defendant, and to the extent their alleged injury is not redressable by a remedy the court may provide.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack antitrust standing.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they have not sustained any cognizable injury or antitrust injury.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent their alleged injury or damages resulted from other causes that were not the result of any act or omission attributable to Defendant or were not the result of any act or omission attributable to Defendant that reduced competition.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendant engaged in independent and legitimate business conduct and its conduct constitutes permissible competitive activity.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant does not and did not have market power in any properly defined relevant market.

## EIGHTH DEFENSE

Insofar as Plaintiffs allege that Defendant's conduct violated the antitrust laws under the rule of reason, such claims are barred, among other reasons, because (i) none of Defendant's conduct unreasonably restrained competition or substantially lessened competition within any properly defined relevant market, (ii) any restraints complained of are ancillary to legitimate, procompetitive activities, and (iii) any alleged anticompetitive effects are outweighed by Defendant's legitimate business and procompetitive justifications.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant did not engage in any anticompetitive conduct and Plaintiffs have failed to allege any anticompetitive conduct.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the purported relevant market alleged in the Third Amended Complaint are not relevant antitrust markets, and Plaintiffs cannot carry their burden of defining a proper relevant market.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, as the Third Amended Complaint fails to allege harm to competition in a properly defined relevant market.

## TWELFTH DEFENSE

To the extent Plaintiffs' claims are based on trades conducted via intermediaries, Plaintiffs are indirect purchasers and cannot recover under federal antitrust law.

## THIRTEENTH DEFENSE

Defendant denies the existence of the conspiracy alleged in the Third Amended Complaint. However, in the event that Defendant may be deemed a member of any alleged conspiracy, Defendant withdrew from such conspiracy by affirmative acts inconsistent with the object of the alleged conspiracy that were communicated in a manner reasonably calculated to reach the alleged co-conspirators.

## FOURTEENTH DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported class are barred by the applicable statutes of limitations, statutes of repose, and/or contractual limitations periods, including but not limited to the reasons explained in the Memorandum of Defendants Currenex, Inc., Goldman Sachs & Co. LLC, HC Technologies, LLC, State Street Bank and Trust Company, and State Street Global Markets International Limited In Support Of Their Joint Motion To Dismiss All Claims, ECF No. 54, and for any other reasons that become apparent during discovery.

## FIFTEENTH DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported class are barred by the doctrine of laches, in that Plaintiffs have excessively delayed efforts to enforce their rights, if any.

## SIXTEENTH DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported class are barred by the doctrine of estoppel.

## SEVENTEENTH DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported class are barred by the doctrine of waiver.

## EIGHTEENTH DEFENSE

All or some of Plaintiffs' claims on behalf of themselves and the purported class are barred by the doctrines of unclean hands and/or in pari delicto.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant is not liable for the acts of any other defendant.

## TWENTIETH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, to the extent that Plaintiffs failed to take all reasonable steps to prevent, mitigate, minimize, or avoid any damages or loss.

## TWENTY-FIRST DEFENSE

Any damages that Plaintiffs allege to have suffered are too remote, speculative, and/or uncertain to allow for a recovery. Such damages are not capable of ascertainment and allocation.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims should be dismissed to the extent they are moot.

## TWENTY-THIRD DEFENSE

Plaintiffs have failed to state an adequate basis for an award of treble damages, attorneys' fees, expert fees, or other costs and disbursements.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by certain contractual provisions, including but not limited to limitation periods, jury trial waivers, and/or dispute resolution provisions that apply pursuant to platform rules or customer agreements.

## TWENTY-FIFTH DEFENSE

All or some of Plaintiffs' claims are barred by the statute of frauds to the extent they are

based on an alleged duty or obligation not expressly provided for in writing.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence, or failed to preserve evidence.

### TWENTY-SEVENTH DEFENSE

This Court lacks subject matter jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA").

### TWENTY-EIGHTH DEFENSE

Plaintiff XTX's claims must be dismissed, in whole or in part, on the grounds of forum non conveniens.

### <u>RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES AND/OR CLAIMS</u>

Defendant reserves its right to assert any additional defenses, affirmative defenses, counterclaims, cross-claims, and third-party claims not asserted herein based upon any information that may subsequently become available to it or for any other appropriate reason. Defendant further reserves the right to withdraw defenses or affirmative defenses that it determines are not applicable during the course of discovery and other proceedings in this case.

### <u>PRAYER FOR RELIEF</u>

Based upon the foregoing, Currenex prays that the Court (a) dismiss the Third Amended Complaint in its entirety, with prejudice; (b) enter judgment in favor of Currenex and against Plaintiffs with respect to all causes of action in the Second Amended Complaint; (c) award Currenex its attorneys' fees and all other costs reasonably incurred in defense of this action, to the

maximum extent permitted by law; and (d) award Currenex such other and further relief as the Court may deem just and proper.

Dated: July 22, 2025

<div style="margin-left:auto">

Respectfully submitted,

ROPES & GRAY LLP

/s/ *Alexander B. Simkin*
Gregg L. Weiner
Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-5000
Facsimile: (212) 596-9090
Email: gregg.weiner@ropesgray.com
Email: alexander.simkin@ropesgray.com

ROPES & GRAY LLP
Robert G. Jones (*pro hac vice*)
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951 7000
Facsimile: (617) 951 7050
Email: robert.jones@ropesgray.com

ROPES & GRAY LLP
Samer Musallam (*pro hac vice*)
2099 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Email: samer.musallam@ropesgray.com

*Counsel for Defendant Currenex, Inc.*

</div>