**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

July 28, 2025

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY  10007-1312

Re:    *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598
       Plaintiffs' Response to Defendants' Letter Motion to Seal Motion to Compel and
       Supporting Exhibits

Dear Judge Kaplan:

On behalf of Plaintiffs, we respectfully submit this response to request that certain Exhibits and the relevant portion of Defendants' letter motion remain under seal.  *See* ECF Nos. 191 (sealing letter); 193 (memorandum referencing under-seal Exhibits); 193-6. 193-7, 193-8 (Exhibits F, G, and H).

We designated the Exhibits as "Highly Confidential" pursuant to the Court's Protective Order, ECF No. 113 ¶ 1.5, because they include "material regarding trading and investment strategies" of Plaintiff XTX Markets Limited and its predecessor entity.  Courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."  *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (collecting cases).  Protected information can include specific details about trades or trading activity.  *See, e.g.*, *In re Tether & Bitfinex Crypto Asset Litig.*, 2024 WL 3520363, at *21 (S.D.N.Y. July 24, 2024) (accepting redactions of trading details).  Such issues can outweigh the presumption in favor of public access to judicial documents.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

The Exhibits discuss some of the factors that XTX (Exhibits F and G) and an XTX predecessor entity (Exhibit H) considered when deciding what trading platforms to trade on, and what types

of trades and trading activity were found relevant to such discussions.  XTX's founder and current CEO is involved in these emails, and XTX's business is built on keeping its trading decisions secret.  Thus, what he finds of interest in deciding where to trade, and how to trade, is commercially sensitive.

For the reasons set forth above, the Court should order that the Exhibit and references in Defendants' letter motion remain sealed.

Respectfully submitted,

*/s/ Daniel L. Brockett*

 Daniel L. Brockett

cc: Counsel of Record