

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

July 31, 2025

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

Defendants Currenex, Inc., State Street Bank and Trust Company, and State Street Global Markets International Limited (the "State Street Defendants") respectfully request that two extraneous pages of a deposition transcript (the "Transcript") that Plaintiffs attach as an exhibit to their response in opposition to Defendants' motion to compel certain depositions (the "Opposition") *that were never cited in the Opposition* remain under seal. *See* 197-3. Even though Defendants' motion to compel seeks information about *XTX*'s knowledge to show there was no possible reliance, Plaintiffs' Opposition attaches irrelevant, and uncited, deposition testimony about an internal State Street audit that should remain sealed.

In an effort to facilitate public review of judicial documents, the State Street Defendants do not seek to seal any portion of the Opposition or any portion of the Transcript that was quoted or cited in the Opposition. Instead, this request is limited to pages 136 and 137 of the Transcript ("the Extraneous Pages") that relate to State Street's internal audit procedures, which are commercially sensitive and not relevant to Defendants' pending motion to compel or Plaintiffs' Opposition. As set forth more fully below, the State Street Defendants respectfully submit that sealing of the unreferenced Extraneous Pages is justified under controlling legal precedent, including the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

   I.   **The Materials Are Not "Judicial Documents" And Should Remain Sealed**

Under the three-part inquiry laid out by the Second Circuit in *Lugosch*, a court considering whether to seal documents must *first*, determine whether the documents at issue are "judicial documents," to which a presumption of public access attaches; *second*, determine the applicable weight of the presumption that may apply; and *third*, after determining such weight, balance "countervailing factors" against it, including the "privacy interests" of interested parties. *Id.* at 119–20.

Hon. Lewis A. Kaplan - 2 - July 31, 2025

Judicial documents are only those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. The *Lugosch* court acknowledged that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id.*; *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[D]ocuments that play no role in the performance of Article III functions . . . lie entirely beyond" the presumption of public access); *Citigroup, Inc. v. Abu Dhabi Inv. Auth*., 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013) (determining that the documents were non-judicial because they "played no role in [the] Court's adjudication of the parties' respective motions" and "were immaterial to the analysis"), *aff'd*, 776 F.3d 126 (2d Cir. 2015); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 2012 WL 1382557, at *1 (S.D.N.Y. Apr. 20, 2012) (same).

The Extraneous Pages are not judicial documents, because they have no relevance to the adjudication of the issue presently pending before the Court: whether the Court should order Alexander Gerko and Zar Amrolia, employees of named Plaintiff XTX Markets Limited, to sit for depositions. Opposition at 1. While ignoring the relevance of Messrs. Gerko's and Amrolia's knowledge of FX trading platforms—including the Currenex platform—to the critical question of whether XTX relied on any alleged misstatement, Plaintiffs argue in their Opposition that neither individual should be ordered to sit for a deposition because they allegedly have no knowledge of the alleged priority system at issue. *Id*. at 2-3. Plaintiffs purport to support this argument with testimony from defense witnesses, which they incorrectly claim demonstrates that Currenex did not disclose such system to its customers. *Id*. at 3 n.2. But the Extraneous Pages relate to an internal State Street audit and have nothing to do with the disclosure of the priority system.

Where documents are not judicial, "there is no presumption of public access" to overcome, and thus the movant must "only make a baseline showing of good cause" to justify maintaining the documents under seal. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 62, 73 (S.D.N.Y. 2007), *aff'd*, 347 F. App'x. 615 (2d Cir. 2009). Under a good cause standard, even a "minimal showing of possible harm from disclosure" of the information sought to be sealed is sufficient to meet this burden and "trigger a sealing order." *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 519 (E.D.N.Y. 2011). Here, public disclosure of State Street's internal auditing approach may, for example, make it easier for people to evade future internal audits and otherwise result in competitive harm to the State Street Defendants.

**II.    State Street Defendants' Privacy Interests Outweigh Any Presumption of Public Access**

Even if the Extraneous Pages could be considered "judicial documents" (they cannot), they are still appropriately sealed as any minimal presumption of public access is strongly outweighed by the State Street Defendants' significant privacy interests.

*First*, little weight should be afforded to any presumption of public access because of the "negligible role" that the Extraneous Pages play in the performance of any Article III function. *Amodeo*, 71 F.3d at 1050 ("[W]here . . . documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low . . . ."); *GoSMiLE*, 2012 WL 1382557, at *1 (noting that even if documents found to be "immaterial" to the court's analysis *were* "viewed as judicial documents, the presumption of access is slight") (emphasis added). As set forth above, the Extraneous Pages are not cited or discussed *at all* in Plaintiffs' Opposition, since they have

Hon. Lewis A. Kaplan - 3 - July 31, 2025

no relevance to whether Plaintiffs should be allowed evade crucial testimony.

*Second*, the Extraneous Pages implicate the State Street Defendants' commercially sensitive information. They relate to a State Street internal audit, activities that State Street routinely treats as confidential. Revealing details of State Street's internal audit procedures, areas of focus, and/or findings could create opportunities for others to evade ongoing or future audits, or to access non-public information about State Street's operations more generally. Such confidential and sensitive information regarding State Street's audit function and the operation of the Currenex platform are among the types of information held to be appropriately sealed. *See In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").

Respectfully submitted,

*/s/ Alexander B. Simkin*
Alexander B. Simkin

cc: Counsel of record (via ECF)