

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

# MEMO ENDORSED

July 23, 2025

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21B
New York, NY  10007-1312

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/25

Re: *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

     Pursuant to the Court's Individual Rules, we write on behalf of Defendants to respectfully request that the Court compel Alexander Gerko and Zarthustra "Zar" Amrolia, current employees of named Plaintiff XTX Markets Limited ("XTX"), to sit for depositions.  Both Gerko and Amrolia were personally involved in directing FX trading by XTX and its predecessor entity on the Currenex Platform (the "Platform").  Both had extensive direct communications with Defendant Currenex about trading on the Platform.  And both are likely to have unique information that will undercut Plaintiffs' claims and show that they are time-barred.

     Gerko is the founder and longtime co-CEO of XTX.  In 2015, he founded XTX by spinning it off from investment firm GSA Capital Partners LLP ("GSA"), where he was employed from 2009 to 2015 and had risen to lead GSA's currency trading operations.[1]  GSA entered into a service agreement to trade on the Platform in 2010.  While at GSA and continuing at XTX, Gerko was directly involved in setting trading strategy and discussing key subjects of critical relevance to this litigation with Currenex, including order matching logic, liquidity settings, and XTX's trading performance.

     Amrolia joined XTX shortly after it was formed.  He served as its co-CEO for approximately eight years, from 2015 to 2023, and is now its Chairman.  Like Gerko, Amrolia played an active and direct role in setting XTX's trading strategy, and in interfacing with Currenex and State Street regarding details of the Platform's operation and XTX's settings and performance on the Platform.

---

[1] Ex. A, B. Stupples & T. Maloney, *Quant Trader Doubles Fortune to $11 Billion as XTX Profit Surges*, Bloomberg (Aug. 21, 2023).  GSA is not a party to this litigation.  However, Plaintiffs have produced emails from GSA employees with GSA email domains, including from Gerko.

**Memorandum Endorsement** *Edmar Financial Company, LLC et al v. Currenex, Inc. et al,* 21-cv-06598

Defendants request that the Court compel Alexander Gerko, founder and co-CEO of XTX, and Zarthustra Amrolia, former co-CEO and current Chairman of XTX, to sit for depositions. Plaintiffs argue that the "apex doctrine" protects Gerko and Amrolia from being deposed.

"Because of the possibility of business disruption and the potential for harassment, courts give special scrutiny to requests to depose high-ranking corporate and governmental officials, who are sometimes referred to as 'apex witnesses.'"[1] However, "senior executives are not exempt from deposition, and because principles relating to apex witnesses are in tension with the broad availability of discovery, it is important to excuse a witness from giving testimony only in compelling circumstances."[2] "An order barring a litigant from taking a deposition is most extraordinary relief," and "it is the party seeking such an order that bears the burden of proving that the proposed deponent has nothing to contribute."[3] Accordingly, courts have "precluded depositions of senior management officials . . . where the depositions manifestly were sought for the purpose of harassment and where the proposed deponents knew little or nothing about the subject matter of the action."[4]

Plaintiffs have failed to show that Gerko and Amrolia have "nothing to contribute."[5] Given the volume and substance of interactions each had with Currenex personnel regarding use of the platform, they are "sufficiently likely to have knowledge of matters that appropriately are the subject of discovery."[6] Both are a "a far cry from the prototypical apex witness, who sits removed from the key facts of the dispute."[7] Contrary to plaintiffs' suggestion, defendants are not required to prove that Gerko and Amrolia had knowledge of the alleged secret priority rules in order to depose them.

Plaintiffs have not demonstrated the compelling circumstances required to preclude the requested depositions. Accordingly, defendants' motion to compel the depositions of Gerko and Amrolia is granted. Depositions of Gerko and Amrolia must be completed by the end of fact discovery on September 19, 2025.

---

[1] *Chevron Corp. v. Donziger*, No. 11 CIV. 0691 (LAK) (JCF), 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013).

[2] *Id.* (internal citations omitted).

[3] *Speadmark, Inc. v. Federated Dep't Stores, Inc.*, 176 F.R.D. 116, 118 (S.D.N.Y. 1997).

[4] *Id.* at 117.

[5] *Id.* at 118.

[6] *See id.*

[7] *See Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS), 2024 WL 4134903, at *3 (S.D.N.Y. Sept. 10, 2024), *reconsideration denied*, No. 17-CV-6903 (RJS), 2024 WL 4859024 (S.D.N.Y. Nov. 21, 2024).

SO ORDERED.

Dated:    August 4, 2025

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge