UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMAR FINANCIAL COMPANY, LLC; IRISH BLUE & GOLD, INC.; XTX MARKETS LIMITED; and DSQUARE TRADING LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>CURRENEX, INC.; GOLDMAN SACHS & CO. LLC; HC TECHNOLOGIES, LLC; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS INTERNATIONAL LIMITED; and JOHN DOE DEFENDANTS 1-5,<br><br>Defendants. | Case No. 21-cv-06598 |

## DECLARATION OF JASBIR DHILLON K.C.

1.  I am a Barrister and one of His Majesty's Counsel ("**King's Counsel**", formerly Queen's Counsel), which is the senior rank of advocate recognized in England and Wales. I was called to the Bar of England and Wales in 1996 and appointed King's Counsel in 2013. I am also an attorney admitted to the Bar of New York State and the U.S. District Court for the Southern District of New York in 1993, and the Bar of the U.S. Supreme Court in 1998. I am a member of Brick Court Chambers, one of the leading sets of barristers' chambers specializing in commercial law. I was awarded a B.A. degree in Jurisprudence (i.e., Law), with 1st Class Honors from the University of Oxford and an LLM degree by Harvard University. The majority of my work involves substantial and complex commercial disputes which have a cross border and/or an international element. I am frequently involved in advising on and arguing issues involving English commercial law, including the conflicts of law and letters of request under the Hague Convention. I am a Bencher (member of the governing body) of the Honourable Society of Gray's Inn, one of the four Inns of Court. I am a Visiting Senior Fellow of the London School of Economics Law School.

2.  Under English law, insofar as it is sought to obtain evidence from persons in England and Wales for use in proceedings before the New York Court, the jurisdiction of the English Court to make provision for a person to produce evidence is governed by the Evidence (Proceedings in Other Jurisdictions) Act 1975 ("**1975 Act**").

3.  Under Section 1 of the 1975 Act, this jurisdiction may only be exercised where the English Court is satisfied that: *"(a) that the application is made in pursuance of a request issued by or on behalf of a court or tribunal ("the requesting court") exercising jurisdiction in any other*

*part of the United Kingdom or in a country or territory outside the United Kingdom; and (b) that the evidence to which the application relates is to be obtained for the purposes of civil proceedings which either have been instituted before the requesting court or whose institution before that court is contemplated."*

4. Where these requirements are satisfied, Section 2(1) of the 1975 Act gives the English Court discretion to *"make such provision for obtaining evidence in the part of the United Kingdom in which it exercises jurisdiction as may appear to the court to be appropriate for the purpose of giving effect to the request in pursuance of which the application is made; and any such order may require a person specified therein to take such steps as the court may consider appropriate for that purpose."*

5. Section 2(2) of the 1975 Act expressly provides that such an order may include an order for the oral examination of witnesses. Section 2(3) of the 1975 Act expressly provides that: "*An order under this section shall not require any particular steps to be taken unless they are steps which can be required to be taken by way of obtaining evidence for the purposes of civil proceedings in the court making the order …; but this subsection shall not preclude the making of an order requiring a person to give testimony (either orally or in writing) otherwise than on oath where this is asked for by the requesting court*."

6. The jurisprudence on the application of the 1975 Act to the oral examination of witnesses establishes that, for an order to be granted to give effect to a request:

(1) The principle of comity requires the English Court to give effect to a letter of request if it can.

(2) Section 2(3) of the 1975 Act limits the English Court to making such orders as it could make in respect of English proceedings. The English Court has held that it will only order the oral examination of a witness where it can reasonably be expected that the intended witness has evidence to give on topics that are relevant to issues for the trial of the foreign proceedings, rather than for investigatory purposes. Therefore, it must be shown that the proposed witness who is to give oral evidence has relevant evidence to give.

(3) As the English Court is not seised of the foreign litigation, it will generally rely on the judgment of the foreign court as to what is and is not relevant evidence. In that regard, the English Court will need to determine two principal questions: (a) whether the intended witness can reasonably be expected to have relevant evidence to give on the topics mentioned in a letter of request; and (b) whether the intention underlying the formulation of these topics is an intention to obtain evidence for use at the trial or is some other investigatory, and therefore impermissible intention.

(4) If the foreign court is informed of the restrictions imposed by English law reflected in principles (2)-(3) above and the foreign court has formulated the topics for the oral examination of the witness specified in the letter of request to accommodate those restrictions, that will likely carry some weight

with the English Court as to whether it should itself embark upon an investigation as to the relevance of the evidence sought in the letter of request.

7. While the approach of the English Court is to give effect to the foreign court's request so far as possible, and will for that purpose apply a "blue pencil" if necessary to reduce the scope of a letter of request so as to comply with Section 2(3) of the 1975 Act, it will not engage in a reformulation so as to substitute a different topic for examination of a witness for that requested by the foreign court.

8. The Proposed Letter Rogatory filed with this motion is in a form that I consider that the English Court would recognize and give effect to within its jurisdiction.


   /s/ *Jasbir Dhillon*
Jasbir Dhillon K.C.