**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

September 4, 2025

<u>BY ECF</u>

The Honorable Lewis A. Kaplan
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21D
New York, NY 10007

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

Plaintiffs respectfully request leave to be heard regarding Defendants' unauthorized *2 a.m.* filing.

What is remarkable about Defendants' "reply" letter is not what it says, but what it does not. Defendants do not dispute that Plaintiffs' counsel's conversations with Burrlock and Harmon are protected work product. They do not dispute that the exact contents of conversations with witnesses is *opinion* work product, the protection for which is absolute or near absolute. They do not dispute that, even if the interviews are considered ordinary work product, Defendants must still show a substantial need for this additional testimony, where the equivalent information cannot be obtained without undue hardship. Neither of Defendants' filings even try to meet these standards.

Defendants also appear to have abandoned the main basis of their original motion, the argument that Defendants need additional testimony for statute of limitations purposes. As Plaintiffs' response pointed out, and as is now undisputed, *Harmon and Burrlock gave full and unhindered testimony as to their* recollections of the "when" issue, i.e., when they first interacted with Plaintiffs' counsel about this action. *See* ECF 217-1 at 50:25-51:5, 51:6-52:22, 116:10-15 (Burrlock); ECF 217-2 at 22:17-23:5, 26:3-28:16 (Harmon). And even more fundamentally, Defendants also *do not dispute* our primary point of law: That the knowledge of counsel simply cannot be imputed to the Plaintiffs until the attorney is actually retained. What knowledge Plaintiffs' counsel gained in conversations with Burrlock or Harmon is indisputably not imputable to *Plaintiffs* until we were retained, which indisputably occurred well within the statute of limitations. *See* ECF 217 at 3 n.6 (earliest retention on this action was in June 2021,

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

less than two months before the original complaint was filed). This completely eviscerates Defendants' motion.[1]

Any of the above undisputed points of law would be sufficient to deny the motion. That Defendants still fail to address *any of them* confirms the motion is not well-taken. In an effort to distract, Defendants make three points in their reply.

*First*, Defendants suggest they are ignorant as to the "general subject matter" of the witnesses' conversations with Plaintiffs' counsel. ECF 223 at 1-2. Not so, and the attempt to suggest otherwise through excerpted objections is highly misleading. The objections Defendants quote were the result of repeated attempts to directly invade Plaintiffs' counsel's specific conversations with the witnesses. But the context of the questions and the larger testimony make clear that the "general subject matter" was "the allegations in this case," and, as discussed above, the witnesses were allowed to testify fully as to when those conversations took place. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In any event, Defendants' feigned confusion over the "general subject matter" cannot justify the requested relief of re-opening third-party depositions as to inquire as to the specific words used in our conversations.

*Second*, Defendants allege that Matt Edwards of Plaintiffs Edmar Financial and Irish Blue & Gold had a prior interaction with a consulting firm. As we pointed out and as is now undisputed, Edwards made clear that his first interaction with Caspar Marney at all, and indeed his first interaction with anyone *about the allegations in <u>this</u> case*, did not occur until June 2021. ECF 217-3 at 55:22-25, 57:19-58:5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Third*, with regard to logging, Defendants do not dispute that gathering and logging obligations normally adhere only to the *clients'* actual records, not the investigative records of counsel. And it is now undisputed that the earliest possible date counsel's knowledge could be imputed is when we were retained. Thus, gathering the information necessary to log *counsel's* investigative efforts would be by definition disproportionate to the needs of the case, and would only seek to chip away at our privileges. However, we also note that Defendants do not appear to dispute

---

[1] Defendants also fail to rehabilitate their cursory suggestion they may also need Rule 11-style discovery. This is unsurprising. As discussed in Plaintiffs' letter response (ECF 217 at 3-4), discovery has fully confirmed all of the main allegations in this case.

[2] Defendants also suggest that, if the statute of limitations could not begin until retention, then "privilege" could not begin until then. ECF 223 at 2. But that suggestion is absurd. The issue here is not just *attorney-client* privilege, but *work product*, which covers all information created in contemplation of litigation. Defendants cite no law or logic suggesting that *work product* protections do not begin until retention.

that, if any logging is required, given the undisputed legal principles applicable here, our logging obligation should be limited in the ways set forth in our opposition, ECF 217 at 4 n.8.

The Court should deny the motion in its entirety and direct Defendants to pay the costs associated with opposing the motion.

Respectfully submitted,

 /s/ Daniel L. Brockett

Daniel L. Brockett

cc: Counsel of Record