**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 9-16-25

WRITER'S DIRECT DIAL NO.
(212) 849-7345

WRITER'S EMAIL ADDRESS
danbrockett@quinnemanuel.com

September 15, 2025

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY 10007-1312

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598
      Plaintiffs' Response to Defendants' Letter Motion to Seal Motion to Compel and Exhibits

Dear Judge Kaplan:

On behalf of Plaintiffs, we respectfully submit this response to request certain exhibits and the relevant portions of Defendants' motion to compel (the "Motion") remain under seal. *See* ECF Nos. 228 (sealing letter), 229 (Motion referencing under-seal Exhibits), 229-1, 229-2, and 229-3 (the "Exhibits" at issue).

We designated the Exhibits as "Highly Confidential" pursuant to the Court's Protective Order, ECF No. 113, because they include "material regarding trading and investment strategies" of Plaintiff XTX Markets Limited. Courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (collecting cases). Protected information can include specific details about trades or trading activity. *See, e.g., In re Tether & Bitfinex Crypto Asset Litig.*, 2024 WL 3520363, at *21 (S.D.N.Y. July 24, 2024) (accepting redactions of trading details). Such issues can outweigh the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Here, the Exhibits discuss some of the processes and factors that XTX uses and considers when deciding what trading platforms to trade on, and their subsequent trading activity. The person providing testimony in the Exhibits is XTX's Global Head of Distribution. XTX's business is

built on keeping its trading decisions secret. Thus, what he testified to regarding XTX deciding where to trade, and how to trade, is commercially sensitive.

For all the reasons set forth above, the Court should order that the Exhibit and references in Defendants' Opposition remain sealed.

Respectfully submitted,

*/s/ Daniel L. Brockett*

Daniel L. Brockett

cc: Counsel of Record

Granted
SO ORDERED
LEWIS A. KAPLAN, USDJ 9/16/25

2