## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMAR FINANCIAL COMPANY, LLC; IRISH BLUE & GOLD, INC.; XTX MARKETS LIMITED; and DSQUARE TRADING LIMITED, | Case No. 21-cv-06598 |

Plaintiffs,

vs.

CURRENEX, INC.; GOLDMAN SACHS & CO. LLC; HC TECHNOLOGIES, LLC; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS INTERNATIONAL LIMITED; and JOHN DOE DEFENDANTS 1-5,

Defendants.

## NOTICE OF MOTION FOR
## THE ISSUANCE OF LETTERS ROGATORY FOR FORMER DSQUARE EMPLOYEE JAD SARMO AND FORMER CURRENEX EMPLOYEE DAVID HASTINGS

**PLEASE TAKE NOTICE** that, upon this Motion for the Issuance of Letters Rogatory submitted by Defendants Currenex, Inc., State Street Global Markets International Limited, Goldman Sachs & Co. LLC, HC Technologies, LLC, and State Street Bank and Trust Company (collectively, "Defendants") and the exhibits thereto, Defendants move, pursuant to 28 U.S.C. § 1781, Rule 28(b)(1) of the Federal Rules of Civil Procedure, and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("Hague Convention"), for an Order granting the issuance of letters rogatory directed to the appropriate judicial authority in the United Kingdom. As set forth in the accompanying Memorandum of Law, issuance of these letters rogatory is within this Court's authority and is necessary for the needs of this case. The proposed letters rogatory are attached as Exhibit A.

DATED:   September 18, 2025
New York, New York

ROPES & GRAY LLP

/s/ Alexander B. Simkin
Gregg L. Weiner
Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-5000
Facsimile: (212) 596-9090
Email: gregg.weiner@ropesgray.com
Email: alexander.simkin@ropesgray.com

Robert G. Jones (*pro hac vice*)
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951 7000
Facsimile: (617) 951 7050
Email: robert.jones@ropesgray.com

Samer Musallam (*pro hac vice*)
2099 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Email: samer.musallam@ropesgray.com

*Counsel for Defendants Currenex, Inc., State
Street Bank and Trust Company, and State
Street Global Markets International Limited*

KATTEN MUCHIN ROSENMAN LLP

/s/ Peter G. Wilson
Peter G. Wilson
Elliott M. Bacon
525 W Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Email: peter.wilson@katten.com
Email: elliott.bacon@katten.com

*Counsel for Defendant HC Technologies, LLC*

CLEARY GOTTLIEB STEEN & HAMILTON
LLP

/s/ Carmine D. Boccuzzi Jr.
Carmine D. Boccuzzi Jr.
Rishi N. Zutshi
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Email: cboccuzzi@cgsh.com
Email: rzutshi@cgsh.com

*Counsel for Defendant Goldman Sachs & Co.
LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Alexander B. Simkin*
Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-5000
Facsimile: (212) 596-9090
Email: alexander.simkin@ropesgray.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

EDMAR FINANCIAL COMPANY, LLC;
IRISH BLUE & GOLD, INC.; XTX
MARKETS LIMITED; and DSQUARE
TRADING LIMITED,

                                 Plaintiffs,

    vs.

CURRENEX, INC.; GOLDMAN SACHS &
CO. LLC; HC TECHNOLOGIES, LLC;
STATE STREET BANK AND TRUST
COMPANY; STATE STREET GLOBAL
MARKETS INTERNATIONAL LIMITED;
and JOHN DOE DEFENDANTS 1-5,

                                 Defendants.

Case No. 21-cv-06598

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR FORMER DSQUARE EMPLOYEE JAD SARMO AND FORMER CURRENEX EMPLOYEE DAVID HASTINGS

Pursuant to Federal Rule of Civil Procedure 28(b)(2), 28 U.S.C. § 1781(b)(2), and the

Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18,

1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("Hague Convention"), Defendants Currenex, Inc.

("Currenex"), State Street Global Markets International Limited ("State Street Global"), Goldman

Sachs & Co. LLC ("Goldman"), HC Technologies, LLC ("HC Tech"), and State Street Bank and

Trust Company ("State Street Bank," and, together with Goldman and HC Tech, the "Trading

Defendants") (collectively, "Defendants") respectfully move the Court to issue two letters rogatory

to take testimony overseas of Jad Sarmo, a former employee of Named Plaintiff DSquare Trading Limited ("DSquare") and David Hastings, a former employee of Defendant Currenex.[1]

## BACKGROUND

Defendants seek the instant letters rogatory to take the depositions of two witnesses that will provide testimony important to Defendants' defenses. Although late in the fact discovery period, these requests could not have reasonably been made earlier.

As the Court is well-aware by now, Plaintiffs in this action assert that they were harmed by Currenex's alleged failure to fully disclose tiebreaking settings on its anonymous "Executable Streaming Prices Trading Model" (the "Platform") that were in use prior to 2015. Third Amended Compl. ¶¶ 10-12. Specifically, Plaintiffs allege that they purportedly understood the Platform to operate as a "central limit order book," in which all bids were eligible to match against all offers (a system which they claim carried with it an assumption that the Platform broke ties on a strict first in, first out ("FIFO") basis). *Id.* ¶ 95. Defendants deny Plaintiffs' allegations and assert, among other defenses, that Plaintiffs in fact understood that the Platform was not a central limit order book, did not operate on a strict FIFO basis and instead, for a period of time prior to 2015, utilized priority settings in order matching that prioritized liquidity from institutional liquidity providers like Plaintiff XTX and the Trading Defendants (and many others). Defendants also assert a statute-of-limitations defense because Plaintiffs knew of, or should have known of, the allegations in the complaint for years prior to bringing this case.

---

[1] Defendants sought Plaintiffs' consent to the relief sought in this motion. Plaintiffs responded that they "will wait to see the motion and then make a decision whether to oppose." Exhibit 1.

To these ends, Defendants seek testimony from (i) Jad Sarmo, former Head of Technology at DSquare, and (ii) David Hastings, former Global Head of Strategic Relationships at Currenex, each of whom, evidence indicates, will be knowledgeable about the foregoing topics.

**Jad Sarmo**

Mr. Sarmo served as the Head of Technology at DSquare from June 2006 through February 2021. *See* Ex. 2 (J. Sarmo LinkedIn Profile).[2] DSquare was added as a new party to this case on July 8, 2025, pursuant to Plaintiffs' request that they be permitted to "fill a potential class representative gap." Dkt. 163 at 3. On August 11, 2025 (before producing any documents), Plaintiffs served initial disclosures identifying Mr. Sarmo as one of two DSquare employees with relevant information about this case, noting that Mr. Sarmo is knowledgeable about "[t]he foreign exchange transactions that DSquare Trading Limited made during the Class Period." Ex. 3 (DSquare Initial Disclosures). During the nearly 15-year period he worked for DSquare, Mr. Sarmo was also purportedly responsible for creating DSquare's trading software and overseeing software developers, IT, and Operations personnel for the development of DSquare's trading software. Ex. 2 (J. Sarmo LinkedIn Profile).

On August 12, 2025, DSquare made its only document production (so far) in this case. This document production included over 38,000 e-mails, with attachments, to or from Mr. Sarmo. These documents evidence that, for example, ███████████████████

---

[2] Public filings in the United Kingdom reveal that DSquare was formed in April 2014. *See* Ex. 4 (DSquare Trading Ltd. Filing History, U.K. Companies House, *available at* *https://find-and-update.company-information.service.gov.uk/company/08971540/filing-history* (last visited Sept. 16, 2025)). An apparently related entity, DSquare LLP, was incorporated in June 2006, but in February 2015 voluntarily went into liquidation, which concluded in October of that year followed by dissolution in May 2016. *See* Ex. 5 (DSquare LLP Filing History, U.K. Companies House, *available at* *https://find-and-update.company-information.service.gov.uk/company/OC320443/filing-history?page=1* (last visited Sept. 16, 2025)).



*See, e.g.*, Ex. 6 (DSQ0324667)

Ex. 7 (DSQ0258898); *see also* Ex. 8 (DSQ0183380)

Ex. 9 (DSQ0139454)

There can be no dispute that Mr. Sarmo has relevant first-hand knowledge about issues relevant to this case, including what Currenex communicated to DSquare about the Platform's operations, the functioning of the Platform, and the alleged damages suffered by DSquare.

The week after Defendants received DSquare's initial disclosures and its first (and to date only) production of documents, Defendants wrote to Plaintiffs on August 22, 2025, requesting Mr. Sarmo's deposition. Ex. 10 (Aug. 22, 2025 Email). Plaintiffs did not respond to that request until September 8, 2025, when they informed Defendants while Plaintiffs' counsel represent Mr. Sarmo in this lawsuit, they are refusing to make Mr. Sarmo voluntarily available for a deposition on the basis that he is not a current DSquare employee (although he still owns, with his wife, Jelena Sarmo, 22.5% of DSquare through vehicle Prime Elements Limited) and therefore has a direct financial interest in the outcome of this litigation. Ex. 11 (Sept. 8, 2025 Email); Ex. 12 (Companies House U.K., DSquare Trading Ltd., Confirmation Statement (June 26, 2024)).

**David Hastings**

Defendants anticipate Mr. Hastings will be able to testify about two important issues: Currenex's use of priority settings in tiebreaking prior to 2011 and when Plaintiffs learned of Currenex's use of priority settings in tiebreaking.

First, from July 2006 through October 2009, Mr. Hastings was the Global Head of Strategic Relationships at Currenex. Ex. 13 (D. Hastings LinkedIn). In that role, Mr. Hastings was responsible for selling and marketing Currenex's "comprehensive suite of products." *Id.* He also "[r]epresented [Currenex] within its global strategic relationships for buy and sell side." *Id.* Based on his role, Mr. Hastings likely has first-hand knowledge about the historic use of priority settings in tiebreaking, and how Currenex communicated about those settings with users and strategic partners during the years he worked at Currenex. Given Mr. Hastings's responsibilities for marketing Currenex's products, Mr. Hastings would be able to offer first-hand testimony about what he and others conveyed to actual and prospective Currenex users about the Platform's operation during the early years of the proposed class period. There is also every reason to believe that he would be knowledgeable about and could testify to whether, when, and how priority may have been used at Currenex during his tenure.

All of this is of particular relevance because there is no record of any priority settings prior to 2011. The evidence the parties do have is inconsistent and inconclusive testimony about when the use of priority first started. *Compare* Ex. 14 (Liconte Tr.) at 26:21–22:5 (stating that priority began between 2007 and 2009) *with* Ex. 15 (Rosenwald Tr.) at 39:15–23 (stating that priority began between 2005 and 2007). His testimony can shed light on an important issue in this case from a time period about which the parties have limited evidence.

Second, In January 2019, Mr. Hastings began a 12-month stint working for FX consulting firm, Velador Associates ("Velador"). Velador is the same consulting firm that educated Matt Edwards, the founder and sole employee of Named Plaintiffs Irish and Edmar, about their potential "claims against Currenex" and their "CURRENEX CLAIM" at approximately the same time that Mr. Hastings worked there. Ex. 16 (Irish and Edmar Privilege Log) at 50, 90; Ex. 17 (Edwards Tr.) 73:19-74:8 ████████████████████████████████████████████████

████████████ During his time at Velador, Mr. Hastings worked closely with Velador employee Colin Lloyd, co-authoring articles with him and, in marketing materials, asking potential clients to "call David Hastings or Colin Lloyd." Ex. 18. ████████████████████████████████

████████████████████████████████████████████████████████████████████

████████ Ex. 17 (Edwards Tr.) at 78:8-11. If Mr. Hastings shared what he knew about the Platform's operations with Velador and Velador shared that knowledge with Mr. Edwards ████████████████████████████████████████████████████████████████████

then Plaintiffs' claims are untimely.[3] Although Velador currently works as a consultant to Plaintiffs' counsel, Mr. Hastings' work for Velador in 2019 was *two years before* any Plaintiff in this case retained such counsel, ████████████████████████████████████████████

████████████████████████████████ Ex. 17 (Edwards Tr.) at 142:7-19 ████████████

████████████████████████████████████████████████████████████████████

---

[3] Because the parties now agree that the use of priority in tiebreaking on the Platform ceased by no later than 2015, Plaintiffs' claims are untimely unless they can show that they did not know, or have reason to know, about the allegations in the Complaint prior to August 4, 2019 (two years before the Complaint was filed). *See* N.Y. C.P.L.R. 213(8) (the limitations period for fraud is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it.").

████████████████ ECF No. 217 (Pls.' Mot. to Compel Opp.) at 4, n.8 (confirming that June 2021 was "the date the first Plaintiff retained us on this action.").

Accordingly, Defendants respectfully request that the Court issue the requested letters rogatory, attached as Exhibit A.

## ARGUMENT

This Court is authorized to and should issue letters rogatory to the United Kingdom to secure deposition testimony from Messrs. Sarmo and Hastings. Generally, courts may issue letters rogatory seeking the assistance of a foreign court to obtain non-party discovery from a foreign entity, pursuant to Federal Rule of Civil Procedure 28(b)(2) and 28 U.S.C. §1781(b)(2). *See, e.g.*, *In re Turquoise Hill Res. Ltd., Sec. Litig.*, 2023 WL 5322019, at *2 (S.D.N.Y. Mar. 8, 2023) (granting requests for issuances of letters rogatory through the Hague Convention for non-party citizens of the United Kingdom, who are otherwise outside the court's jurisdiction, because "[t]he parties are able to secure their documents and testimony only by letter of request"). "Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material." *Netherby Ltd. v. Jones Apparel Grp. Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (granting a motion for the issuance of letters rogatory to permit non-party discovery in a foreign country).[4]

Because Messrs. Sarmo and Hastings are not parties to this litigation, reside in the United Kingdom, and are otherwise outside the Court's jurisdiction, Defendants seek to secure their testimony about material evidence via letters rogatory.

### A. The Hague Convention Applies to Defendants' Requests.

Pursuant to Article 1 of the Hague Convention, a court of a nation party to the Hague Convention can request a court in another nation party "to obtain evidence, or to perform some

---

[4] Defendants requests are timely and were filed as soon as practicable after learning that each witness had relevant evidence and that Defendants could not obtain that evidence through another means. Defendants only learned that Plaintiffs believed that Mr. Sarno had relevant evidence on August 11, 2025, and then, only received the over 38,000 emails and attachments he sent or received on August 12, 2025. While Defendants promptly requested his deposition on August 22, 2025, Plaintiffs only informed Defendants of their refusal to make Mr. Sarno available for deposition, despite his owning a portion of DSquare and being represented by Plaintiffs' counsel

other judicial act." U.S.T. 2555, T.I.A.S. No. 7444 at Article 1. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 538 (1987). The United States and the United Kingdom are each party to the Hague Convention, so this Court may issue letters rogatory to a court in the United Kingdom requesting that the court authorize Defendants to obtain evidence. *See Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *3 (S.D.N.Y. June 13, 2018) (internal citations and quotation marks omitted) (granting request for court to issue letter rogatory to the United Kingdom and noting that "[a]lthough the party seeking the application of the Hague Convention procedures bears the burden of persuasion, that burden is not a heavy one.").

Further, the English court (the relevant jurisdiction within the United Kingdom in which Messrs. Sarmo and Hastings reside) is likely to compel Messrs. Sarmo and Hastings' testimony if presented with the letters rogatory attached as Exhibit 19. Declaration of J. Dhillon K.C., ¶¶ 6-8 (citing the Evidence (Proceedings in Other Jurisdictions) Act 1975 ("1975 Act").

### B. Defendants' Proposed Letters Rogatory Comply with Federal Rule of Civil Procedure 26 and the 1975 Act.

When evaluating a request for letters rogatory, courts in the United States apply the discovery principles of Rule 26. *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012). Courts accordingly authorize requests for letters rogatory that seek to discover "any nonprivileged matter that is relevant to any party's claim or defense and

---

last week, on September 8, 2025. As to Mr. Hastings, Defendants only learned of the role that Velador played in informing Mr. Edwards about the historical use of priority during Mr. Edwards' deposition on August 19, 2025. Thereafter, Defendants came to learn that Mr. Hastings had worked at Velador during the period when Velador was in contact with Mr. Edwards, and that he had previously worked at Currenex from 2006 to 2009. Defendants concurrently investigated Mr. Sarmo and Mr. Hastings and confirmed that each is located outside of the United States. Once Defendants confirmed that letters rogatory would be necessary to secure their depositions, Defendants promptly filed the instant motion.

proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Moreover, under English law the 1975 Act permits oral examinations where "it can reasonably be expected that the intended witness has evidence to give on topics that are relevant to issues for the trial of the foreign proceedings." Declaration of J. Dhillon K.C., ¶ 5(2). Defendants' request meets both standards.

Defendants seek relevant testimony from Messrs. Sarmo and Hastings via the proposed letters rogatory. Plaintiffs allege that Defendants made materially false and misleading statements in that they purportedly failed to fully disclose the Platform's tiebreaking rules and that Plaintiffs relied on these alleged false statements to trade at prices worse than what they otherwise could have obtained. *See* Third Am. Compl. ¶ 94. To prevail on their fraud claim, Plaintiffs must show that did not know or have reason to know of the Platform's historical use of priority, and that they relied on Defendants' alleged representations in, among other things, deciding which platforms to trade on and what trading strategies to pursue on those platforms.

### a. Jad Sarmo

By identifying Mr. Sarmo as one of two DSquare employee with relevant information about this case and explaining that Mr. Sarmo knows about "[t]he foreign exchange transactions that DSquare Trading Limited made during the Class Period." Ex. 3 (DSquare Initial Disclosures). Plaintiffs implicitly agree that Mr. Sarmo is likely to have relevant evidence. Further, documents produced in discovery indicate that ███████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████ *E.g.* Ex. 7 (DSQ0258898) ███████████████████

████████████████████████████████████████████████████████████████

████████████████████ Ex. 8 (DSQ0183380)████████████████████████

████████████████████████████████████████████████████████████████

Discovery has also shown that ███████████████████████████████████████████████

██████████████████████████████████████████. Ex. 9 (DSQ0139454) ████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████ Accordingly, Mr. Sarmo can reasonably be expected to testify about what he and others at DSquare knew about the operation of the Platform and its tiebreaking rules, when and how it gained that understanding, and how DSquare used that information in deciding where and how to trade. Documents also reflect that Mr. Sarmo is knowledgeable about and had responsibility for calculating DSquare's measures of alleged harm in other FX litigation; accordingly, he can be expected to testify about the alleged damages Named Plaintiff DSquare seeks in this case. That testimony by Mr. Sarmo would be relevant to the issues at trial. The English court would also find this testimony to be relevant and the proposed lines of questioning of Mr. Sarmo to be appropriate matters under English law. *See* Declaration of J. Dhillon K.C., ¶ 5.

### b. David Hastings

As Currenex's former Global Head of Strategic Relationships, Mr. Hastings is undoubtedly familiar with the Platform's operations during his employment, 2006 to 2009, and what Currenex shared with customers about settings, such as the historical priority settings. *See* Ex. 13 (D. Hastings LinkedIn). In that role, Mr. Hastings would have been knowledgeable Currenex's "comprehensive suite of products" in order to communicate with Currenex's "global strategic relationships." *Id.* Mr. Hastings therefore can testify about what Currenex communicated about priority settings from 2006 to 2009.

Additionally, Mr. Hastings can reasonably be expected to testify to what he shared with his later employer, Velador, and the colleague with whom he worked closely, Mr. Lloyd. That

testimony would be relevant to Defendants' statute-of-limitations defense because, by Plaintiffs' own admissions, Mr. Lloyd and Velador met with Plaintiffs Irish and Edmar about a potential lawsuit more than two years prior to this lawsuit—and accordingly outside of the two-year limitations period.

Plaintiffs may raise concerns about such testimony being protected by attorney-client privilege. The record does not support any such claim because years passed between Mr. Hastings' work at Velador and Plaintiffs retaining counsel for this case. There can be no attorney-client privilege without an attorney-client relationship. *See United States ex rel. Raffington v. Bon Secours Health Sys.*, Inc., 2018 WL 11217867, at *1 (S.D.N.Y. Aug. 21, 2018) ("[A] person's collection of information is not protected by attorney client privilege merely because the person harbors a plan to provide the information later to an attorney"). Specifically, Mr. Hastings only worked at Velador in 2019. *See* Ex. 13 (D. Hastings LinkedIn). Plaintiffs' own testimony is that

█████████████████████████████████████ Ex. 17 (Edwards Tr.) at 142:7-19 ████████

███████████████████████████████████████████████████████████████████████

████████████ *id.* at 142:3-6 ████████████████████████████

████████████ ECF No. 217 (Pls.' Mot. to Compel Opp.) at 4, n.8. Rather, Plaintiffs' communications with Velador ███████████████████████████████████

████████ Ex. 17 (Edwards Tr.) at 91:5-19 ████████████████████

██████████████████████████████████████ Any testimony from Mr. Hastings about his time at Velador was two years prior to Plaintiffs engaging counsel and, accordingly, not protected by attorney-client privilege.

Nor can Plaintiffs argue that Mr. Hastings' testimony would be protected from disclosure as attorney work product. Any attorney work product claim necessitates that the material in

question was prepared by a party or its representative. *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, at *9 (S.D.N.Y. Oct. 2, 2008). Yet, according to Edwards himself, ███████████████████████████████████████████████

██████████ Ex. 17 (Edwards Tr.) at 83:8-14 ████████████████████████████████

███████████████████████ *id.* at 142:3-6 ██████████████████████████████

Indeed, Mr. Hastings would be testifying about information he learned from his time at *Currenex* that he later shared with Velador. Certainly, Mr. Hastings' recitation of Currenex's own information cannot be protected from disclosure back to Currenex. Accordingly, Plaintiffs cannot claim that Mr. Hastings' answers to questions at his deposition would be protected from disclosure as attorney work product.

Absent grounds to raise either attorney-client privilege or attorney work product protection, Plaintiffs cannot prohibit Mr. Hastings' testimony on any privilege grounds.

### c. Testimony of Messrs. Sarmo and Hastings is relevant to the claims and defenses in this Action.

Messrs. Sarmo and Hastings testimony is relevant to an element of Plaintiffs' fraud claim, to Plaintiff's claims of alleged damages and to Defendants' defense that Plaintiffs understood that the Platform did not operate on a strict FIFO basis, including prior to the statute of limitations periods applicable to Plaintiffs' claims. *See Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)) (holding that a matter is considered "relevant" if it "bears on, or [] reasonably could lead to other matter that could bear on any party's claim or defense."). Accordingly, such testimony is well within the broad scope of Fed. R. Civ. P. 26.

Defendants' request is also proportional to the needs of the case. Defendants seek a one-day deposition for each Mr. Sarmo and Mr. Hastings and intend to confine their questioning to Mr.

Sarmo's employment at DSquare and Mr. Hastings' employment at Currenex and his communications to Velador about that employment. Defendants' proposed letters rogatory enumerate specific topics upon which they seek to collect evidence from Messrs. Sarmo and Hastings. Ex. A at 8. Given the importance of Messrs. Sarmo's and Hastings's potential testimony and the targeted nature of the proposed discovery, Defendants' request is proportionate and sufficiently tailored to the needs of the case.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants request that this Court grant this motion and issue the letters rogatory attached as Exhibit A.

DATED:   September 18, 2025
New York, New York

ROPES & GRAY LLP

/s/ Alexander B. Simkin
Gregg L. Weiner
Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-5000
Facsimile: (212) 596-9090
Email: gregg.weiner@ropesgray.com
Email: alexander.simkin@ropesgray.com

Robert G. Jones (*pro hac vice*)
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951 7000
Facsimile: (617) 951 7050
Email: robert.jones@ropesgray.com

Samer Musallam (*pro hac vice*)
2099 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Email: samer.musallam@ropesgray.com

*Counsel for Defendants Currenex, Inc., State Street Bank and Trust Company, and State Street Global Markets International Limited*

KATTEN MUCHIN ROSENMAN LLP

/s/ Peter G. Wilson
Peter G. Wilson
Elliott M. Bacon
525 W Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Email: peter.wilson@katten.com
Email: elliott.bacon@katten.com

*Counsel for Defendant HC Technologies, LLC*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Carmine D. Boccuzzi Jr.
Carmine D. Boccuzzi Jr.
Rishi N. Zutshi
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Email: cboccuzzi@cgsh.com
Email: rzutshi@cgsh.com

*Counsel for Defendant Goldman Sachs & Co. LLC*

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMAR FINANCIAL COMPANY, LLC; IRISH BLUE & GOLD, INC.; XTX MARKETS LIMITED; and DSQUARE TRADING LIMITED,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>CURRENEX, INC.; GOLDMAN SACHS & CO. LLC; HC TECHNOLOGIES, LLC; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS INTERNATIONAL LIMITED; and JOHN DOE DEFENDANTS 1-5,<br><br>　　　　　　　　　　Defendants. | Case No. 21-cv-06598 |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO COMPEL EVIDENCE FROM A UNITED KINGDOM WITNESS PURSUANT TO THE 1970 HAGUE CONVENTION ON THE TAKING OF EVIDENCE IN CIVIL AND COMMERCIAL MATTERS

FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK TO THE JUDICIAL AUTHORITY IN THE UNITED KINGDOM, GREETINGS:

The United States District Court for the Southern District of New York, in the United States of America, presents its compliments to the Senior Master of the High Court (King's Bench Division) of England and Wales, and requests assistance in obtaining evidence to be used in a civil proceeding before this Court in the above-captioned matter (the "Action").

This request is made pursuant to, and in conformity with *the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters* (the "Convention"), to which both the United States and the United Kingdom are a party.

The purpose of this Letter of Request (the "Request") is to obtain testimony for use at trial from a non-party witness who resides within your jurisdiction, Mr. Jad Sarmo, the former Head of Technology at DSquare Trading Limited (one of the Named Plaintiffs in the Action), who held that position during the relevant period at issue in the Action. The District Court considers that the evidence sought is directly relevant to the claims and defenses in the Action and that the witness has been identified as likely to have information that bear on the issues in dispute.

In conformity with Article 3 of the Convention, this Court respectfully submits the following Request. This Court requests the assistance of an appropriate English judicial officer to compel the appearance of Mr. Sarmo to give sworn testimony on the subject matters and for the date ranges as described in this Request.

WE THEREFORE REQUEST that in the interests of justice you issue an order by your proper and usual process summoning said witness to appear before a duly appointed Examiner of the Court forthwith to give testimony under oath by questions and answers upon oral deposition, such deposition to continue day to day until completion.

IT IS FURTHER REQUESTED that said Examiner cause said deposition to be reduced to writing and cause said deposition, with all exhibits marked and attested, to be returned to the Honorable Lewis A. Kaplan under cover duly sealed and addressed to the Clerk of the United States District Court for the Southern District of New York, United States of America, for return thereto, and we shall be ready and willing to do the same for you in a similar case when required.

This Court is authorized by Title 28, United States Code, sections 1781 and 1782 to extend similar assistance on request of the judicial authorities of England and Wales.

The United States District Court for the Southern District of New York, through the offices of the representatives of Defendants, is prepared to reimburse your court and/or office for all costs incurred in executing the instant Request and the assurance of its highest consideration.

The particulars of this Hague Evidence Request are as follows:

1. **SENDER**
   Honorable Lewis A. Kaplan
   United States District Judge
   Southern District of New York
   Daniel Patrick Moynihan
   United States Courthouse
   500 Pearl Street
   Court Room 21B
   New York, NY 10007-1312

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**
   Competent Authority for England and Wales
   Senior Master of the King's Bench Division
   High Court of Justice
   Strand
   London, WC2A 2LL
   England

3. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**
   Robert Jones
   800 Boylston Street
   Boston, Massachusetts 02199
   Telephone: +1 (617) 951-7000
   Facsimile: +1 (617) 951-7050
   Email: robert.jones@ropesgray.com

   Alexander B. Simkin
   1211 Avenue of the Americas
   New York, New York 10036
   Telephone: +1 (212) 596-5000
   Facsimile: +1 (212) 596-9090
   Email: alexander.simkin@ropesgray.com

Ariel Leung
60 Ludgate Hill
London, GB EC4M 7AW
+44 20 3201 1660 x84-1660
Fax: +44 20 3201 1501
Email: ariel.leung@ropesgray.com

On behalf of:

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY  10007-1312

## 4. SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST

The requesting authority would greatly appreciate a response to the Request for Assistance within 21 days or as soon thereafter as is practicable.

## 5. IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

### a. Requesting judicial authority (article 3(a))

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY  10007-1312

### b. To the competent authority of (article 3(a))

The United Kingdom of Great Britain and Northern Ireland

### c. Name of case and identifying number

*Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

**6. NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (INCLUDING REPRESENTATIVES IN THE REQUESTING STATE) (article 3(b))**

**a. Plaintiff**

**Edmar Financial Company, LLC**
1935 Princess Ct.
Naples, Florida 34110
United States of America

**IRISH BLUE & GOLD, INC.**
2nd Floor, Saffrey Square,
Bank Lane, Suite 201B
Nassau 1132, Bahamas

**XTX MARKETS LIMITED**
64th Floor
50 Hudson Yards
New York, NY 10001
United States of America
Telephone: +1 (212) 660-9930

**DSquare Trading Limited**
35 Ballards Lane
London
N3 1XW
United Kingdom

**Representatives**

**Quinn Emanuel Urquhart & Sullivan, LLP**
Daniel L. Brockett
295 Fifth Avenue
New York, NY 10016
+1 (212) 849-7517 Direct
+1 (212) 849-7000 Main Office Number
+1 (212) 849-7100 FAX
danbrockett@quinnemanuel.com

Jeremy D. Andersen
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
+1 (213) 443-3685
jeremyandersen@quinnemanuel.com

**Zigler Law Group LLC**
Aaron M. Zigler
308 S. Jefferson St., Suite 333
Chicago, IL 60661

+1 (312) 535-5955
aaron@ziglerlawgroup.com

**Ruddy Gregory PLLC**
Mark Ruddy
1225 15th St NW
Washington, DC 20005
+1 (202) 797-0762
mruddy@ruddylaw.com

### b. Defendants

**Currenex, Inc.**
1290 Avenue of The Americas, 6th Floor
New York, NY 10104
United States of America

**State Street Global Markets International Limited**
20 Churchill Place
Canary Wharf, London,
E14 5HJ,
United Kingdom

**State Street Bank and Trust Company**
1 Lincoln Street
Boston, MA 02111
United States of America

**Goldman Sachs & Co. LLC**
200 West Street
New York, NY 10282
United States of America

**HC Technologies, LLC**
10 South Riverside Plaza, Suite 875
Chicago, IL 60606
United States of America

### Representatives

**Cleary Gottlieb Steen & Hamilton**
Carmine D. Boccuzzi Jr.
One Liberty Plaza
New York, NY 10006
cboccuzzi@cgsh.com
T: +1 (212) 225-2508

Rishi N. Zutshi
One Liberty Plaza

New York, NY 10006
rzutshi@cgsh.com
T: +1 (212) 225-2085

**Katten Muchin & Rosenman**
Peter G. Wilson
525 West Monroe Street
Chicago, IL 60661-3693
peter.wilson@katten.com
+1 (312) 902-5649

Elliott M. Bacon
525 West Monroe Street
Chicago, IL 60661-3693
elliott.bacon@katten.com
+1 (312) 902-5608

**Ropes & Gray LLP**
Robert Jones
800 Boylston Street
Boston, Massachusetts 02199
Telephone: +1 (617) 951-7000
Facsimile: +1 (617) 951-7050
Email: robert.jones@ropesgray.com

Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: +1 (212) 596-5000
Facsimile: +1 (212) 596-9090
Email: alexander.simkin@ropesgray.com

Ariel Leung
60 Ludgate Hill
London, GB EC4M 7AW
+44 20 3201 1660 x84-1660
Fax: +44 20 3201 1501
Email: ariel.leung@ropesgray.com

## 7. NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS

This litigation has been brought by Named Plaintiffs Edmar Financial Company, LLC, Irish Blue & Gold, Inc., XTX Markets Limited, and DSquare Trading Limited (collectively, "Plaintiffs").

Plaintiffs allege that Currenex had agreements with certain users of the Platform, including State Street Bank, Goldman Sachs & Co. LLC ("Goldman"), and HC Technologies LLC ("HC Tech") (collectively, the "Trading Defendants," and together with Currenex and State Street Global, the "Defendants"), to provide them with certain Platform benefits.

Plaintiffs' allege two categories of conduct. First, Plaintiffs claim that the algorithm used by the Currenex Platform to match trades included tiebreaking rules that allegedly prioritized the Trading Defendants' bids over other bids at the exact same price, even if those other bids had been submitted first. Second, Plaintiffs claim that HC Tech was allegedly given "administrator-level access" on the Platform, supposedly allowing it to view the activity of all Platform participants.

Defendants deny Plaintiffs' allegations and assert that Plaintiffs' claims are barred, in whole or in part, for several reasons, including (1) estoppel; (2) statute of limitations; (3) lack of standing; (4) lack of damages; (5) and lack of proximate or actual cause.


The Defendants' Answer

Defendants substantially deny Plaintiff's allegations and/or deny knowledge or information sufficient as to form a belief as to the truth or falsity of those allegations, or state that the Complaint contains conclusions of law to which no response is required.


Relevance of the Evidence Sought

The subject matter for the examination of Mr. Sarmo will relate to his knowledge of and/or involvement in the following:

1. The criteria that DSquare used to select which FX trading venues to trade on, during Mr. Sarmo's term of employment with DSquare.
2. The factors DSquare considered in deciding to trade on the Currenex Platform, including any disclosures or representations made by Defendants that DSquare considered in deciding whether to trade, and whether to continue to trade, on the Currenex Platform.
3. The service agreements between DSquare and Currenex, including the negotiation of the terms of those service agreements and any fees DSquare agreed to pay for the services governed by the service agreements.
4. DSquare's knowledge and understanding of the Currenex Platform's matching logic, including with respect to the Currenex Platform's use of prioritization.
5. Mr. Sarmo's knowledge and understanding of whether the Currenex Platform operated as a central limit order book and/or on a strict first-in-first-out basis.
6. Mr. Sarmo's knowledge and understanding of the operation of the Currenex Platform, including without limitation, with respect to (i) how ties were decided, and (ii) which prices a given user was able to see, including when and how Mr. Sarmo came to have such understanding.
7. Mr. Sarmo's interactions with Currenex regarding the Currenex Platform.
8. DSquare's decision and surrounding discussions to partake in the present Action, and any analyses DSquare performed related to the alleged damages claimed in this Action.

**8. EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED**

The taking of testimony for use in court of Mr. Sarmo concerning his prior employment by DSquare Trading Limited. This individual is not a party to this case and is only a witness in this matter.

**9. IDENTITY AND ADDRESS OF ANY PERSON TO BE EXAMINED**

Mr. Jad Sarmo
69 Finlay Street
London, GB SW6 6HF

**10. QUESTIONS TO BE PUT TO THE PERSONS TO BE EXAMINED OR STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THEY ARE TO BE EXAMINED (article 3(f))**

The subject matter for the examination of Mr. Sarmo will be limited to his knowledge of and/or his involvement in matters (1) – (8) as listed in Section 7 above under the heading "Relevance of the Evidence Sought."

**11. ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED**

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with English law. The testimony shall be given under oath.

**12. SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED**

The District Court respectfully requests, with respect to the oral testimony being sought:

(1) that the High Court appoint an Examiner for the purpose of compelling oral testimony from the witness for use at trial;
(2) that the parties' representatives or their designees, a court reporter and a videographer be permitted to be present during the examination; that the parties' representatives or designees be permitted to examine and cross-examine the witness directly; and that a court reporter and videographer be permitted to make a verbatim record of the proceedings; and
(3) in connection with the taking of testimony of the witness, the parties have permission to refer the witness to documents previously produced or available in the Action.

**13. REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (article 7)**

Please notify the following counsel regarding the time and place for the execution of the Request:

Robert Jones

800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
Email: robert.jones@ropesgray.com

Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-5000
Facsimile: (212) 596-9090
Email: alexander.simkin@ropesgray.com

Ariel Leung
60 Ludgate Hill
London, GB EC4M 7AW
+44 20 3201 1660 x84-1660
Fax: +44 20 3201 1501
Email: ariel.leung@ropesgray.com

## 15. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST

None.

## 16. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN

In relation to claims for privilege under the laws of the United States or the laws of England and Wales, regard shall be had to Section 3 of the Evidence (Proceedings in Other Jurisdictions) Act 1975.

For the avoidance of doubt, under the laws of the United States, a witness has the privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice.

Parties also enjoy limited privileges on other grounds not relevant here such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.

U.S. laws also recognize a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created

as the work product of attorneys engaged by and working on behalf of a client during or in anticipation of litigation.

## 17. FEES AND COSTS

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Defendants.

## 18. DATE OF REQUEST

September ___, 2025.

UNITED STATES OF AMERICA
United States District Court
AUTHORITY for the Southern District of New York

By: _____
Honorable Lewis A. Kaplan
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007
United States


SEAL OF COURT

| | |
|---|---|
| EDMAR FINANCIAL COMPANY, LLC; IRISH BLUE & GOLD, INC.; XTX MARKETS LIMITED; and DSQUARE TRADING LIMITED, | Case No. 21-cv-06598 |
| Plaintiffs, | |
| vs. | |
| CURRENEX, INC.; GOLDMAN SACHS & CO. LLC; HC TECHNOLOGIES, LLC; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS INTERNATIONAL LIMITED; and JOHN DOE DEFENDANTS 1-5, | |
| Defendants. | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO COMPEL
EVIDENCE FROM A UNITED KINGDOM
WITNESS PURSUANT TO THE 1970 HAGUE CONVENTION ON THE TAKING OF
EVIDENCE IN CIVIL AND COMMERCIAL MATTERS**

FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK TO THE JUDICIAL AUTHORITY IN THE UNITED KINGDOM, GREETINGS:

The United States District Court for the Southern District of New York, in the United States of America, presents its compliments to the Senior Master of the High Court (King's Bench Division) of England and Wales, and requests assistance in obtaining evidence to be used in a civil proceeding before this Court in the above-captioned matter (the "Action").

This request is made pursuant to, and in conformity with *the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters* (the "Convention"), to which both the United States and the United Kingdom are a party.

The purpose of this Letter of Request (the "Request") is to obtain testimony for use at trial from a non-party witness who resides within your jurisdiction, Mr. David Hastings, a former Global Strategic Relationship employee at Currenex, Inc. (one of the Defendants in the Action), who held that position during the relevant period at issue in the Action. The District Court considers that the evidence sought is directly relevant to the claims and defenses in the Action and that the witness has been identified as likely to have information that bear on the issues in dispute.

In conformity with Article 3 of the Convention, this Court respectfully submits the following Request. This Court requests the assistance of an appropriate English judicial officer to compel the appearance of Mr. Hastings to give sworn testimony on the subject matters and for the date ranges as described in this Request.

WE THEREFORE REQUEST that in the interests of justice you issue an order by your proper and usual process summoning said witness to appear before a duly appointed Examiner of the Court forthwith to give testimony under oath by questions and answers upon oral deposition, such deposition to continue day to day until completion.

IT IS FURTHER REQUESTED that said Examiner cause said deposition to be reduced to writing and cause said deposition, with all exhibits marked and attested, to be returned to the Honorable Lewis A. Kaplan under cover duly sealed and addressed to the Clerk of the United States District Court for the Southern District of New York, United States of America, for return thereto, and we shall be ready and willing to do the same for you in a similar case when required.

This Court is authorized by Title 28, United States Code, sections 1781 and 1782 to extend similar assistance on request of the judicial authorities of England and Wales.

The United States District Court for the Southern District of New York, through the offices of the representatives of Defendants, is prepared to reimburse your court and/or office for all costs incurred in executing the instant Request and the assurance of its highest consideration.

The particulars of this Hague Evidence Request are as follows:

3. **SENDER**
   Honorable Lewis A. Kaplan
   United States District Judge
   Southern District of New York
   Daniel Patrick Moynihan
   United States Courthouse
   500 Pearl Street
   Court Room 21B
   New York, NY 10007-1312

4. **CENTRAL AUTHORITY OF THE REQUESTED STATE**
   Competent Authority for England and Wales
   Senior Master of the King's Bench Division
   High Court of Justice
   Strand
   London, WC2A 2LL
   England

3. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**
   Robert Jones
   800 Boylston Street
   Boston, Massachusetts 02199
   Telephone: +1 (617) 951-7000
   Facsimile: +1 (617) 951-7050
   Email: robert.jones@ropesgray.com

   Alexander B. Simkin
   1211 Avenue of the Americas
   New York, New York 10036
   Telephone: +1 (212) 596-5000
   Facsimile: +1 (212) 596-9090
   Email: alexander.simkin@ropesgray.com

Ariel Leung
60 Ludgate Hill
London, GB EC4M 7AW
+44 20 3201 1660 x84-1660
Fax: +44 20 3201 1501
Email: ariel.leung@ropesgray.com

On behalf of:

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY 10007-1312

## 4. SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST

The requesting authority would greatly appreciate a response to the Request for Assistance within 21 days or as soon thereafter as is practicable.

## 5. IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

### a. Requesting judicial authority (article 3(a))

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY 10007-1312

### b. To the competent authority of (article 3(a))

The United Kingdom of Great Britain and Northern Ireland

### c. Name of case and identifying number

*Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

**6. NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (INCLUDING REPRESENTATIVES IN THE REQUESTING STATE) (article 3(b))**

**a. Plaintiff**

**Edmar Financial Company, LLC**
1935 Princess Ct.
Naples, Florida 34110
United States of America

**IRISH BLUE & GOLD, INC.**
2nd Floor, Saffrey Square,
Bank Lane, Suite 201B
Nassau 1132, Bahamas

**XTX MARKETS LIMITED**
64th Floor
50 Hudson Yards
New York, NY 10001
United States of America
Telephone: +1 (212) 660-9930

**DSquare Trading Limited**
35 Ballards Lane
London
N3 1XW
United Kingdom


**Representatives**

**Quinn Emanuel Urquhart & Sullivan, LLP**
Daniel L. Brockett
295 Fifth Avenue
New York, NY 10016
+1 (212) 849-7517 Direct
+1 (212) 849-7000 Main Office Number
+1 (212) 849-7100 FAX
danbrockett@quinnemanuel.com

Jeremy D. Andersen
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
+1 (213) 443-3685
jeremyandersen@quinnemanuel.com

**Zigler Law Group LLC**
Aaron M. Zigler
308 S. Jefferson St., Suite 333

Chicago, IL 60661
+1 (312) 535-5955
aaron@ziglerlawgroup.com

**Ruddy Gregory PLLC**
Mark Ruddy
1225 15th St NW
Washington, DC 20005
+1 (202) 797-0762
mruddy@ruddylaw.com

## b. Defendants

**Currenex, Inc.**
1290 Avenue of The Americas, 6th Floor
New York, NY 10104
United States of America

**State Street Global Markets International Limited**
20 Churchill Place
Canary Wharf, London,
E14 5HJ,
United Kingdom

**State Street Bank and Trust Company**
1 Lincoln Street
Boston, MA 02111
United States of America

**Goldman Sachs & Co. LLC**
200 West Street
New York, NY 10282
United States of America

**HC Technologies, LLC**
10 South Riverside Plaza, Suite 875
Chicago, IL 60606
United States of America

## Representatives

**Cleary Gottlieb Steen & Hamilton**
Carmine D. Boccuzzi Jr.
One Liberty Plaza
New York, NY 10006
cboccuzzi@cgsh.com
T: +1 (212) 225-2508

Rishi N. Zutshi

One Liberty Plaza
New York, NY 10006
rzutshi@cgsh.com
T: +1 (212) 225-2085

**Katten Muchin & Rosenman**
Peter G. Wilson
525 West Monroe Street
Chicago, IL 60661-3693
peter.wilson@katten.com
+1 (312) 902-5649

Elliott M. Bacon
525 West Monroe Street
Chicago, IL 60661-3693
elliott.bacon@katten.com
+1 (312) 902-5608

**Ropes & Gray LLP**
Robert Jones
800 Boylston Street
Boston, Massachusetts 02199
Telephone: +1 (617) 951-7000
Facsimile: +1 (617) 951-7050
Email: robert.jones@ropesgray.com

Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: +1 (212) 596-5000
Facsimile: +1 (212) 596-9090
Email: alexander.simkin@ropesgray.com

Ariel Leung
60 Ludgate Hill
London, GB EC4M 7AW
+44 20 3201 1660 x84-1660
Fax: +44 20 3201 1501
Email: ariel.leung@ropesgray.com

## 7. NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS

This litigation has been brought by Named Plaintiffs Edmar Financial Company, LLC, Irish Blue & Gold, Inc., XTX Markets Limited, and DSquare Trading Limited (collectively, "Plaintiffs").

Plaintiffs allege that Currenex had agreements with certain users of the Platform, including State Street Bank, Goldman Sachs & Co. LLC ("Goldman"), and HC Technologies LLC ("HC Tech") (collectively, the "Trading Defendants," and together with Currenex and State Street Global, the "Defendants"), to provide them with certain Platform benefits.

Plaintiffs' allege two categories of conduct. First, Plaintiffs claim that the algorithm used by the Currenex Platform to match trades included tiebreaking rules that allegedly prioritized the Trading Defendants' bids over other bids at the exact same price, even if those other bids had been submitted first. Second, Plaintiffs claim that HC Tech was allegedly given "administrator-level access" on the Platform, supposedly allowing it to view the activity of all Platform participants.

Defendants deny Plaintiffs' allegations and assert that Plaintiffs' claims are barred, in whole or in part, for several reasons, including (1) estoppel; (2) statute of limitations; (3) lack of standing; (4) lack of damages; (5) and lack of proximate or actual cause.

The Defendants' Answer

Defendants substantially deny Plaintiff's allegations and/or deny knowledge or information sufficient as to form a belief as to the truth or falsity of those allegations, or state that the Complaint contains conclusions of law to which no response is required.

Relevance of the Evidence Sought

The subject matter for the examination of Mr. Hastings will relate to his knowledge of and/or involvement in the following:

1. The Currenex Platform's tiebreaking function during his employment at Currenex from 2006 to 2009;
2. The Currenex Platform's "last look" function during his employment at Currenex from 2006 to 2009;
3. The Currenex Platform's functions that relate to tiebreaking or "last look" functions during his employment at Currenex from 2006 to 2009;
4. Currenex's communications about tiebreaking, "last look," and related functions of the Platform, to third parties (including Named Plaintiffs);
5. Mr. Hastings' communications with Colin Lloyd and others at Velador regarding the Platform, including tiebreaking and "last look" functions of the Platform; and
6. The Scope of Mr. Hastings' work for Velador in or around January 2019 to December 2019.

**8. EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED**

The taking of testimony for use in court of Mr. Hastings' concerning the topics listed above. This individual is not a party to this case and is only a witness in this matter.

## 9. IDENTITY AND ADDRESS OF ANY PERSON TO BE EXAMINED

Mr. David Hastings
10 Hollydale Drive
Keston, Kent
BR2 8QL
United Kingdom

## 10. QUESTIONS TO BE PUT TO THE PERSONS TO BE EXAMINED OR STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THEY ARE TO BE EXAMINED (article 3(f))

The subject matter for the examination of Mr. Hastings will be limited to his knowledge of and/or his involvement in matters 1-6 as listed in Section 7 above under the heading "Relevance of the Evidence Sought."

## 11. ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with English law. The testimony shall be given under oath.

## 12. SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED

The District Court respectfully requests, with respect to the oral testimony being sought:

(1) that the High Court appoint an Examiner for the purpose of compelling oral testimony from the witness for use at trial;
(2) that the parties' representatives or their designees, a court reporter and a videographer be permitted to be present during the examination; that the parties' representatives or designees be permitted to examine and cross-examine the witness directly; and that a court reporter and videographer be permitted to make a verbatim record of the proceedings; and
(3) in connection with the taking of testimony of the witness, the parties have permission to refer the witness to documents previously produced or available in the Action.

## 13. REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (article 7)

Please notify the following counsel regarding the time and place for the execution of the Request:

Robert Jones
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
Email: robert.jones@ropesgray.com

Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-5000
Facsimile: (212) 596-9090
Email: alexander.simkin@ropesgray.com

Ariel Leung
60 Ludgate Hill
London, GB EC4M 7AW
+44 20 3201 1660 x84-1660
Fax: +44 20 3201 1501
Email: ariel.leung@ropesgray.com

## 15. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST

None.

## 16. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN

In relation to claims for privilege under the laws of the United States or the laws of England and Wales, regard shall be had to Section 3 of the Evidence (Proceedings in Other Jurisdictions) Act 1975.

For the avoidance of doubt, under the laws of the United States, a witness has the privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice.

Parties also enjoy limited privileges on other grounds not relevant here such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.

U.S. laws also recognize a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created as the work product of attorneys engaged by and working on behalf of a client during or in anticipation of litigation.

## 17. FEES AND COSTS

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Defendants.

## 18. DATE OF REQUEST

September____, 2025.

UNITED STATES OF AMERICA
United States District Court
AUTHORITY for the Southern District of New York

By: _____
Honorable Lewis A. Kaplan
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007
United States

SEAL OF COURT