quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

September 23, 2025

<u>BY ECF</u>

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY  10007-1312

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598
      Plaintiffs' Response to Defendants' Letter Motion to Seal Motion for the Issuances of Letters Rogatory

Dear Judge Kaplan:

On behalf of Plaintiffs, we respectfully submit this response to request that five exhibits and the relevant portions of Defendants' motion for the issuances of letters rogatory (the "Motion") remain under seal.  *See* ECF Nos. 251 (sealing letter), 252 (Motion referencing under-seal Exhibits), and 252-6, 252-7, 252-8, 252-9, and 252-17 (the "Exhibits" at issue).

We designated Exhibits 252-6, 252-7, 252-8, and 252-9 as "Highly Confidential" pursuant to the Court's Protective Order, ECF No. 113, because they include "material regarding trading and investment strategies" of Plaintiff DSquare Trading Limited.  Courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."  *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (collecting cases).  Protected information can include specific details about trades or trading activity.  *See, e.g.*, *In re Tether & Bitfinex Crypto Asset Litig.*, 2024 WL 3520363, at *21 (S.D.N.Y. July 24, 2024) (accepting redactions of trading details).  Such issues can outweigh the presumption in favor of public access to judicial documents.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Here, Exhibits 252-6, 252-7, 252-8, and 252-9 show interactions that DSquare directors had when deciding how to execute trading activity.  DSquare's business was built on keeping its

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

trading decisions secret, and decisions on how to trade and with whom remain commercially sensitive.

We designated Exhibit 252-17 as "Highly Confidential" pursuant to the Court's Protective Order, ECF No. 113, because it includes information concerning non-public, confidential, and privileged investigations of other law firms that Plaintiffs Edmar Financial Company, LLC and Irish Blue & Gold, Inc were in contact with. Documents should remain sealed if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. There is significant public interest in maintaining the confidentiality of communications between attorney and client and "this is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003).

Here, Exhibit 252-17 discusses investigative steps taken by attorneys and the related communications and interactions with representatives of Edmar and Irish Blue & Gold.

For all the reasons set forth above, the Court should order that the Exhibits and references in Defendants' Motion remain sealed.

Respectfully submitted,

 */s/ Daniel L. Brockett*

  Daniel L. Brockett

cc: Counsel of Record