# CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.
ASIA
BEIJING
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2085
rzutshi@cgsh.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Court Room 21B
New York, New York 10007-1312

      Re: *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598 (LAK) (S.D.N.Y.), Defendant Goldman Sachs & Co. LLC's <u>Response to Plaintiffs' Letter Motion to Seal</u>

Dear Judge Kaplan:

      On behalf of Defendant Goldman Sachs & Co. LLC ("Goldman"), we respectfully submit this response to request that two documents referenced in and attached as exhibits to Plaintiffs' motion to compel (the "Motion") remain under seal. *See* ECF Nos. 257 (letter motion to seal); 258 (letter motion to compel); 258.04 (exhibit at issue); and 258.05 (exhibit at issue).

      The two documents are (1) an amended services agreement between Goldman and the Currenex FX platform reflecting commission rates paid by Goldman for use of the Currenex platform; and (2) excerpts from a deposition transcript of a former Goldman employee discussing those commission rates. The Court previously granted a sealing request for a draft of the same amended services agreement between Goldman and the Currenex FX platform, and the same logic supports the sealing of the closely related documents at issue here. *See* ECF Nos. 175 (response to prior letter motion to seal); 174.04 (draft amended services agreement); and 232 (order granting letter motion to seal). It is clear from the face of the documents that they contain sensitive financial and proprietary information about the commission rates that Goldman paid for use of the Currenex platform. As a result, both documents were appropriately designated as "Highly Confidential" pursuant to the Court's Protective Order and should be redacted because their disclosure could cause competitive harm to Goldman. Courts have recognized that documents that reflect "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction" and routinely permit parties to redact documents like the two at

Hon. Lewis A. Kaplan, p. 2

issue here. *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017); *see also Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

The Second Circuit has also made clear that where the documents at issue "play only a negligible role" in a court's execution of its Article III duties, "the weight of the presumption [of public access] is low. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995). Here, redaction is appropriate because Plaintiffs' citation to the two documents is irrelevant to the central issue raised in Plaintiffs' Motion, which includes no request to compel discovery of Goldman commission rates or Goldman's service agreements with the Currenex platform. Even beyond the fact that Plaintiffs mischaracterize the cited deposition testimony, the documents provide no further information on Plaintiffs' supposed need for additional discovery at this late stage of the litigation. Nor do they have any bearing on whether Currenex maintains centralized sources containing the fee information that Plaintiffs seek.

For the reasons set forth above, the Court should order that the exhibits at issue and references to these exhibits in Plaintiffs' Motion remain sealed.

Dated: September 24, 2025
       New York, New York

                                         Respectfully submitted,

                                         */s/ Rishi N. Zutshi*
                                         Carmine D. Boccuzzi, Jr.
                                         (cboccuzzi@cgsh.com)
                                         Rishi N. Zutshi
                                         (rzutshi@cgsh.com)
                                         CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                         One Liberty Plaza
                                         New York, New York 10006
                                         T: 212-225-2000
                                         F: 212-225-3999

                                         Attorneys for Defendant Goldman Sachs & Co. LLC

cc: Counsel of Record