# [FILED UNDER SEAL]
# Ex. B: Email from M. Gaioni to T. Lepri
# September 16, 2025

| | |
|---|---|
| **From:** | Gaioni, Mark |
| **To:** | Timothy Nagle; Beck, Deanna; Tom Lepri; Jones, Robert; Musallam, Samer; Simkin, Alexander; cboccuzzi@cgsh.com; jwenck@cgsh.com; rzutshi@cgsh.com; elliott.bacon@katten.com; michaela.holcombe@katten.com; peter.wilson@katten.com |
| **Cc:** | Jeremy Andersen; Vinay Basti; aaron@ziglerlawgroup.com |
| **Subject:** | RE: Edmar v. Currenex (Plaintiffs" 5th RFPs) |
| **Date:** | Tuesday, September 16, 2025 4:35:23 PM |

Tim,

We write in response to Plaintiffs' September 15, 2025 email below.

*First*, with regard to Plaintiffs' request for documents concerning what your email refers to as "special software," but which we understand was often referred to at Currenex as the CME Futures to Cash Tool, the CME Tool, or the CME Bridge, we agreed in our August 8, 2025 responses and objections to conduct a reasonable search in connection with each of the Requests in question, and to produce any non-privileged, responsive documents identified as a result of reasonable efforts. Our review is now complete, and responsive documents will be produced to Plaintiffs this week. If Plaintiffs wanted to meet and confer about the search terms to be used in the review, the time to do so was at the start of the review, not the eve of the fact discovery deadline and after the review has been substantially completed. That said, we are happy to disclose the supplemental search terms we added to our search, which were:

- "special software"
- CME w/5 ("futures to cash" OR bridge OR tool)

In terms of the further additional terms you proposed for the first time on September 15, they hit on well over 100,000 documents (including family members). These terms do not appear to be appropriately tailored to the requests and, in all events, there is not time to complete a substantial additional document review like this without making material modifications to the case schedule. If you want to discuss modifying the case schedule so there is time for additional document review, we are happy to have that conversation with you. That said, if (i) it will resolve this issue and (ii) DSquare is reviewing the additional search terms we proposed on September 4, we are willing to do a further supplemental review of documents that hit on the following more-targeted terms that you proposed, which—if agreed promptly—can likely be done without substantial modifications to the case schedule (although certainly not by Friday):

- IP w/20 brokerage
- IP w/20 "forward prices"
- "intellectual property" w/20 brokerage
- "intellectual property" w/20 EBS
- "intellectual property" w/20 "forward prices"
- "intellectual property" w/20 stream*
- proprietary w/20 "forward prices"
- "special software w/20 brokerage
- "special software" w/20 CME

- "special software" w/20 EBS
- "special software" w/20 "forward prices"
- "special software" w/20 futures
- "special software" w/20 Reuters
- "special software" w/20 stream*
- "synthetic spot" w/20 brokerage
- "synthetic spot" w/20 CME
- "synthetic spot" w/20 EBS
- "synthetic spot w/20 "forward prices"
- "synthetic spot" w/20 futures
- "synthetic spot" w/20 stream*

We are happy to discuss live, and we can be available Wednesday at 12pm ET.

*Second*, with regard to Plaintiffs' request for "source code," for OXOTA, that is simply not relevant to the case, let alone proportionate at this late stage. Plaintiffs' speculation about OXOTA is contrary to the facts. The OXOTA tool enabled Platform participants using the tool to identify triangular arbitrage opportunities that they could execute on by submitting orders that would then be subject to the Platform's matching engine, just as if they had been placed without the OXOTA tool. Likewise, the CME tool converted FX futures to spot prices which, again, could be executed on by submitting prices that would be subject to the Platform's matching engine, just as if they had been placed without the CME tool. Neither piece of software had anything to do with tiebreaking, and there is no factual basis for Mr. Burrlock's uninformed speculation that the OXOTA tool executed trades before they entered the order book.

The timing of this request, more than two years into this case and more a month after Currenex/State Street served their written responses, but shortly after Defendants' motion to compel XTX's computer code and data (ECF No. 229), makes clear that this is transparent effort at retaliation for Defendants' good-faith request for XTX's automated trading code, certain data from XTX's price generation source code, and the code for and emails generated by XTX's Automated Liquidity Management System. Unlike Defendants' pending request, which could not have been brought earlier because of Plaintiffs' misdirection and deceit about XTX's trading approach, there is no reason why Plaintiffs could not have made this request at the outset of discovery if they thought it were relevant.

Given the substantive points raised above, we see no reason to produce the requested source code. We are available to discuss during a meet and confer.

Thanks,
Mark

**Mark S. Gaioni**
**ROPES & GRAY LLP**
T +1 310 975 3274 | M +1 314 422 4275
10250 Constellation Boulevard, 21st Floor

Los Angeles, CA 90067
Mark.Gaioni@ropesgray.com
www.ropesgray.com
pronouns: he/him/his

**From:** Timothy Nagle <timothynagle@quinnemanuel.com>
**Sent:** Monday, September 15, 2025 8:31 AM
**To:** Beck, Deanna <Deanna.Beck@ropesgray.com>; Tom Lepri <thomaslepri@quinnemanuel.com>; Gaioni, Mark <Mark.Gaioni@ropesgray.com>; Jones, Robert <Robert.Jones@ropesgray.com>; Musallam, Samer <Samer.Musallam@ropesgray.com>; Simkin, Alexander <Alexander.Simkin@ropesgray.com>; cboccuzzi@cgsh.com; jwenck@cgsh.com; rzutshi@cgsh.com; elliott.bacon@katten.com; michaela.holcombe@katten.com; peter.wilson@katten.com
**Cc:** Jeremy Andersen <jeremyandersen@quinnemanuel.com>; Vinay Basti <vinaybasti@quinnemanuel.com>; aaron@ziglerlawgroup.com
**Subject:** RE: Edmar v. Currenex (Plaintiffs' 5th RFPs)



**THIS MESSAGE IS FROM AN EXTERNAL SENDER**
This message came from a sender outside of Ropes & Gray

Counsel,

We write to address Currenex, State Street Bank, and State Street Global's responses and objections to Plaintiffs' Fifth Set of Requests for Production, and in response to your August 26th email regarding Request 124 in Plaintiffs' Sixth Set of Requests for Production (related to OXOTA source code).

The Fifth Set of Requests were served after Cary Rosenwald testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, Deposition of Cary Rosenwald (dated June 17, 2025), Tr. at 86:5-9 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), 99:23-102:22 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Plaintiffs did not have information about the Special Software when negotiating the previously agreed upon search parameters, and Mr. Rosenwald's testimony ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

At a minimum, additional search terms are needed across the Requests. Please provide us with the internal name of the Special Software and any additional search terms and/or custodians used in the searches you have already undertaken for Requests 110, 112, 113, 116, and 117. We ask that, in addition to the internal name of the Special Software and your other new search terms and/or custodians, you also run the following terms across each of the previously agreed upon custodians and produce non-privileged documents and communications that are responsive to Requests 110-114, 116, and 117:

<span style="color:red">("special software" OR "synthetic spot" OR "intellectual property" OR "proprietary" OR "IP")</span>

w/20 ("futures" OR "forward prices" OR "brokerage" OR "EBS" OR "Reuters" OR "CME" OR "stream!")

For Request 110, Currenex and State Street have refused to produce Source Code related to the Special Software. The record shows that the software involved in the EBS, Reuters, and CME feeds relates to Currenex's priority system and the priority in tie-breaking privileges available to certain Trading Defendants. *See, e.g.,* Deposition of Rick Schonberg (dated August 12, 2025), Tr. at 130:14-131:5 (███). The Special Software also likely enabled State Street to engage in arbitrage trades related to the use of prices from EBS, Reuters, and CME. *See* CXSSB00720437 (███); CXSSB00562048 at 136 (███).

This software was built by Currenex specifically for these streams. *See* Deposition of Cary Rosenwald (dated June 17, 2025), Tr. at 96:12-20 (███"). Plaintiffs are entitled to review the Source Code to understand how the Special Software streamed prices from other platforms onto Currenex and how tie-breaking priority factored in for the Trading Defendants (and any other Platform users) on these streams.

Additionally, Plaintiffs' Sixth Set of Requests included Request 124 regarding the source code for the Platform's OXOTA functionality, which allowed State Street to collect a risk-free profit from arbitrage trades *before* prices were available to the wider book. *See* Deposition of Nick Burrlock (dated July 31, 2025), Tr. at 41:4-42:20 (the Platform was taking triangular arbitrage profits for itself, and triangular arbitrage opportunities were taken away *before going into the book*). We understand that formal responses are pending to our Sixth Set of Requests, however your August 26th email previewed that you would not produce source code related to OXOTA trades ("Currenex already produced the source code for the Platform's matching engine almost nine months ago. OXOTA strategy is not, and was not, a component of the Platform's matching engine, and had no impact on the way that ties were broken on the Platform."). The fact that OXOTA trades were diverted *before* reaching the wider book certainly impacted the matching engine and tie-breaking. Clients seeking triangular arbitrage opportunities were unknowingly deprived of seeing and acting on the OXOTA bids. Plaintiffs are also entitled to review the source code for OXOTA, in addition to the Source Code for the Special Software behind the CME, EBS, and Reuters feeds.

Therefore, we request that Currenex and State Street 1) provide us with the internal name of the Special Software and the additional search terms and/or custodians used in the searches you have already undertaken for Requests 110, 112, 113, 116, and 117; 2) agree to run (in addition to the internal name and your new search terms and/or custodians) our additional search terms across all custodians and produce non-privileged documents and communications that are responsive to Requests 110-114, 116, and 117; 3) agree to either produce the Source Code for the Special



Software or confirm where in the already produced source code it can be found; and 4) agree to produce the source code related to the OXOTA functionality.

If Currenex and State Street are not willing to commit to these four requests by Tuesday, September 16th, Plaintiffs will seek relief from the Court.

Best,

Tim

**Timothy Nagle**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7517 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
timothynagle@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Beck, Deanna <Deanna.Beck@ropesgray.com>
**Sent:** Friday, August 8, 2025 8:31 PM
**To:** Tom Lepri <thomaslepri@quinnemanuel.com>; Gaioni, Mark <Mark.Gaioni@ropesgray.com>; Jones, Robert <Robert.Jones@ropesgray.com>; Musallam, Samer <Samer.Musallam@ropesgray.com>; Simkin, Alexander <Alexander.Simkin@ropesgray.com>; cboccuzzi@cgsh.com; jwenck@cgsh.com; rzutshi@cgsh.com; elliott.bacon@katten.com; michaela.holcombe@katten.com; peter.wilson@katten.com
**Cc:** Jeremy Andersen <jeremyandersen@quinnemanuel.com>; Vinay Basti <vinaybasti@quinnemanuel.com>; Timothy Nagle <timothynagle@quinnemanuel.com>; aaron@ziglerlawgroup.com
**Subject:** RE: Edmar v. Currenex (Plaintiffs' 5th RFPs)

==[EXTERNAL EMAIL from deanna.beck@ropesgray.com]==

Counsel,

Attached please find Defendants Currenex, Inc., State Street Bank and Trust Company, and State Street Global Markets International Limited's responses and objections to Plaintiffs' Fifth Set of Requests for Production.

Thanks,
Deanna

**Deanna E. Beck (Minasi)**
**ROPES & GRAY LLP**
T +1 212 596 9216 | M +1 203 927 1652
1211 Avenue of the Americas
New York, NY 10036-8704
Deanna.Beck@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

---

**From:** Tom Lepri <thomaslepri@quinnemanuel.com>
**Sent:** Wednesday, July 09, 2025 9:04 PM
**To:** Gaioni, Mark <Mark.Gaioni@ropesgray.com>; Jones, Robert <Robert.Jones@ropesgray.com>; Beck, Deanna <Deanna.Beck@ropesgray.com>; Musallam, Samer <Samer.Musallam@ropesgray.com>; Simkin, Alexander <Alexander.Simkin@ropesgray.com>; cboccuzzi@cgsh.com; jwenck@cgsh.com; rzutshi@cgsh.com; elliott.bacon@katten.com; michaela.holcombe@katten.com; peter.wilson@katten.com
**Cc:** Jeremy Andersen <jeremyandersen@quinnemanuel.com>; Vinay Basti <vinaybasti@quinnemanuel.com>; Timothy Nagle <timothynagle@quinnemanuel.com>; aaron@ziglerlawgroup.com
**Subject:** Edmar v. Currenex (Plaintiffs' 5th RFPs)

Counsel, please see the attached.

Thanks,
Tom

**Tom Lepri**
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016-7103
212-849-7275 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
thomaslepri@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review,

dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.