

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

**MEMO ENDORSED**

August 25, 2025

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21B
New York, NY 10007-1312

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

Pursuant to the Court's Individual Rules, we write on behalf of Defendants concerning three discovery disputes arising from Plaintiffs' efforts to obscure that key allegations in the Third Amended Complaint ("TAC") attributed to three unnamed former Currenex employees (the so-called "Confidential Witnesses" or "CWs")[1] are simply untrue, and that Plaintiffs' claims are untimely.

*First*, Defendants ask that the Court reopen the depositions of third-party fact witnesses Nicholas Burrlock (the "Platform Employee") and Jermaine Harmon (the "Salesperson," we think), instruct the witnesses to answer questions that Plaintiffs' counsel improperly instructed them not to answer, and direct Plaintiffs to bear Defendants' reasonable costs associated with the reopened depositions. *Second*, Plaintiffs should produce, or at a minimum log, their communications with CWs and other fact witnesses. *Third*, Plaintiffs should identify the CWs relied on in the TAC by name.

As background, with the production of the Currenex Platform's trading data and matching engine source code, it is now indisputable that any use of priority settings in tiebreaking considerations stopped more than six years before the original complaint was filed in August 2021 (and putting to one side Plaintiffs' groundless claims of secret agreements and fraud).[2] Accordingly, Plaintiffs' fraud claims are untimely if they were brought more than two years after when Plaintiffs knew or should have known about the use of priority. *See* N.Y. C.P.L.R. 213(8). Recent depositions raise serious doubts about whether Plaintiffs can make this showing.

---

[1] These three sources are identified as the "Platform Employee," the "Salesperson," and the "Executive," and each supposedly had "first-hand knowledge of the fraudulent scheme." ¶ 117.

[2] Discovery has shown that the entities that received such tiebreaking "priority" were large liquidity providers, like Plaintiff XTX, who helped provide stability to the then-nascent Platform. *See* ¶ 158.

Memorandum Endorsement                    Edmar Fin. Co. v. Currenex, Inc., 21-cv-6598 (LAK)

    Defendants seek an order (1) reopening the depositions of Nicholas Burrlock and Jermaine Harmon, and (2) compelling plaintiffs to produce, or at least log, their communications with certain confidential witnesses and other facts witnesses. (Dkt 213) The application is **DENIED**. They have failed to show that the reopening of the Burrlock and Harmon depositions is justified, reasonably likely to lead to material evidence, and would be proportionate to the needs of the case.

    SO ORDERED.

Dated:   October 3, 2025

                           _____
                             Lewis A. Kaplan
                            United States District Judge