ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

MEMO ENDORSED

September 16, 2025

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21B
New York, NY 10007-1312

Re: *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

We write on behalf of Defendants seeking an order to compel Named Plaintiffs Edmar Financial Company, LLC and Irish Blue & Gold, Inc. (collectively, "Plaintiffs") to produce a set of 15 emails identified on Plaintiffs' May 30, 2025 privilege log (the "Privilege Log") that were sent between Matt Edwards, the founder and sole employee of Plaintiffs, and two employees of a consulting firm named Velador Associates ("Velador") between August 13, 2018 and December 4, 2020.[1] These emails (the "Velador Emails") are highly relevant and not protected from discovery by attorney-client privilege because (i) they involved no attorney, (ii) they were sent between six months and three years before Edwards had even met a lawyer working on this case and, (iii) in any event, any privilege that might have existed with respect to the emails has been waived.

## I. The Velador Emails Are Highly Relevant.

The Velador Emails are plainly responsive to Defendants' requests, and they also may be case-dispositive. Plaintiffs' claims are untimely unless they can show that they did not know, or have reason to know, about the allegations in the Complaint *prior to August 4, 2019* (two years before the Complaint was filed). *See* N.Y. C.P.L.R. 213(8) (the limitations period for fraud is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it.").

The Privilege Log states on its face that Edwards was corresponding with Velador employee Colin Lloyd *in 2018* regarding "*claims against Currenex*." *See, e.g.,* Ex. 1 (Privilege Log) at 50, 90 (emphasis added). Subject lines of withheld messages make clear that Lloyd traveled to Florida

[1] Ex. 1 (Privilege Log) at Rows 5-6, 36, 50 – 57, 88 - 91.

<u>Memorandum Endorsement</u>　　　　　　　<u>Edmar Fin. Co. v. Currenex, Inc.</u>, 21-cv-6598 (LAK)

   Defendants seek an order compelling plaintiffs Edmar Financial Co. and Irish Blue & Gold, Inc. (collectively, "Plaintiffs") to produce 15 emails identified on Plaintiffs' May 30, 2025 privilege log that were sent between Matt Edwards and two employees of consulting firm Velador Associations ("Velador") between August 13, 2018 and December 4, 2020 (the "Velador Emails"), a period substantially before Edwards even had met any lawyer working on or with a view toward this case. Plaintiffs nevertheless contend that Velador worked during the relevant period on behalf of various law firms not present in this case and that Edwards' communications with Velador come within the attorney-client privilege by analogy to cases such as *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961), and *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 146 (2d Cir. 1987).

   To be sure, a "communication . . . made in confidence [to a non-lawyer engaged by a lawyer] for the purpose of [the lawyer providing] legal advice" to the lawyer's client typically is covered by the attorney-client privilege. *See e.g., Kovel*, 296 F.2d at 922; *see also United States v. Mejia*, 655 F.3d 126, 132-33 (2d Cir. 2011); *In re Grand Jury Subpoenas Dated March 24, 2003*, 265 F. Supp.2d 321, 325-28 (S.D.N.Y. 2003). On the other hand, the burden of establishing every element of attorney-client privilege is on the party resisting disclosure. *Mejia*, 655 F.3d at 132.

   Here, plaintiffs' have not established each of the elements essential to the existence of the attorney-client privilege. The fact, which I assume to be the case, that Velador was working on behalf of unidentified law firms during the relevant period falls far short of demonstrating that Velador's communications with Edwards during that period were made for the purpose of enabling any of those law firms to provide legal advice to their client(s) or prospective client(s).

   The Court notes also that Plaintiffs represented on September 22, 2025 that they "intend[ed] to work with Defendants to negotiate . . . a voluntary dismissal with prejudice of the[ir] claims," which, they asserted, moot this motion.[1] No such dismissal has occurred.

   Defendants' application (Dkt 241) is **GRANTED**. Plaintiffs shall produce the Velador Emails on or before October 7, 2025.

   SO ORDERED.

Dated:  October 3, 2025

                  _____
                   Lewis A. Kaplan
                   United States District Judge

---

[1] Dkt 261, at 1.