**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDMAR FINANCIAL COMPANY, LLC; IRISH BLUE & GOLD, INC.; XTX MARKETS LIMITED; and DSQUARE TRADING LIMITED,<br><br>       Plaintiffs,<br><br> vs.<br><br>CURRENEX, INC.; GOLDMAN SACHS & CO. LLC; HC TECHNOLOGIES, LLC; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS INTERNATIONAL LIMITED; and JOHN DOE DEFENDANTS 1-5,<br><br>       Defendants. | Case No. 21-cv-06598<br><br>**PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR THE ISSUANCE OF LETTERS ROGATORY** |

Plaintiffs respectfully request the Court consider this sur-reply in further opposition to Defendants' motion for issuance of Letter Rogatory. This sur-reply is appropriate to address new arguments raised in Defendants' reply. *See* ECF 253 ("Mot."), 280 ("Opp."), 300 ("Reply").

***First,*** Defendants admit they intend to use this last-minute motion as a vehicle to extend their time to oppose Plaintiffs' forthcoming class certification motion, currently due November 18. Reply at 4 n.2. This tactic only arose after Plaintiffs refused to stipulate to such an expansion—an expansion the Court has already rejected. Opp. at 10-11. This confirms the entire motion should be denied as untimely delay maneuver.[1]

***Second***, the motion is particularly untimely as to Hastings. Defendants refer to "recent" testimony, Reply at 2, 9, but misleadingly cite depositions that occurred long ago—May 29 (Liconte) and June 17 (Rosenwald). Defense counsel represented those witnesses, so likely knew the relevant facts even earlier. Defendants also mischaracterize Plaintiffs' position as relying on Hastings' presence on the privilege log. Reply at 10. To the contrary, Hastings' absence from the log underscores the untimeliness of the motion: Defendants cannot excuse their delay by pointing to Edwards' deposition, where Hastings was never identified as someone who communicated with Edwards. Opp. at 8-9.

---

[1] Defendants disingenuously assure the Court any request to change the schedule will be made "promptly." Reply at 4 n.2. But they first demanded Plaintiffs agree to a change *on September 8*, almost a month ago, and recently refused to clarify when a motion would be made. This confirms all the recent discovery disputes were engineered to gin up excuses for a pre-determined delay request, and Defendants are slow-walking to create a situation where Plaintiffs diligently file certification papers on November 18, but Defendants get the expanded response time this Court already rejected, ECF 161.

***Third***, the premise of Defendants' motion has shifted. It was originally about whether Hastings relayed something to Velador[2] that Edwards later received outside the limitations period. But now, anticipating the dismissal of Plaintiffs Edmar Financial Company, LLC and Irish Blue & Gold, Inc., Defendants raise the question of whether Velador told *XTX or DSquare* about the claims outside the (unidentified) limitations period. Reply at 6. The record shows that did not occur. Velador, XTX, and DSquare only discussed this case *after* the original complaint was filed. Ex. 1 (Smart 30(b)(6) Tr.) at 66:9-67:17; ECF 305 ¶ 4. As Plaintiffs explained in their related discovery letter (ECF 303), the two emails to which Defendants belatedly cite do not suggest otherwise. One merely shows ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (ECF 283-1 at XTX0618902); the other concerns ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (ECF 305 ¶ 6). Such benign, irrelevant contacts cannot justify last-minute, case-delaying discovery.

Because Velador never conveyed anything to XTX or DSquare outside the limitations period, Velador's knowledge—whatever it was—is wholly irrelevant. Defendants' cursory reference to a "should have known" doctrine (Reply at 6) is undeveloped, meritless, and in any event waived. Defendants took zero Velador-related discovery during fact discovery and make no attempt now to explain how the doctrine could apply. *See, e.g.*, ECF 303 at 2 (gathering

---

[2] Defendants' speculation that Hastings confessed Currenex's sins to someone else at Velador is based a LinkedIn post using the word "priority." But every venue has to have some system of breaking ties—what was wrongful is that Currenex was secretly assigning numbers to do so. Hastings' post in no way relates to such a system. Rather, Hastings is offering to help any trader find "cost saving benefits" through analysis of such things as "netting" and "time of day" factors in the client's data. Reply at 5. As the LinkedIn profile Defendants repeatedly rely on confirms, Hastings was hired to "provide organizations with bespoke data solutions that help to reduce cost." ECF 252-13 at 2. He was not hired for whatever Currenex knowledge Defendants speculate he had.

cases, including *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 435-36 (2d Cir. 2008) (investor that was affiliated with a law firm with specialized experience was not a relevant "bellwether" for other investors)).

**Fourth**, Defendants admit their New York fraud statute-of-limitations math was wrong. *See* Opp. at 7-8; Reply at 6 n.5. Deflecting, they now observe that other claims were not affected by Governor Cuomo's COVID-era tolling orders. *Id.* But Defendants fail to identify any such claim with a limitations period short enough to matter here.

**Fifth**, Defendants assert they already possess "compelling evidence" that Plaintiffs knew of the tiebreaking scheme. Reply at 3 n.1, 4. If so, then testimony from Hastings is unnecessary. In any event, the contention is false: Every Currenex and State Street witness confirmed that ▮ ▮. *See, e.g.,* Ex. 2 (Rosenwald Tr.) at 183:5-21; Ex. 3 (Liconte Tr.) at 134:15-135:24; Ex. 4 (Hickson Tr.) at 31:23-23. Defendants recycle an email relating to prioritizing ▮ ▮. But such a provision, common in the industry, has nothing to do with the ability of Currenex salespeople to secretly assign numbers to specific users. Ex. 5 (Smart Tr. (Aug. 27, 2025)) at 118:4-119:16; Ex. 6 (Gerko Tr.) at 18:1-15, 188:25-189:3.[3] Defendants also speculate, without basis, that ▮ ▮ The actual ▮ ▮. Ex. 7 (DSQ0408522). Notably, Defendants do not claim to need Hastings' testimony as to these two emails—he is not on them and they have nothing to do with Velador.

---

[3] As Gerko also testified, that ▮ ▮. Ex. 6 (Gerko Tr.) at 17:1-12, 48:22-24. In any event, ▮ Ex. 1 (Smart (30(b)(6) Tr.) at 156:9-23.

3

*Finally*, Defendants observe that Velador's work for the law firms here began after Hastings left Velador. Reply at 8. But Velador previously assisted *other* law firms on FX-related matters.[4] Attempting to parse who at Velador did what, for whom, and why plunges directly into a thicket of privilege and work product issues. Defendants' suggestion that Plaintiffs could block only individual questions through detailed proffers, *id.*, merely underscores the problem. To allow the Hastings deposition to proceed would entangle the Court and parties in endless privilege disputes they are ill-equipped to resolve, impacting the interests of parties not before the Court.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' motion for letters rogatory to take overseas testimony, or grant the alternative relief referred to in our Opposition.[5]

DATED:  New York, New York
        October 3, 2025

| RUDDY GREGORY, PLLC | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By: */s/ Mark Ruddy*<br>Mark Ruddy<br>1225 15th Street NW<br>Washington, DC 20005<br>Telephone: (202) 797-0762<br>Fax: (202) 318-0543<br>mruddy@ruddylaw.com | By: */s/ Daniel L. Brockett*<br>Daniel L. Brockett<br>Thomas J. Lepri<br>295 Fifth Avenue, 9th Floor<br>New York, New York 10016<br>Telephone: (212) 849-7000<br>Fax: (212) 849-7100<br>danbrockett@quinnemanuel.com<br>thomaslepri@quinnemanuel.com |

---

[4] *See In re Foreign Exchange Benchmark Antitrust Litig.*, No. 13-cv-07789, ECF 1692 at 2 (S.D.N.Y. June 30, 2022) (Velador worked on FX benchmarking cases); *Axiom Inv. Adv. v. Deutche Bank AG*, No. 15-cv-9945, ECF 169 at ¶ 2 (S.D.N.Y. Oct. 23, 2018) (Velador worked on FX last-look cases).

[5] The off-hand suggestion the Court should just order Sarmo's deposition directly, Reply at 4, should also be denied. Defendants have not made a motion to compel Sarmo as a party-witness, nor made any legal or factual showing on that issue. Merely calling him a shareholder is insufficient.

Jeremy D. Andersen (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
jeremyandersen@quinnemanuel.com

*Counsel for Plaintiffs and the Proposed Class*

5

## CERTIFICATION

I, Daniel L. Brockett, hereby certify that this memorandum of law contains 1245 words, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates.

*/s/ Daniel L. Brockett*
Daniel L. Brockett