# CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.
ASIA
BEIJING
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2085
rzutshi@cgsh.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Court Room 21B
New York, New York 10007-1312

Re: *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598 (LAK) (S.D.N.Y.), Defendant Goldman Sachs & Co. LLC's Response to Plaintiffs' Letter Motion to Seal

Dear Judge Kaplan:

On behalf of Defendant Goldman Sachs & Co. LLC ("Goldman"), we respectfully submit this response to request that a document referenced in and attached as an exhibit to Plaintiffs' reply in further support of their motion to compel (the "Reply") remain under seal. *See* ECF Nos. 295 (letter motion to seal); 296 (the Reply); 296.09 (exhibit at issue).

The document consists of an excerpt from a deposition transcript of a former Goldman employee discussing commission rates paid by Goldman for use of the Currenex platform. The Court previously granted a sealing request for a draft of an amended services agreement between Goldman and the Currenex FX platform that also contained sensitive information on commission rates. *See* ECF Nos. 175 (response to prior letter motion to seal); 174.04 (draft amended services agreement); and 232 (order granting letter motion to seal). The same logic supports sealing of the document here. It is clear from the face of the document that it contains sensitive financial and proprietary information about the commission rates that Goldman paid for use of the Currenex platform. As a result, the document was appropriately designated as "Highly Confidential" pursuant to the Court's Protective Order and should be redacted because its disclosure could cause competitive harm to Goldman. Courts have recognized that documents that reflect "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction" and routinely permit parties to seal documents like the one at issue here. *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017); *see also Graczyk v.*

Hon. Lewis A. Kaplan, p. 2

*Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

      The Second Circuit has also made clear that where the documents at issue "play only a negligible role" in a court's execution of its Article III duties, "the weight of the presumption [of public access] is low. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995). Here, redaction is appropriate because Plaintiffs' citation to the document is irrelevant to the central issues raised in Plaintiffs' Reply, which includes no request to compel discovery of Goldman commission rates or Goldman's service agreements with the Currenex platform. The document also provides no further information on Plaintiffs' supposed need for additional discovery at this late stage of the litigation. Nor does it bear on whether Currenex maintains centralized sources containing the fee information that Plaintiffs seek.

      For the reasons set forth above, the Court should order that the exhibit at issue and references to it in Plaintiffs' Reply remain sealed.

Dated: October 3, 2025
      New York, New York

Respectfully submitted,

*/s/ Rishi N. Zutshi*
Carmine D. Boccuzzi, Jr.
(cboccuzzi@cgsh.com)
Rishi N. Zutshi
(rzutshi@cgsh.com)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

Attorneys for Defendant Goldman Sachs & Co. LLC

cc: Counsel of Record