quinn emanuel trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

October 3, 2025

<u>BY ECF</u>

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY  10007-1312

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598
      Plaintiffs' Response to Defendants' Letter Motion to Seal Reply and Exhibits

Dear Judge Kaplan:

On behalf of Plaintiffs, we respectfully submit this response to request certain exhibits and the relevant portions of Defendants' reply in support of their Motion for Issuance of Letters Rogatory (the "Reply") remain under seal.  *See* ECF Nos. 298 (sealing letter), 300 (Reply referencing under-seal Exhibits), 300-2, 300-3, 300-4, and 300-5 (the "Exhibits" at issue).

We designated Exhibits 300-2, 300-3, and 300-4 as "Highly Confidential" pursuant to the Court's Protective Order, ECF No. 113, because they include or cite "material regarding trading and investment strategies" of Plaintiffs DSquare Trading Limited and XTX Markets Limited.  Courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."  *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (collecting cases).  Protected information can include specific details about trades or trading activity.  *See, e.g.*, *In re Tether & Bitfinex Crypto Asset Litig.*, 2024 WL 3520363, at *21 (S.D.N.Y. July 24, 2024) (accepting redactions of trading details).  Such issues can outweigh the presumption in favor of public access to judicial documents.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Here, Exhibits 300-2, 300-3, and 300-4 discuss some of the processes and factors that DSquare and XTX use and consider when deciding what trading platforms to trade on, and their

subsequent trading activity.  DSquare's and XTX's respective businesses have been built on keeping their trading decisions secret.  Thus, decisions regarding where to trade, how to trade, and any trading results are commercially sensitive.

We designated Exhibit 300-5 as "Highly Confidential" pursuant to the Court's Protective Order, ECF No. 113, because it includes information concerning non-public and confidential investigations of other law firms that Plaintiff DSquare Trading Limited was in contact with.  Documents should remain sealed if "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Lugosch*, 435 F.3d at 120.  There is significant public interest in maintaining the confidentiality of communications between attorney and client and "this is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records."  *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003).

Here, Exhibit 300-5 reflects investigative steps taken by attorneys and their agents during a claims administration process with a representative of DSquare.

For all the reasons set forth above, the Court should order that the Exhibits and references in Defendants' Reply remain sealed.

Respectfully submitted,

*/s/ Daniel L. Brockett*

Daniel L. Brockett

cc: Counsel of Record