**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

October 5, 2025

<u>BY ECF</u>

The Honorable Lewis A. Kaplan
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21B
New York, NY 10007

Re:    *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

Plaintiffs respectfully request the Court consider this reply in further support of their motion to reopen the depositions of Tom Liconte, Cary Rosenwald, Sean Gilman, and Jim Foster. This relief is necessary so that Plaintiffs may question them about Currenex's and State Street Bank's practice of triangular arbitrage through the internal account called "▇▇▇▇" with the benefit of emails produced on the final day of discovery. Currenex's and State Street Bank's use of triangular arbitrage through the ▇▇▇▇ account is one of the core allegations in this case.[1]

To recap, triangular arbitrage is a trading strategy that exploits temporary price discrepancies among three FX pairs (for example, euro-dollar, dollar-yen, and euro-yen) to generate a risk-free profit. The complaint alleges that Currenex used its "see-all" visibility over all trades on the platform as a form of undisclosed super-prioritization by finding and trading on triangular arbitrage opportunities before they were visible to other users. *See* ECF 184 ¶ 45 n.13. This

---

[1] Defendants' complaints about Plaintiffs' failure to meet and confer cannot be taken seriously. Defendants themselves have filed numerous motions without making any attempt to meet-confer. *See, e.g.*, ECF 230 (motion to compel production of XTX source code); ECF 244 (noting "Defendants were warned they are seeking materials that do not exist, yet they filed a predrafted motion [ECF 230] without a single substantive discussion."); ECF 242 (motion to compel production of emails withheld as privileged); ECF 261 (noting ECF 242 "was submitted mere hours after Defendants alerted Plaintiffs' of Defendants' intention to file it"). In any event, Defendants' complaints have no basis. Plaintiffs reached out to Defendants one day before filing this motion to inquire as to whether they would agree to reopen the depositions; when Defendants did not agree, Plaintiffs made the decision to file the motion. That decision was necessary given Defendants' history of abusing the meet-confer process to needlessly string out disputes, which Plaintiffs could not allow to happen with fact discovery closing.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

practice was not disclosed to other users of the Currenex platform, including those using arbitrage strategies. Because of Currenex's and State Street Bank's gamesmanship—beginning with their failure to tell Plaintiffs during custodian and search-term negotiations that the entire custodial email accounts of several key custodians (including three of the four witnesses here) had been completely deleted, and culminating in Defendants' failure to produce key documents relating to ▓▓▓ until the final moments of discovery—the witnesses were free to feign ignorance or even give wrong testimony about these practices during their depositions. Plaintiffs did not have a full set of documents with which to confront the witnesses, most of whom are former employees who may not be subject to the Court's subpoena power at trial. Defendants' response (ECF 307) only confirms the need for the additional, limited testimony Plaintiffs seek.

*First*, Defendants do not even mention ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to conduct triangular arbitrage in violation of the cardinal rule that a platform operator should not trade on its own platform.[2] ECF 276 at 3-4. Each of the three fact witnesses Plaintiffs questioned about ▓▓▓—Gilman, Liconte, and Rosenwald—disclaimed any knowledge about whether ▓▓▓ was used for triangular arbitrage. *Id*. But it is now undisputed that documents produced on September 19 show this testimony highly suspect, if not downright false. *Id*. Plaintiffs should be permitted to question the witnesses about these documents.[3]

*Second*, Defendants' attempt to explain away one of two emails[4] showing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ misses the mark. Whether State Street Bank was able to use the OXOTA tool to view hidden orders is important because it would have enabled State Street Bank to seize arbitrage opportunities not visible to other users, as Plaintiffs have alleged. Defendants assert that Foster's statement—▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. ECF 307 at 3 n.2. But the purported "correction" came from a person who did not actually trade using the OXOTA tool. *See* ECF 276-17. By contrast, Foster is State Street Bank's 30(b)(6) corporate representative on the platform's use of triangular arbitrage and testified he was ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. 1 (Foster 30(b)(6) Tr.) at 151:21-152:7. The Court should take Mr. Foster at his word that OXOTA ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—particularly because State Street Bank itself chose to name him as its corporate representative. At a minimum, Plaintiffs should be permitted to re-examine Foster in light of the newly produced emails.

---

[2] Defendants reference the declaration of Brian Kelly to suggest that Plaintiffs' motion is much ado about nothing. *See* ECF 290. But as discussed previously by Plaintiffs (ECF 296 at 1-2), Kelly's declaration raises more questions than it answers. Moreover, Kelly's declaration, like Defendants' response here, says does not address the function of ▓▓▓. Defendants have now twice had opportunities to explain to the Court that Currenex's triangular arbitrage activities were harmless, but have done so without once mentioning ▓▓▓. Reopening the depositions will allow Plaintiffs to clear up the mystery.

[3] Defendants claim that these documents were produced this late only because Plaintiffs did not formally serve document requests specifically targeting the platform's OXOTA functionality until August 18. But these documents should have been produced months earlier, as "▓▓▓" was one of Plaintiffs' search terms in connection with Plaintiffs' original document requests. ECF 276 at 3. Defendants make no attempt to explain why these documents referencing ▓▓▓ were not produced months prior to the depositions of each witness.

[4] Defendants ignore the other email. *See* ECF 276-16 (2011 email stating ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

2

*Third*, Defendants have no answer for Currenex's widespread destruction of documents and bad-faith conduct during search-term and custodian negotiations. *See* ECF 276 at 2. As a result of this destruction, Plaintiffs were forced to depose three of the four witnesses at issue—Gilman, Liconte, and Rosenwald—without any custodial documents. Defendants also allowed Plaintiffs to proceed with Foster's Rule 30(b)(6) deposition on September 16 without disclosing that approximately 11,000 documents would be produced just days later, including many relevant to triangular arbitrage, one of the topics Foster for which was designated to testify. It would be fundamentally unfair to deny permit Plaintiffs the opportunity to question these witnesses with the benefit of those materials.

*Finally*, Defendants' claim that re-opening these depositions would require an extension of the class certification schedule is self-serving and wrong. Plaintiffs are prepared to take the depositions without any extension of the November 18 deadline for their class-certification motion. Defendants do not explain why this limited testimony would necessitate an extension of their opposition. The re-opened depositions would be narrowly confined to issues relating to OXOTA and ███████.

Plaintiffs respectfully request the Court to grant this motion and re-open the depositions of Foster, Gilman, Liconte, and Rosenwald.

Respectfully submitted,

/s/ *Daniel L. Brockett*

Daniel L. Brockett

cc: Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2025, I served a true and correct copy of the foregoing by electronic mail transmission on all counsel of record.

*/s/ Daniel L. Brockett*
Daniel L. Brockett
