

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

# MEMO ENDORSED

September 29, 2025

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/25

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

Re: *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

    Defendants Currenex, Inc., State Street Bank and Trust Company, and State Street Global Markets International Limited (the "State Street Defendants") respectfully request that certain exhibits and the relevant portions of Plaintiffs' September 24, 2025 Letter Motion to Compel ("the Motion") remain under seal or redacted. *See* ECF No. 276. Specifically, Defendants request that thirteen of the exhibits cited in the Motion remain under seal in their entirety and that the portions of the Motion referencing sealed content in these exhibits remain under seal.[1]

    These at-issue exhibits (the "Exhibits") consist of internal Currenex and State Street emails discussing commercially sensitive and proprietary information about the Currenex Platform's operation, including identities of anonymous price streams, administrative and user account passwords, and other confidential technical details relating to the Platform's software and interface. *See* ECF Nos. 276-2, 276-3, 276-4, 276-5, 276-6, 276-8, 276-9, 276-11, 276-12, 276-13, and 276-14. Others of the Exhibits also reflect a discussion of State Street's foreign exchange trading strategies on the Currenex Platform. *See* ECF Nos. 276-16 and 276-17. As set forth more fully below, the State Street Defendants respectfully submit that sealing is justified under controlling legal precedent. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

    The Exhibits directly implicate the State Street Defendants' commercially sensitive information and privacy interests. It is clear from the face of these documents that they contain commercially sensitive and proprietary information regarding the technical operation of the Currenex Platform and the business strategy of the State Street Defendants. In the highly competitive and dynamic FX trading market, revealing technical details of the Currenex Platform's operation and information reflecting State Street's foreign exchange trading strategies could severely damage

---

[1] These thirteen exhibits are referenced on the docket at ECF Nos. 276-2, 276-3, 276-4, 276-5, 276-6, 276-8, 276-9, 276-11, 276-12, 276-13, 276-14, 276-16, and 276-17.

Hon. Lewis A. Kaplan                                                                September 29, 2025

Currenex's reputation and harm its competitive standing by handing its competitors free insights and access to sensitive information. Such confidential and commercially sensitive information are among the types of information routinely found to be appropriately sealed. *See In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."); *Mark v. Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (granting sealing request with respect to exhibits reflecting company-internal URLs, passwords, and usernames).

For the reasons set forth above, the Court should order that the Exhibits referenced at ECF Nos. 276-2, 276-3, 276-4, 276-5, 276-6, 276-8, 276-9, 276-11, 276-12, 276-13, 276-14, 276-16, and 276-17 remain sealed in their entirety and that references to the sealed Exhibits in Plaintiffs' Motion remain under seal.

Respectfully submitted,

*/s/ Alexander B. Simkin*
Alexander B. Simkin

cc: Counsel of record (via ECF)

*Granted*

*[signature]*

10/3/25