**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

September 30, 2025

# MEMO ENDORSED

**BY ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/25
```

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
Court Room 21B
New York, NY 10007-1312

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598
      Plaintiffs' Response to Defendants' Letter Motion to Seal Letter Reply in Support of
      Motion to Compel Production of Privilege

Dear Judge Kaplan:

On behalf of Plaintiffs, we respectfully submit this response to request that three exhibits and the relevant portions of Defendants' Reply in support of their Motion to Compel Production of Privilege (the "Reply") remain under seal. *See* ECF Nos. 281 (sealing letter), 283 (Reply referencing under-seal Exhibits), and 283-1, 283-2, and 283-4 (the "Exhibits" at issue).

We designated Exhibit 283-1 as "Highly Confidential" pursuant to the Court's Protective Order, ECF No. 113, because its includes "material regarding trading and investment strategies" of Plaintiff XTX Markets Limited. Courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (collecting cases). Protected information can include specific details about trades or trading activity. *See, e.g., In re Tether & Bitfinex Crypto Asset Litig.*, 2024 WL 3520363, at *21 (S.D.N.Y. July 24, 2024) (accepting redactions of trading details). Such issues can outweigh the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Here, Exhibit 283-1 shows interactions that an XTX executive had with another member of the ACI FX Committee regarding trading activity. XTX's business is built on keeping its trading

decisions secret, and decisions on how to trade, where, and with whom are commercially sensitive.

We designated Exhibits 283-2 and 283-4 as "Highly Confidential" pursuant to the Court's Protective Order, ECF No. 113, because they include information concerning non-public, confidential, and privileged steps taken by other law firms that Plaintiffs Edmar Financial Company, LLC, Irish Blue & Gold, Inc., and DSquare Trading Limited were in contact with. Documents should remain sealed if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. There is significant public interest in maintaining the confidentiality of communications between attorney and client and "this is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003).

Here, Exhibits 283-2 and 283-4 discuss investigative or claims administration steps taken by those law firms, and the related communications and interactions with representatives of Edmar, Irish Blue & Gold, and DSquare.

For all the reasons set forth above, the Court should order that the Exhibits and references in Defendants' Reply remain sealed.

Respectfully submitted,

/s/ *Daniel L. Brockett*

Daniel L. Brockett
cc: Counsel of Record

*Granted*

[signature]
10/3/25

2