

**ROPES & GRAY LLP**
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-9-25

October 8, 2025

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

    Defendants Currenex, Inc. ("Currenex"), State Street Bank and Trust Company, and State Street Global Markets International Limited (collectively, "Defendants") respectfully request that certain exhibits to Plaintiffs' October 3, 2025 Sur-Reply in further opposition to Defendants' motion for issuance of Letter Rogatory (granted on October 2, 2025) remain under seal or redacted. *See* ECF No. 315. Specifically, Defendants request that one exhibit cited in the Sur-Reply remain under seal in its entirety and two exhibits remain under seal in part.[1]

    The three at-issue exhibits (the "Exhibits") consist of notes memorializing a meeting between named plaintiff DSquare Trading Limited ("DSquare") and Currenex and excerpts of the deposition testimony of two witnesses. The Exhibits reflect commercially sensitive and proprietary information about the Currenex Platform's operation, including product features, technical configuration, business strategy, and client-specific negotiations. As explained below, Defendants respectfully submit that sealing is justified under controlling legal precedent. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

    The Exhibits directly implicate Defendants' commercially sensitive information and privacy interests. It is clear from their face that they contain commercially sensitive and proprietary information regarding the technical operation of the Currenex Platform and Currenex's business strategy. For example, the deposition transcript excerpt at 316-3 (specifically, lines 134:5–14) confirms an internal Currenex business practice concerning the Platform's technical configuration, including how a Platform administrator might go about making configuration changes. The deposition transcript excerpt at 316-6 (specifically, pages 18:1–25, 48:2–25, and 189:12–16) details client-specific discussions about the Currenex Platform's functionality and interface. The document

---

[1] These exhibits are referenced on the case docket as: 316-3, 316-6, and 316-7. Defendants request that Exhibits 316-3 and 316-6 remain under seal in part, and 316-7 remains under seal in its entirety.

1

Hon. Lewis A. Kaplan                                                                October 8, 2025

at ECF No. 316-7 consists of meeting notes reflecting detailed operational and technical information about the Currenex Platform, including liquidity pools and Platform data analytics.

In the highly competitive and dynamic FX trading market, revealing information reflecting confidential technical details regarding the design, operation, and monitoring of the Platform could severely damage Currenex's reputation and harm the Defendants' competitive standing by handing their competitors access to sensitive information and market intelligence. The information contained in the Exhibits could also, if exposed, create vulnerabilities with respect to the security of the Platform and, accordingly, pose a risk of harm to Currenex and its clients. Such confidential and commercially sensitive information are among the types of information routinely found to be appropriately sealed. *See In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information.").

For the reasons set forth above, the Court should order the following: (i) the Exhibit referenced at ECF No. 316-7 remain sealed in its entirety, (ii) the content reflected at 134:5–14 of ECF No. 316-3 be redacted, but otherwise unsealed, and (iii) the content reflected at 18:1–25, 48:2–25, and 189:12–16 of ECF No. 316-6 be redacted, but otherwise unsealed.

Respectfully submitted,

*/s/ Alexander B. Simkin*
Alexander B. Simkin

cc: Counsel of record (via ECF)

Granted
SO ORDERED
_____
LEWIS A. KAPLAN, USDJ

10/9/25

2