

October 8, 2025

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

Defendants Currenex, Inc. ("Currenex"), State Street Bank and Trust Company, and State Street Global Markets International Limited (collectively, "Defendants") respectfully request that certain portions of Plaintiffs' October 5, 2025 Reply to the Letter Motion to Compel the re-opening of four depositions ("the Reply" to Plaintiffs' "Motion," which was denied on October 7, 2025) and one exhibit cited therein remain under seal or redacted. *See* ECF No. 325 (sealing motion); ECF No. 326 (Reply filed under provisional seal). Specifically, Defendants request (i) that the portions of the Reply that quote or reference content from two email exhibits (both of which were previously filed by Plaintiffs and ordered sealed by the Court, *see* ECF No. 334) remain under seal, and (ii) that portions of one exhibit cited in the Reply remain under seal.[1]

As detailed in ECF No. 293, the two email exhibits (ECF Nos. 276-16 and 276-17) are internal Currenex and State Street communications that reflect a discussion of State Street's foreign exchange trading strategies on the Currenex Platform. The other exhibit (ECF No. 326-1) is an excerpt of deposition testimony from State Street's eFX Trading Desk's Rule 30(b)(6) designee, Jim Foster, that similarly discusses State Street's foreign exchange trading strategies on the Currenex Platform as well as other commercially sensitive information. As explained below, Defendants respectfully submit that sealing is justified under controlling legal precedent. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

These three exhibits (the "Exhibits") directly implicate Defendants' commercially sensitive information and privacy interests. It is clear from their face that they contain commercially sensitive and proprietary information regarding State Street's foreign exchange trading strategy and the technical operation of the Currenex Platform. For example, the email Exhibit at ECF No. 276-16

---

[1] The two previously sealed emails are referenced in the Reply and on the docket as ECF Nos. 276-16 and 276-17. The exhibit cited in the Reply is referenced on the docket as ECF No. 326-1.

1

Hon. Lewis A. Kaplan                                                                                           October 8, 2025

reflects a discussion of State Street's FX trading results in the context of a specific State Street price stream and discloses the manner in which State Street settled the trades being discussed on the email chain. The email Exhibit at ECF No. 276-17 reflects a detailed description of State Street's FX trading strategy on the Currenex Platform and a discussion of the order types submitted and monitored by State Street on the Platform. In addition, the portions of the deposition transcript Exhibit (ECF No. 326-1) that Defendants seek to redact reflect the identity and State Street's use of a specific price stream on the Currenex Platform, confidential username information, and other aspects of State Street's foreign exchange trading strategy on the Platform.

In the highly competitive and dynamic FX trading market, revealing information reflecting State Street's FX trading strategies and confidential technical details regarding the operation of the Platform could severely damage Currenex's reputation and harm the Defendants' competitive standing by handing their competitors access to sensitive information and market intelligence. The information contained in the Exhibits could also, if exposed, create vulnerabilities with respect to the security of the Platform and, accordingly, pose a risk of harm to Currenex and its clients. Such confidential and commercially sensitive information are among the types of information routinely found to be appropriately sealed. *See In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information."); *Mark v. Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (granting sealing request with respect to exhibits reflecting company-internal URLs, passwords, and usernames).

For the reasons set forth above, the Court should order the following: (i) the portions of the Reply that quote or reference content from ECF Nos. 276-16 and 276-17 remain under seal,[2] and (ii) the content reflected at 151:2–6, 151:15–20, and 152:8–18 of ECF No. 326-1 be redacted, but otherwise unsealed.

Respectfully submitted,

*/s/ Alexander B. Simkin*
Alexander B. Simkin

cc: Counsel of record (via ECF)

SO ORDERED
Granted
LEWIS A. KAPLAN, USDJ
10/9/25

---

[2] For the avoidance of doubt, Defendants respectfully request that the Court maintain the redactions to ECF No. 326 that Plaintiffs have proposed in footnote 4 and the last paragraph on page 2.