UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMAR FINANCIAL COMPANY, LLC; IRISH BLUE & GOLD, INC.; and XTX MARKETS LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>CURRENEX, INC.; GOLDMAN SACHS & CO. LLC; HC TECHNOLOGIES, LLC; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS INTERNATIONAL LIMITED; and JOHN DOE DEFENDANTS 1-5,<br><br>Defendants. | Case No. 21-cv-06598<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS CLAIMS WITH PREJUDICE** |

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ..................................................................................................................................4

CONCLUSION ................................................................................................................................5

Plaintiffs respectfully submit this memorandum in support of their motion for an order pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure dismissing with prejudice the claims of Plaintiffs Edmar Financial Company, LLC ("Edmar") and Irish Blue & Gold, Inc. ("Irish").

## PRELIMINARY STATEMENT

This is a straightforward motion.  Plaintiffs seek the voluntary dismissal of two plaintiffs, Edmar and Irish.  Plaintiffs seek these dismissals for the betterment of the class.  The dismissals would be *with prejudice*, meaning Defendants will have no concerns about the claims being re-filed at some later stage.

Plaintiffs are forced to file this motion because Defendants are unwilling to stipulate to such a dismissal without conditions, including that the dismissed Plaintiffs would continue to participate in discovery "as though each were still a party."  We think these conditions are onerous and unnecessary.  They also suggest that Defendants are more interested in using Edmar and Irish to spin out new discovery disputes and distractions to justify delaying class certification briefing.

The Court should reject the attempt by Defendants to have their cake and eat it too.  If Edmar and Irish are giving up their right to claims as a party, they should also be relieved of the burdens of being a party.

## BACKGROUND

On September 13, 2025, Defendants moved to compel the production of 15 emails between Matthew Edwards—Edmar's and Irish's founder—and two employees of the consulting firm Velador Associates.  ECF 241.  Defendants argued that, because their misconduct allegedly ceased around 2014, Edwards' 2018 emails could bear the timeliness of Plaintiffs' New York fraud claim, which was filed in August 2021.  *Id.* at 1-2.

1

On September 22, Plaintiffs argued in opposition that the emails were protected under the doctrines of work product and attorney client privilege, but noted that it was apparent that "Defendants will argue at class certification that Edwards is not a typical class representative because he is uniquely subject to statute of limitations arguments relating to his interaction with Velador Associates." ECF 261 at 3. Accordingly, Plaintiffs informed the Court that "to prevent this sideshow from distracting from the merits of the case, and for the good of the broader class, Plaintiffs will work with Defendants to effectuate a voluntary dismissal with prejudice of Edmar Financial Company, LLC's and Irish Blue & Gold, Inc.'s claims." *Id*.

On September 23, Plaintiffs reached out to Defendants to confer on the dismissal. The conferral occurred on September 25. On that call, Defendants informed Plaintiffs that they would take the position that the dismissal of Edmar and Irish would *not* moot their numerous pending discovery motions. Following the call, Plaintiffs considered internally how best to effectuate the dismissal of Edmar and Irish, while also working on multiple other outstanding motions. In each subsequent filing, however, Plaintiffs repeated that they would seek to dismiss these Plaintiffs to help ensure the case keeps moving forward. *E.g.*, ECF 280 at 10; ECF 304 at 3.

On October 3, Plaintiffs emailed Defendants a formal draft stipulation of dismissal of Edmar's and Irish's claims, which provided that the dismissal would be "with prejudice." *See* Brockett Dec. Ex. A. On that same day, Plaintiffs re-confirmed to the Court that, if Defendants did not stipulate to a voluntary dismissal, Plaintiffs would file this motion. ECF 319.

On October 9, Defendants informed Plaintiffs they would not stipulate to the dismissal of Edmar's and Irish's claims unless it include additional conditions—namely, that Edmar and Irish would (i) "continue to participate in discovery . . . as though each were still a party"; (ii)

"comply with any Orders of the Court regarding any additional discovery"; (iii) authenticate any documents they produced in this Action for use at trial; and (iv) make Matthew Edwards, the owner of Edmar and Irish, available to testify at trial. Defendants also seek to condition the dismissal of Edmar and Irish on Plaintiffs' agreement that discovery produced by Edmar and Irish "may be relied upon and used by the parties in this Action" in briefing on class certification or summary judgment and at trial. *See* Brockett Dec. Ex. B.

## LEGAL STANDARD

Rule 41(a)(2) allows a plaintiff to voluntarily dismiss an action only by court order and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a Rule 41(a)(2) dismissal is without prejudice. *Id.* Whether a dismissal should be granted *without* prejudice hinges on whether such a dismissal would prejudice the defendants. *See, e.g.*, *Scoma v. City of New York*, 2021 WL 1784385, at *3 (E.D.N.Y. May 4, 2021). Accordingly, a court's grant of a request to dismiss a plaintiff without prejudice "may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice that the defendant may otherwise suffer from the plaintiff dismissing his complaint without prejudice." *Id*. (cleaned up).

By contrast, where a voluntary dismissal is *with* prejudice, the need to place conditions on the dismissal is greatly reduced. *See Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (noting prejudice to defendants is "rare" in voluntary dismissals "with prejudice" and reversing district court's imposition of conditions on a named plaintiff's voluntary dismissal with prejudice). It is for this reason, for example, that courts in this Circuit generally decline to condition "with prejudice" voluntary dismissals even where the only requested condition is the payment of fees. See *Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir.

1985) ("The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.").

## ARGUMENT

As an initial matter, when the original complaint was filed, Plaintiffs could not have known that Currenex would later assert that, while they committed fraud, they stopped doing so in 2014. If the fraud continued, Irish and Edmar would have timely fraud claims *regardless* of when they learned of those claims. In addition, there are other claims—such as RICO and antitrust—that have sufficiently long periods such that they would be timely *even if* the wrongdoing ceased in 2014 and *even if* Edwards knew of the claims in 2018. We say this just to be clear that, though Edmar and Irish seek to be relieved of their continuing obligations as named plaintiffs, they had and indeed still have good-faith bases to pursue claims against Defendants.

But we remain concerned that Irish's and Edmar's continuation as named parties could hinder, rather than help, this case's march to trial on the merits. Edmar and Irish have therefore agreed to step aside for the betterment of the class as a whole. The Court should allow them to do so by entering the proposed order submitted by Plaintiffs along with this motion. *See* Brockett Dec. Ex. C. The proposed order provides that Edmar and Irish's claims are dismissed from this action, with prejudice and without costs, pursuant to Rule 41(a)(2). These vanilla terms are appropriate, and given that the proposed dismissal would be with prejudice, there is no need for any additional conditions.

Defendants instead propose a one-way ratchet whereby Edmar and Irish are forced to continue to bear all the burdens of being a party, even as Edmar and Irish give up their rights as a

4

party. The Court should deny such conditions as being onerous, unnecessary, untimely, and unfair.

For instance, Defendants seek to require Edmar and Irish to "participate in discovery" as if it they were still parties. Not only would it be unfair to require Edmar and Irish to bear all the burdens of party-discovery, but the request makes no sense in the context of the case calendar. Fact discovery closed almost a month ago. ECF 161.

Defendants also seek to impose on Edmar and Irish an open-ended obligation to authenticate documents. But Defendants have had ample opportunity to authenticate discovery produced by Edmar and Irish in the two days of depositions that Matthew Edwards sat for, both in his individual capacity and as a Rule 30(b)(6) representative of each company.

Finally, Defendants' request that the testimony of Irish and Edmar "may be relied upon" is premature, unnecessary, and misplaced. The vanilla dismissal order requested here would, of course, not bar Defendants from making any arguments they want with respect to future issues that may or may not arise. Whether any future, hypothetical argument about Edmar and Irish *actually has merit*, however, will necessarily be up to the Court after hearing the parties' views at that time. Such hypothetical future disputes have nothing to do with this simple motion.

## CONCLUSION

Plaintiffs request a simple order dismissing Edmar and Irish's claims against Defendants with prejudice. Such an order would not prejudice Defendants in any way, as they would face no risk of re-litigation with respect to Edmar and Irish. It also would allow the parties to move past this sideshow and focus on class certification.

DATED: New York, New York
October 10, 2025

| RUDDY GREGORY, PLLC | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| | By: /s/ Daniel L. Brockett |
| Mark Ruddy | Daniel L. Brockett |
| 1225 15th Street NW | Thomas J. Lepri |
| Washington, DC 20005 | 295 Fifth Avenue, 9th Floor |
| Telephone: (202) 797-0762 | New York, New York 10016 |
| Fax: (202) 318-0543 | Telephone: (212) 849-7000 |
| mruddy@ruddylaw.com | Fax: (212) 849-7100 |
| | danbrockett@quinnemanuel.com |
| | thomaslepri@quinnemanuel.com |
| | christopherseck@quinnemanuel.com |
| | |
| | Jeremy D. Andersen (*pro hac vice*) |
| | 865 South Figueroa Street, 10th Floor |
| | Los Angeles, California 90017 |
| | Telephone: (213) 443-3000 |
| | Fax: (213) 443-3100 |
| | jeremyandersen@quinnemanuel.com |

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATION

I, Daniel L. Brockett, hereby certify that this memorandum of law contains 1,520words, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates.

/s/ Daniel L. Brockett
Daniel L. Brockett