quinn emanuel trial lawyers | new york

295 Fifth Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

October 31, 2025

**BY ECF**

The Honorable Lewis A. Kaplan
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21B
New York, NY 10007

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

Plaintiffs respectfully request that the Court withdraw its order authorizing the foreign deposition of Jan Stromme, a former XTX employee. The Court authorized Defendants to pursue the deposition of Mr. Stromme through the Hague Convention (ECF 220), but Defendants failed diligently to pursue the matter, in total disregard of the Court's scheduling order.

Although the Court granted Defendants' request on September 3,[1] Defendants did not submit their application in the United Kingdom until Friday, October 24—***more than seven weeks later***. Defendants offer no explanation for this extraordinary delay. To the contrary, it appears they sat on the order, only rushing to file after learning that the foreign deposition of Russell Sears, a former employee of Defendant Currenex, was imminent. This sequence confirms that Defendants never actually needed Mr. Stromme's testimony—which they do not—but instead treated him as a bargaining chip in a tit-for-tat discovery strategy.

Regardless of the merits of the original application, ***fact discovery closed on September 19***. ECF 161 at 2. In their joint letter to the Court on the final day of discovery, the parties acknowledged that the depositions of Mr. Sears and Mr. Stromme would necessarily take place after the close of discovery, but only because "the foreign processes have not yet resulted in dates being issued for their respective depositions." ECF 255 at 1. That report—agreed to before Defendants revealed

---

[1] The docket shows Defendants picked up the issued letters rogatory from the Court the next day, September 4.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

they had done *nothing* to move forward—did not give Defendants carte blanche to ignore the Court's scheduling order and unilaterally delay the process by another month.

There is no conceivable justification for Defendants waiting **50 days** to act, which meant their U.K. filings occurred ***35 days after the fact-discovery deadline*** and after the parties' report to the Court. Defendants' only response in conferral has been to state that Plaintiffs' counsel represents Mr. Stromme. That is irrelevant. Plaintiffs' counsel's representation does not obligate Mr. Stromme to waive his rights or excuse Defendants' failure to timely invoke foreign procedures.

Accordingly, because Defendants did not diligently pursue the deposition within the fact-discovery framework, Plaintiffs respectfully request that the Court withdraw its letter of request or otherwise bar Defendants from proceeding with the now-untimely deposition of Mr. Stromme.

Respectfully submitted,

/s/ *Daniel L. Brockett*

Daniel L. Brockett

cc: Counsel of Record