UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMAR FINANCIAL COMPANY, LLC; IRISH BLUE & GOLD, INC.; XTX MARKETS LIMITED; and DSQUARE TRADING LIMITED,<br><br>  Plaintiffs,<br><br>vs.<br><br>CURRENEX, INC.; GOLDMAN SACHS & CO. LLC; HC TECHNOLOGIES, LLC; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS INTERNATIONAL LIMITED; and JOHN DOE DEFENDANTS 1-5,<br><br>  Defendants. | Case No. 21-cv-06598<br><br>**PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR THE ISSUANCE OF LETTERS ROGATORY** |

Plaintiffs respectfully submit this brief response in further support of their opposition to Defendants' motion for the issuance of letters rogatory, and their request that the Court reconsider its decision to grant Defendants' motion for the issuance of letters rogatory before Plaintiffs had an opportunity to be heard.[1]

*First*, Defendants' latest request for additional depositions is the definition of unfair. *Diakite v. U.S. Citizenship & Immigr. Servs.*, 2024 WL 2884047, at *1 (S.D.N.Y. May 14, 2024) (motions for reconsideration should be granted where the moving party identifies a "need to correct a clear error or prevent manifest injustice"). The discovery cutoff passed six weeks ago. That deadline was clear and firm. Yet Defendants now waltz in, long after the deadline has passed, demanding depositions they could have sought earlier. This is not diligence; it is gamesmanship.

Plaintiffs, too, would have pursued additional discovery had we known the rules were optional. We did not, because we followed the Court's order and prepared for the next phase of the case. A discovery cutoff must mean what it says: discovery is over. It would be manifestly unfair to allow one side to ignore the deadline while the other side is locked into class

---

[1] As the Court is aware, Defendants filed their motion on October 28, 2025. ECF 362. The Court granted the motion on November 3, 2025, before Plaintiffs had an opportunity to submit their opposition to the motion. ECF 366. On November 4, Plaintiffs filed their opposition papers, which, pursuant to the Court's order that same day (ECF 369), Plaintiffs presented as a motion for reconsideration of the Court's November 3 order. ECF 355 ("The Court may treat plaintiffs' belated response as a motion for reconsideration."). As Plaintiffs explained in their opposition (ECF 371), Plaintiffs understood Defendants' motion to fall under Local Rule 6.1(a), rather than the Court's Individual Rules regarding discovery disputes, because it was captioned and filed as a motion rather than a letter motion, went well beyond 4 pages, and relied on separately filed declarations, in addition to the fact that the parties have previously followed Local Rule 6.1(a)'s motion schedule for prior motions for Hague assistance. *See, e.g.*, ECF Nos. 252, 280, 299.

1

certification briefing due nine days from now.  It creates a fundamentally uneven playing field, and the Court should reject this result.

*Second*, Defendants do not (and cannot) explain their failure to seek these depositions within the period for fact discovery.  Since *April 2025*, when former Plaintiffs Edmar Financial Company, LLC ("Edmar") and Irish Blue & Gold, Inc. ("Irish") produced their privilege log, Defendants have known all the factual predicates necessary to pursue these depositions, including (i) the identities and roles of Caspar Marney and Colin Lloyd at Velador Associates, (ii) that Marney and Lloyd were communicating with Matthew Edwards (of former Plaintiffs Edmar Financial Company, LLC and Irish Blue & Gold, Inc.) prior to the filing of the complaint, and (iii) that Lloyd had communications with Edwards in 2018 regarding "claims against Currenex."[2]  Defendants requested Marney's deposition in August for the *same purpose* they seek it now—to question him about his pre-suit communications—but declined to pursue the matter further after Plaintiffs declined to make him available.  That same month, Defendants moved to re-open Nick Burrlock's deposition on the basis that Marney and Velador "were discussing suing Currenex with employees of Caspar Marney's consulting firm . . . going back to at least as early as 2019" with potential plaintiffs—again, *the same theory* they rely on now.  ECF 222 at 2.  In September, Defendants sought the deposition of ex-Velador employee David Hastings on the *exact same theory* again—namely, that Hastings would "testify about his work at Velador, which apparently had been soliciting potential plaintiffs to bring claims in the lawsuit years before it was filed."  ECF 300.

---

[2] The log specifically identified Colin Lloyd and Caspar Marney as Velador consultants working at the direction of counsel "investigating claims against FX platforms," and in some entries "investigating claims against Currenex."  *See* ECF 280-1.

Defendants had a full opportunity to pursue this discovery within the period for fact discovery. They chose not to do so, and cannot now excuse that decision based on a single email in which the word "priorities" appears once. When Currenex, having **deleted nearly every email** for most of the key custodians in this case, produced over ***11,000*** emails on the final day of fact discovery, the Court denied Plaintiffs' request to re-open certain depositions so that witnesses could be questioned about these new documents (which directly contradicted their prior testimony). ECF 341. If that sandbagging of Plaintiffs with 11,000 new documents was not sufficient reason to permit limited questioning of Defendants' witnesses shortly after the close of discovery, the inclusion of a single word in a single email does not justify additional overseas depositions while Plaintiffs are finalizing their motion for class certification.

***Third***, Defendants continue to insist that Velador's emails about "last look" are relevant, completely ignoring that not only is this case *not* about last look's disclosure (ECF 184 ¶ 174), but even if it was, *Plaintiffs do not and cannot dispute* that knowledge of last look practices existed long ago. That Currenex disclosed its own use of last look in 2015 is a matter of public record, as is the fact that litigation about the use of last look began that same year. ECF 371 at 9-10. Plaintiffs even expressly represented to the Court that Plaintiffs would not argue, or base any claim on the assertion, that Plaintiffs were not aware that Currenex had last-look functionality until recently. *Id*. at 9. Defendants' continued attempt to conflate emails about last look with issues relevant to this case is inexcusable.

***Fourth***, what matters for statute-of-limitations purposes is the knowledge of named Plaintiffs XTX and DSquare. Defendants do not and cannot dispute they had a full and fair opportunity to obtain discovery on that question straight from the sources, i.e., from DSquare and XTX.

3

*Fifth*, as Plaintiffs have previously explained (See, e.g., ECF 280 at 10-12), when Plaintiffs were forced to reschedule a handful of depositions in September due to a medical emergency, Defendants attempted to extract an agreement from Plaintiffs that would extend Defendants' time to oppose Plaintiffs' class certification motion while Plaintiffs deadline to move for class certification—November 18, 2025—remained the same. Plaintiffs rejected this proposal. Since then, Defendants have manufactured one discovery dispute after another, while "reserving rights" to argue that any new information obtained thereby would necessitate an extension of their time to oppose class certification.

On September 30, Defendants represented to the Court that they would "promptly seek to modify aspects of the schedule in this case." ECF 299 at 4. It is now November, and Defendants have yet to make their "prompt" motion to modify the schedule. It is clear now that Defendants' strategy is to wait as long as possible—until Plaintiffs are finalizing their class certification motion papers—to seek this relief to obtain the result they want: an enlargement of their time to oppose class certification, while Plaintiffs' deadline remains November 18. Plaintiffs respectfully submit that the Court should not permit this gamesmanship, and that if the Court denies Plaintiffs' request to withdraw its November 3 order granting Defendant's motion for letters rogatory, it should make clear that the case calendar will remain unchanged.

## CONCLUSION

Plaintiffs respectfully request that the Court reconsider its decision to grant Defendants' motion for letters rogatory for overseas testimony and documents.

4

DATED:  New York, New York
        November 9, 2025

| RUDDY GREGORY, PLLC | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By: /s/ Mark Ruddy<br>Mark Ruddy<br>1225 15th Street NW<br>Washington, DC 20005<br>Telephone: (202) 797-0762<br>Fax: (202) 318-0543<br>mruddy@ruddylaw.com | By: /s/ Daniel L. Brockett<br>Daniel L. Brockett<br>Thomas J. Lepri<br>295 Fifth Avenue, 9th Floor<br>New York, New York 10016<br>Telephone: (212) 849-7000<br>Fax: (212) 849-7100<br>danbrockett@quinnemanuel.com<br>thomaslepri@quinnemanuel.com<br><br>Jeremy D. Andersen (*pro hac vice*)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Fax: (213) 443-3100<br>jeremyandersen@quinnemanuel.com |

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATION

I, Daniel L. Brockett, hereby certify that this memorandum of law contains 1,247 words, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates.

*/s/ Daniel L. Brockett*
Daniel L. Brockett
