**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, New York 10016-7103| TEL (212) 849-7000 FAX (212) 849-7100

# MEMO ENDORSED

WRITER'S DIRECT DIAL NO.
(212) 849-7345

WRITER'S EMAIL ADDRESS
danbrockett@quinnemanuel.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-18-25

November 3, 2025

**By ECF**

The Honorable Lewis A. Kaplan
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21D
New York, NY 10007

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

Plaintiffs write in response to the Court's order (ECF 366) granting Defendants' motion for issuance of letters rogatory (ECF 362), without providing Plaintiffs the opportunity to oppose the motion. Plaintiffs strongly oppose this motion, which was filed more than five weeks after the close of discovery.

Plaintiffs thus respectfully ask the Court to withdraw its order so that the Court may consider Plaintiffs' opposition, which Plaintiffs intend to file tomorrow in accordance with Local Civil Rule 6.1 and consistent the Court's prior handling of motions of this nature. *See* S.D.N.Y. Local Civ. R. 6.1(a) ("On all motions and applications under Fed. R. Civ. P. 26 through 37 inclusive, . . . any opposing or response papers must be served within seven days after service of the moving papers. . . ."); ECF Nos 252, 280, 299 (motion for letters rogatory as to Jad Sarmo and David Hastings briefed according to Local Rule 6.1, with opposing papers served seven days after moving papers, and reply papers served three days after opposing papers).

Respectfully submitted,

/s/ Daniel L. Brockett

Daniel L. Brockett
cc: Counsel of Record

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

Memorandum Endorsement    Edmar Fin. Co. v. Currenex, Inc., 21-cv-6598 (LAK)

On October 28, 2025, defendants moved for the issuance of letters rogatory as to two non-party individuals residing in the United Kingdom.[1] Defendants claimed that obtaining documents from and testimony of the individuals, Colin Lloyd and Caspar Marney, was necessary to understand the extent to which Lloyd's former and Marney's current employer, Velador Associates Ltd. ("Velador"), solicited plaintiffs to file this action.[2] Defendants suggested also that Lloyd and Marney may have knowledge of any outreach Velador conducted to other FX traders and possible plaintiffs should a class be certified in this action.[3] The Court, on November 3, 2025, granted defendants' motion[4] because such communications, should they exist, could bear on defendants' statute of limitations defense and the viability of class certification.

On November 3, after the Court granted defendants' motion, plaintiffs belatedly moved to oppose.[5] The Court agreed to treat plaintiffs' opposition as a motion for reconsideration,[6] which plaintiffs subsequently filed as a twenty-three page brief still styled as an opposition to defendants' motion for the issuance of letters rogatory.[7] Defendants filed an opposition to plaintiffs' motion to reconsider.[8] And plaintiffs filed a reply, again styled as an opposition to defendants'

---

[1] Defs.' Mot. Issuance Letters Rogatory, Dkt. No. 362.

[2] *Id.* at 5.

[3] *Id.* at 5-6.

[4] Order, Dkt. No. 366.

[5] Pls.' Letter Mot., Dkt. No. 368; *see* Hon. Lewis A. Kaplan, Individual. R. Prac. 2 ("The party opposing the relief sought may respond within two (2) business days electronically, briefly describing why the relief sought should not be granted . . . . [T]he Court may seek to resolve discovery disputes quickly . . . sometimes in advance of receiving answering papers.").

[6] Mem. Endorsement, Dkt. No. 369.

[7] Pls.' Mot. Reconsider Issuance Letters Rogatory, Dkt. No. 371 ("Mot.").

[8] Defs.' Opp'n Mot. Reconsider Issuance Letters Rogatory, Dkt. No. 382 ("Opp'n").

motion.[9]

Plaintiffs' first and primary argument for reconsideration boils down to the contention that defendants' request was untimely because defendants long had notice that Velador, and thus Lloyd and Marney, had consulted with now-dismissed plaintiffs regarding plaintiffs' claims before now-dismissed plaintiffs brought this action, yet defendants neglected earlier to seek Lloyd's and Marney's depositions.[10] Defendants respond that the importance of Velador's, and therefore Lloyd's and Marney's, role in this case became apparent only after plaintiffs were ordered on October 3, 2025 to produce previously withheld emails (the "Velador Emails").[11]

The Velador Emails provide, at a minimum, new documentary evidence that Lloyd, Marney, or both communicated with now-dismissed plaintiffs about some of the substantive issues underlying plaintiffs' claims more than two years before plaintiffs filed this action. It is possible that the Velador Emails contributed, at least in part, to now-dismissed plaintiffs' decision to drop their claims.[12] With such documentary evidence now in hand, it is reasonable to believe that deposing Lloyd and Marney "could lead to other matters that could bear on[] any issue that is or may be in the case,"[13] which satisfies the "obviously broad" and "liberally construed" standard of Rule 26(b)(1).[14] Defendants' requests for documents and testimony from Lloyd and Marney therefore were timely.

The requests, moreover, were proportional to the needs of the case because the requests ask only about the nature and origins of the potential claims Lloyd and Marney presented at least two years before plaintiffs commenced this action to now-dismissed plaintiffs and other FX

---

[9] Pls.' Reply Supp. Mot. Reconsider Issuance Letters Rogatory, Dkt. No. 384 ("Reply").

[10] See Mot. 12-20.

[11] See Opp'n 8.

[12] See Mem. Endorsement, Dkt. No. 357.

[13] Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

[14] Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991).

3

traders that are members of the putative class.[15] Even if the relevance or proportionality of defendants' requests were more attenuated, plaintiffs regardless would have failed to provide any controlling decisions or data that the Court overlooked when granting defendants' request for the issuance of letters rogatory.[16]

Plaintiffs' second argument for reconsideration is that taking the depositions of and seeking documents from Lloyd and Marney would invade attorney-client and work product privileges.[17] This is substantially the same argument the Court rejected when it ordered plaintiffs to produce the Velador Emails.[18] Just because Velador was working on behalf of now-identified law firms during the relevant period does not mean that Velador's communications with not-yet-identified FX traders were privileged or that such privileges, were they to exist, would be for plaintiffs to invoke. Plaintiffs' argument does not merit serious reconsideration here.

Plaintiffs' third and final argument for reconsideration is that the requested documents are cumulative because plaintiffs already produced all responsive communications between plaintiffs and Velador.[19] As defendants argue in response,[20] plaintiffs' argument fails to account for the possibility that Velador may possess responsive records that plaintiffs inadvertently destroyed or discarded before this action commenced and thus could not provide. Velador may possess also responsive records of communications between Velador and other putative plaintiffs, which plaintiffs could not have produced either and which could pertain to class certification.

The Court therefore denies plaintiff's motion to reconsider for the foregoing reasons. The Court nevertheless acknowledges plaintiffs' suggestion[21] that the Court, irrespective of how it

---

[15] Defs.' Mot. Issuance Letters Rogatory 26, 37.

[16] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

[17] Mot. 21-23.

[18] Order, Dkt. No. 312.

[19] Mot. 23.

[20] Opp'n 11.

[21] Mot. 4 n.2.

4

decides this motion, should maintain the current briefing schedule for class certification. At both parties' request, the Court has extended the class-certification briefing schedule twice already.[22] It declines to do so again.

SO ORDERED.

Dated:   November 18, 2025

*(signature)*
Lewis A. Kaplan
United States District Judge

---

[22] J. Stip. & Order, Dkt. No. 143; J. Stip. & Order, Dkt. No. 161.