

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

November 24, 2025

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Court Room 21B
New York, NY 10007-1312

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

      Defendants respectfully submit this brief reply to Plaintiffs' opposition to Defendants' request for a 45-day extension of time for Defendants to oppose Plaintiffs' class certification motion.  ECF Nos. 394, 396.  Plaintiffs' letter opposition distorts the record in hopes of gaining a strategic advantage by denying Defendants a reasonable period of time to complete data analyses, depose two experts, and prepare counter-reports in support of their brief in opposition to class certification.  In fact, the record is that the parties jointly requested two prior extensions of the case schedule to allow both sides the opportunity to complete document and deposition discovery, and to review the significant volume of data produced in this case.  The result of those changes was that Plaintiffs received substantial additional time to prepare their class certification briefing and supporting reports.  In the most recent version of the schedule, however, the parties' agreed-upon window for Defendants' opposition was shortened.

      Defendants had spent substantial time and resources to be ready to oppose Plaintiffs' class certification motion on the timeline most recently set by the Court.  However, 35 days (a period that includes Thanksgiving and Hanukkah) is simply insufficient to respond to Plaintiffs' oversize brief and two expert reports (one of which is more than 110 pages) while also dealing with 2GB of backup materials, as well as deposing Plaintiffs' experts.  The meaningful, complex deficiencies in the code and data files that supposedly support their experts' analyses (and which could not have been anticipated by Defendants) include, among other things, multiple instances of coding errors for which Plaintiffs have already had to provide corrections and others that remain outstanding.  By way of example only, Plaintiffs' expert purports to rely on a code file named "currency_oxo_pxo_ebs_reuters_volume_damages.m" that simply cannot be run.  Plaintiffs did not provide a proposed correction for this error until 1:30pm ET today.  Ex. 1 (email from David LeRay dated November 24, 2025).  For the 19 program files that must be run in a particular order to function, Plaintiffs did not provide the instructions until 10:10pm ET last night.  *Id.*  As of this filing, neither of these proposed solutions has been verified, and many other issues remain unresolved.  Working through these issues will occupy a good portion of the time allotted to Defendants to oppose the Rule

ROPES & GRAY LLP

- 2 -                                                          November 24, 2025

23 motion, even before Defendants can begin to depose experts, prepare their own reports, and complete a responsive brief.

Likewise, Plaintiffs' complaint of 'strategic delay' is groundless. Until now, Defendants have not made a single request for an extension of the case schedule that has not been joined by Plaintiffs. Defendants have consistently consented to Plaintiffs' requested discovery extensions. And despite Plaintiffs' complaints about the timing of Defendants' document productions,[1] Defendants started producing their documents almost a month before Plaintiffs, *who—four years into this case—are still not done*. Indeed, Plaintiffs do not dispute, or address, the fact that they continue to produce documents from Plaintiff DSquare that are highly relevant to class certification *after* having already moved for class certification, including the notes from a 2012 meeting with Currenex that were produced for the first time on Friday. (When Plaintiffs moved to have DSquare added to the case in May 2025, they represented that DSquare was prepared to produce materials immediately.)

Plaintiffs' complaint about the timing of depositions is a distraction. Defendants made all of their witnesses available during the discovery period; it was *Plaintiffs* who requested to reschedule certain depositions to later dates due to one of their counsel's medical issues. And to be clear, Defendants did not become aware of the need for certain of the still pending UK depositions and Velador documents until Plaintiffs produced previously withheld emails on October 7, 2025, which revealed—contrary to Plaintiffs' repeated misrepresentations—that Velador was soliciting Plaintiffs to bring a lawsuit related to this case as early as August 2018. Defendants remain ready to proceed with those depositions as soon as Plaintiffs withdraw (or lose) their unsupported oppositions in the UK court and make their witnesses available—including witnesses expected to refute many of the factual assertions Plaintiffs rely on in support of their motion for class certification.

Plaintiffs do not identify *any* cognizable prejudice to XTX or DSquare from a modest extension. To the contrary, Plaintiffs argue that if the Court will consider an extension, it should grant an additional extension, because Plaintiffs want more time too. In this way, Plaintiffs' opposition gives up the game. Underneath their bluster and sour tone, Plaintiffs acknowledge that the issues here are complex and, if Defendants are given a fair opportunity to develop their responses, they will need a fair allocation of time to prepare their replies. Defendants agree. For all those reasons, the Court should reject Plaintiffs' gamesmanship and grant the modest extension Defendants seek.

---

[1] The documents produced by Defendants in September 2025 included a substantial volume of material that Plaintiffs did not request until August 2025. And the November 18 production Plaintiffs complain of consisted of two documents that Plaintiffs also belatedly requested.

ROPES & GRAY LLP

- 3 -                                                                                     November 24, 2025

Respectfully Submitted,

| ROPES & GRAY LLP | KATTEN MUCHIN ROSENMAN LLP |
|---|---|
| */s/ Alexander B. Simkin* | */s/ Peter G. Wilson* |
| Gregg L. Weiner | Peter G. Wilson |
| Alexander B. Simkin | Elliott M. Bacon |
| 1211 Avenue of the Americas | 525 W Monroe Street |
| New York, New York 10036 | Chicago, IL 60661 |
| Telephone: (212) 596-5000 | Telephone: (312) 902-5200 |
| Facsimile: (212) 596-9090 | Email: peter.wilson@katten.com |
| Email: gregg.weiner@ropesgray.com | Email: elliott.bacon@katten.com |
| Email: alexander.simkin@ropesgray.com | |
| | *Counsel for Defendant HC Technologies, LLC* |
| Robert G. Jones (*pro hac vice*) | |
| 800 Boylston Street | |
| Boston, Massachusetts 02199 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| Telephone: (617) 951 7000 | |
| Facsimile: (617) 951 7050 | |
| Email: robert.jones@ropesgray.com | */s/ Carmine D. Boccuzzi Jr.* |
| | Carmine D. Boccuzzi Jr. |
| Samer Musallam (*pro hac vice*) | Rishi N. Zutshi |
| 2099 Pennsylvania Avenue NW | One Liberty Plaza |
| Washington, DC 20006 | New York, NY 10006 |
| Telephone: (202) 508-4600 | Telephone: (212) 225-2000 |
| Facsimile: (202) 508-4650 | Email: cboccuzzi@cgsh.com |
| Email: samer.musallam@ropesgray.com | Email: rzutshi@cgsh.com |
| | |
| *Counsel for Defendants Currenex, Inc., State Street Bank and Trust Company, and State Street Global Markets International Limited* | *Counsel for Defendant Goldman Sachs & Co. LLC* |

## CERTIFICATE OF SERVICE

      I hereby certify that on November 24, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

                                              */s/ Alexander B. Simkin*
                                              Alexander B. Simkin