**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

November 24, 2025

**BY ECF**

The Honorable Lewis A. Kaplan
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21D
New York, NY 10007

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

Plaintiffs respectfully submit this sur-reply in response to Defendants' reply submission (ECF 398) in support of their twice-rejected request for an asymmetrically large time to complete their class-certification opposition papers.

*First*, Defendants complain that 35 days is too short because they have to review papers, depose experts, and deal with the holiday season. Of course, Plaintiffs face the same challenges—they must analyze Defendants' expert reports, prepare their reply brief and reply expert reports, depose Defendants' experts, and oppose Defendants' expert reports, all within a 30-day period that includes the year-end holidays. But these are all facts that the Court already considered. If Defendants were unsatisfied with the Court's original rejection of Defendants' three-month request, or its relationship to the holiday season, they should have raised it a long time ago. Instead, Defendants lay in wait until after Plaintiffs filed their class certification motion, trying to create an asymmetric schedule while generating a false sense of urgency.

*Second*, Defendants vaguely refer to "multiple instances of coding errors" in the work of one of Plaintiffs' experts. ECF 398 at 1. Defendants are wrong. But more importantly for present purposes, disagreements over the expert's opinion is what depositions and *Daubert* motions are for, not scheduling changes. In any event, as set forth in our opposition, Defendants posed their questions for the first time Friday, and—despite having no obligation to do so—Plaintiffs diligently answered. That Defendants couldn't wait more than *20 minutes* to hear those answers before rushing to Court is no basis for a *three month* briefing window.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

*Third*, Defendants complain about having recently received some Plaintiff documents. But the documents were produced after Defendants made post-deposition demands for supplemental searches. And the deposition itself occurred in October only because Defendants refused to proceed on an earlier date Plaintiffs had proffered. In any event, this has no possible relationship to Defendants' certification schedule: Defendants elide that the production consisted of a mere *47 documents*. Defendants have certainly already reviewed all 47 documents by now, but even if not they would not need three more months to do so.

*Fourth*, with respect to upcoming overseas depositions, as the Court knows, Plaintiffs long ago called out Defendants' game with the deposition calendar, including the demonstrably false notion that they could not have pursued the same depositions a year ago. If Defendants truly believed that the additional depositions would require an alteration to the schedule, they should have told the Court at the time—particularly after they promised a "prompt" motion on the issue. *See, e.g.*, ECF 299 at 4 n.2. But what is remarkable here is that Defendants still feel empowered to simply ignore that the Court already agreed with Plaintiffs that the to-be-completed depositions cannot justify scheduling relief. ECF 397 (endorsement) at 3-4.

*In sum*, Defendants' attempt to poison the well on reply should be ignored. The few arguments actually tied to the scheduling issue are not only unavailing on their face, but untimely. The arguments could not have justified reconsideration if Defendants had asked for reconsideration six months ago, when the parties and the Court could have considered the issue in a more fair, orderly, and symmetrical way. They certainly cannot justify relief after Defendants' gamesmanship over the last three months, which continued right up through last Friday night's rushed filing.

Respectfully submitted,

/s/ Daniel L. Brockett

Daniel L. Brockett

cc: Counsel of Record