Case 1:21-cv-06598-LAK-HJR    Document 405    Filed 12/02/25    Page 1 of 7

**ROPES & GRAY**

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-3-25

December 2, 2025

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21B
New York, NY  10007-1312

Re:    *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

We represent Defendants Currenex, Inc. ("Currenex"), State Street Bank and Trust Company ("State Street"), and State Street Global Markets International Limited (collectively, the "State Street Defendants") in the above-captioned matter.  Pursuant to Federal Rule of Civil Procedure 5.2(d), this Court's Rules, the Stipulation and Order of Confidentiality so-ordered in this action on October 18, 2023, ECF No. 113, and the Joint Stipulation and Order Regarding Class Certification Sealing and Page Limits so ordered in this action on November 13, 2025 (the "Sealing Order"), ECF No. 387, the State Street Defendants respectfully submit this letter motion to request that (i) the exhibits listed in **Appendix A** below that are attached to Plaintiffs' motion for class certification (ECF Nos. 389-91) (the "Motion"), which were each provisionally filed under seal by Plaintiffs pursuant to the Sealing Motion remain under seal, either in full or in part, as indicated therein; and (ii) the portions of Plaintiffs' memorandum of law in support of the Motion (ECF No. 390), which was similarly filed under seal, that reflect the content of those exhibits, remain under seal (the "Requested Sealed Material").[1]  This material reflects commercially sensitive and proprietary information of the State Street Defendants.  As set forth more fully below, the State Street Defendants respectfully submit that sealing is justified under controlling legal precedent. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Specifically, as outlined below, the Requested Sealed Material includes (i) confidential internal audit material; (ii) information revealing the confidential stream IDs assigned

---

[1] Pursuant to the Sealing Order, Plaintiffs are filing today (i) public versions of Exhibits and filings in support of their Motion that no party has requested to seal, either in whole or in part; and (ii) redacted versions of Exhibits and filings in support of their Motion that any party has requested to redact.  ECF No. 387 at 1-2.

ROPES & GRAY LLP

- 2 -                                                                December 2, 2025

to certain participants on the Currenex Platform; (iii) confidential pricing information; and (iv) commercially sensitive confidential information regarding Currenex Platform functionality.

First, certain of the exhibits relate to State Street's internal audits, activities that State Street routinely treats as confidential (described as "Confidential Audit Information" in Appendix A to this motion).[2] Revealing details of State Street's internal audit procedures, areas of focus, and/or findings could create opportunities for others to evade ongoing or future audits, or to access nonpublic information about State Street's operations more generally. Such confidential and sensitive information regarding State Street's audit function and the operation of the Currenex Platform are among the types of information held to be appropriately sealed. *See In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information").

Second, information contained in certain of the exhibits regarding specific stream IDs on the Currenex Platform associated with Platform participants that would otherwise remain anonymous (described as "Confidential Customer Information" in Appendix A to this motion).[3] Currenex has a strong interest in maintaining the anonymity of stream IDs on the Platform, as the disclosure of stream IDs could erode client trust if clients believe their trading data may be exposed or analyzed by competitors, potentially resulting in loss of business or reputational harm. *See City of Providence v. BATS Glob. Markets, Inc.*, 2022 WL 539438, at *4 (S.D.N.Y. Feb. 23, 2022) (granting sealing of non-party "customer-specific" information to protect moving party's competitive interests in protecting customer information from disclosure).

Third, information in certain of the exhibits relating to the commission rates that Platform participants paid for use of the Currenex Platform are appropriately sealed (described as "Confidential Pricing Information" in Appendix A to this motion).[4] Courts have recognized that documents that reflect "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction" and routinely permit parties to seal documents like those at issue here. *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017); *see also Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

Fourth, many of the exhibits directly implicate other categories of the State Street Defendants' commercially sensitive information and privacy interests, such as information regarding the technical operation of the Currenex Platform and the State Street Defendants' business strategies or policies, and are similarly appropriately sealed (described as "Confidential Business Information" in Appendix

---

[2] Exhibits 6, 12, 29, 39, and 40. The State Street Defendants request that Exhibit 29 remains under seal in part, as reflected in Plaintiffs' concurrent filings.

[3] Exhibits 7, 16, 22, 24, 25, 26, 42, 43, 44, and 50.

[4] Exhibits 2, 8, 9, 16, 17, 18, 19, 29, 41, 48, and 49. The State Street Defendants request that Exhibits 2 and 8 remain under seal in part, as reflected in Plaintiffs' concurrent filings.

ROPES & GRAY LLP

- 3 -                                                      December 2, 2025

A to this motion).[5] For example, the email correspondence at Exhibits 10 and 31 detail the Currenex Platform's functionality and interface, while the document at Exhibit 3 is a client-specific presentation that similarly provides detail regarding the Platform's functionality. Plaintiffs' expert report in support of their Motion, found at Exhibit 1, also contains information about the Platform's functionality and interface, as well as details derived from Currenex's confidential trading data. As further examples, Exhibits 9, 11, 17, and 41 (among other things) discuss a specific stream offered by Currenex to Platform participants, while Exhibits 14 and 16 discuss certain of State Street's compliance policies as they relate to the Platform. In the highly competitive and dynamic FX trading market, revealing information reflecting confidential technical details regarding the design, operation, and monitoring of the Platform could severely damage Currenex's reputation and harm the defendants' competitive standing by handing their competitors access to sensitive information and market intelligence. The information contained in these exhibits could also, if exposed, create vulnerabilities with respect to the security of the Platform and, accordingly, pose a risk of harm to Currenex and its clients.

For the foregoing reasons, the State Street Defendants respectfully submit that the Requested Sealed Material should remain under seal.

Respectfully Submitted,

*Granted*

SO ORDERED

LEWIS A. KAPLAN, USDJ

---

[5] Exhibits 1, 3, 9, 11, 10, 13, 14, 15, 16, 17, 21, 27, 30, 31, and 41. The State Street Defendants request that Exhibits 1 and 41 remain under seal in part, as reflected in Plaintiffs' concurrent filings.

ROPES & GRAY LLP

- 4 -                                                    December 2, 2025

ROPES & GRAY LLP

/s/ *Alexander B. Simkin*
Gregg L. Weiner
Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-5000
Facsimile: (212) 596-9090
Email: gregg.weiner@ropesgray.com
Email: alexander.simkin@ropesgray.com

Robert G. Jones (*pro hac vice*)
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951 7000
Facsimile: (617) 951 7050
Email: robert.jones@ropesgray.com

Samer Musallam (*pro hac vice*)
2099 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Email: samer.musallam@ropesgray.com

*Counsel for Defendants Currenex, Inc., State*
*Street Bank and Trust Company, and State*
*Street Global Markets International Limited*

Cc: All Counsel of Record

ROPES & GRAY LLP

- 5 -                                                           December 2, 2025

## Appendix A

| Exhibit Number (description or Bates number) | Request to Redact or Seal in Full | Grounds for Sealing |
|---|---|---|
| Ex. 1 (Expert Report of Pirrong) | Redact | Confidential Business Information |
| Ex. 2 (Expert Report of Woolock) | Redact | Confidential Pricing Information |
| Ex. 3 (CXSSB00049646) | Seal in Full | Confidential Business Information |
| Ex. 6 (CXSSB00899734) | Seal in Full | Confidential Audit Information |
| Ex. 7 (CXSSB00571709) | Seal in Full | Confidential Customer Information |
| Ex. 8 (Excerpts from Harmon deposition) | Redact | Confidential Pricing Information |
| Ex. 9 (Excerpts from Rosenwald deposition) | Seal in Full | Confidential Pricing Information; Confidential Business Information |
| Ex. 10 (CXSSB00271742) | Seal in Full | Confidential Business Information |
| Ex. 11 (Excerpts from Kelly deposition) | Seal in Full | Confidential Business Information |
| Ex. 12 (CXSSB00220161) | Seal in Full | Confidential Audit Information |
| Ex. 13 (Excerpts from Fortuna deposition) | Seal in Full | Confidential Business Information |
| Ex. 14 (Currenex/State Street's Supplemental R&Os) | Seal in Full | Confidential Business Information |

ROPES & GRAY LLP

- 6 -                                                                December 2, 2025

| Ex. 15 (Excerpts from Gilman deposition) | Seal in Full | Confidential Business Information |
| Ex. 16 (Excerpts from Foster deposition) | Seal in Full | Confidential Customer Information; Confidential Pricing Information; Confidential Business Information |
| Ex. 17 (Excerpts from Schonberg deposition) | Seal in Full | Confidential Pricing Information; Confidential Business Information |
| Ex. 18 (GS-EDMAR-00920851) | Seal in Full | Confidential Pricing Information |
| Ex. 19 (GS-EDMAR- 00002650) | Seal in Full | Confidential Pricing Information |
| Ex. 21 (CXSSB00754381) | Seal in Full | Confidential Business Information |
| Ex. 22 (HCTECH_0174870) | Seal in Full | Confidential Customer Information |
| Ex. 24 (HCTECH_0030378) | Seal in Full | Confidential Customer Information |
| Ex. 25 (HCTECH_0090647) | Seal in Full | Confidential Customer Information |
| Ex. 26 (CXSSB00899625) | Seal in Full | Confidential Customer Information |
| Ex. 27 (CXSSB00214236) | Seal in Full | Confidential Business Information |
| Ex. 29 (Excerpts from Liconte deposition) | Redact | Confidential Audit Information; Confidential Pricing Information |

ROPES & GRAY LLP

- 7 -                                                 December 2, 2025

| | | |
|---|---|---|
| Ex. 30 (CXSSB00261652) | Seal in Full | Confidential Business Information |
| Ex. 31 (CXSSB00719802) | Seal in Full | Confidential Business Information |
| Ex. 39 (CXSSB00572158) | Seal in Full | Confidential Audit Information |
| Ex. 40 (CXSSB00256122) | Seal in Full | Confidential Audit Information |
| Ex. 41 (Excerpts from Lewis deposition) | Redact | Confidential Pricing Information; Confidential Business Information |
| Ex. 42 (HCTECH_0174508) | Seal in Full | Confidential Customer Information |
| Ex. 43 (CXSSB00571894) | Seal in Full | Confidential Customer Information |
| Ex. 44 (CXSSB00546068) | Seal in Full | Confidential Customer Information |
| Ex. 48 (CXSSB00985671) | Seal in Full | Confidential Pricing Information |
| Ex. 49 (CXSSB00409793) | Seal in Full | Confidential Pricing Information |
| Ex. 50 (CXSSB00899614) | Seal in Full | Confidential Customer Information |