

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

MEMO ENDORSED

November 21, 2025

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Court Room 21B
New York, NY 10007-1312

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

RECEIVED NOV 26 2025 JUDGE KAPLAN'S CHAMBERS

Re: *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

  We write on behalf of Defendants to respectfully request that the Court extend Defendants' deadline to oppose Plaintiffs' class certification motion by approximately one and a half months (from December 23, 2025 to February 6, 2026), and make the corresponding adjustments to the case schedule set forth in **Appendix A**. Defendants recognize that the Court declined to extend the briefing schedule in its November 18, 2025 Memorandum Endorsement, which the parties received earlier today. Defendants respectfully submit that the Court's decision addressing the briefing schedule was made without the benefit of argument by Defendants, as Plaintiffs only raised the issue in their reply on an unrelated motion.[1] As explained below, Plaintiffs' class certification filings—filed earlier this week—demonstrate why a brief extension is warranted. Even with Defendants' requested extension, Defendants' total time to oppose Plaintiffs' Rule 23 motion is shorter than the three-month period that was agreed by the parties and included in the stipulated case management schedule entered by the Court in August 2023. ECF No. 98.[2] Despite their prior agreement to a longer period of time to oppose, Plaintiffs now refuse to consent to the relief Defendants seek.

---

[1] Should the Court nonetheless choose to treat this letter as a request for reconsideration, this letter contains both new evidence that was not previously available (because it happened later) and an explanation of the manifest injustice that would occur from denying Defendants a reasonable opportunity to rebut expert reports that clearly distort the data.

[2] The stipulated schedule was modeled after the scheduling order in *Iowa Public Employees' Retirement System, et. al. v. Bank of America, et. al.*, an action that also involved significant volumes of trading data. *See* Third Am. Civ. Case Mgmt. Plan and Sched. Order (ECF No. 293), No. 1:17-cv-06221-KPF (S.D.N.Y. Mar. 27, 2020) (110 days for class cert. opposition and supporting expert reports); *see also* Civ. Case Mgmt. Plan and Sched. Order (ECF No. 250), *In re Interest Rate Swaps Antitrust Litig.* No. 16-MD-2704 (S.D.N.Y. Aug. 28, 2017) (90 days for class cert. opposition and supporting expert reports); Am. Case Mgmt. Order (ECF No. 532), *Dennis et. al. v. JPMorgan Chase & Co. et. al.*, No. 16-CV-06496 (LAK) (S.D.N.Y. Feb. 1, 2022) (same).

<u>Memorandum Endorsement</u>　　　　　　　<u>Edmar Fin. Co. v. Currenex, Inc., 21-cv-6598 (LAK)</u>

  Defendants application is granted *only* to the extent that defendants' time to file its opposition ad supporting expert reports (including all data and code relied upon by defendants' experts) in opposition to plaintiffs' class certification motion is extend to and including January 13, 2026 and plaintiffs' time to file its reply in support thereof (including all data and code relied upon by defendants' experts) is extended to and including February 13, 2026. It is denied in all other respects.

  The Clerk shall terminate Dkts 394 and 395.

  SO ORDERED.

Dated:  December 3, 2025

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Lewis A. Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge