**ALSTON & BIRD**

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

March 5, 2026

***BY ECF***

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21B
New York, NY 10007-1312

Re:   *Edmar Fin. Co., LLC et al. v. Currenex, Inc. et al.*, Case No. 21-cv-06598

Dear Judge Kaplan:

     We write on behalf of Defendants to request a hearing and oral argument on Plaintiffs' motion for class certification. Defendants respectfully submit that, in the context of this complex case, oral argument would assist the Court in determining whether Plaintiffs' arguments for class certification withstand the "rigorous analysis" required under Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see* Manual Complex Lit. § 21.21 (4th ed.) (hearings are "a routine part of the certification decision" and may be held "even if" the motion to certify a class is unopposed to "ensure[] a full record" is created).[1]

     A hearing is particularly warranted here because Plaintiffs (without offering any explanation) have made two changes to the proposed class definition in their reply brief that effectively concede the existence of individualized issues that preclude class certification:

- ***Plaintiffs' Reply Brief Redefined the Proposed Class.*** Plaintiffs' opening brief sought to certify a class of "[a]ll persons and entities who completed at least one spot foreign exchange trade on the ***anonymous*** portion of Currenex, Inc.'s platform using the PROD stack from January 1, 2005, to July 21, 2014, ***or the PRET stack*** from July 1, 2007 to September 11, 2015. (Memo of Law at 2 (emphasis added).)[2] Plaintiffs' reply brief purports to change the class definition so that: (i) it now includes disclosed (*i.e.*, non-anonymous) trades, and (ii) it now excludes all trades on the PRET stack. This change reflects the fact that Plaintiffs cannot clearly differentiate between trading that was

---

[1] Mindful of the Court's guidance to minimize the number of further letters (Dkt. No. 415), Defendants invited Plaintiffs to provide their position so the parties could file a single, joint letter addressing this request. Plaintiffs declined and indicated they intend to write the Court separately.

[2] The "PRET" stack is Currenex's white-label retail trading platform where price takers received a price stream directly from a single, disclosed liquidity provider. (Defs.' Opp'n at 5.)

done on the Currenex platform anonymously and trading that was done on a non-anonymous, disclosed basis. That distinction is essential to Plaintiffs' ability to prove harm given that the alleged tie-breaking priority rules (the basis for Plaintiffs' entire case) did not govern the outcomes for disclosed trades.[3]

- ***Further Withdrawal of Individual Class Members.*** In a footnote in their reply brief, Plaintiffs now exclude from the putative class Marney Capital and Caspar Marney, in addition to the two original Named Plaintiffs in this case whose claims were previously dismissed with prejudice after discovery showed they were time-barred. (Reply Brief at 2, n.3.) The Court may recall that it ordered discovery of Caspar Marney as Mr. Marney had information about the purported claim in August 2018, rendering any claim by Mr. Marney and anyone that he disclosed this information to time-barred. (Order, Dkt. No. 366.) Pursuant to the Court's order, Defendants have actively pursued discovery to determine with whom Mr. Marney discussed the claims alleged in this case, discovery which Plaintiffs' counsel have strenuously opposed, and which will no doubt lead to additional information regarding Defendants' statute of limitations defense and the need for an individualized inquiry to determine which putative members' claims are time-barred.

In light of these changes to the class definition and the host of other individualized inquiries that persist—including Plaintiffs' continued failure to establish a methodology capable of showing injury common to all class members in the face of evidence that class members had vastly different trading interests and ways of interacting with the platform—Defendants request an opportunity to present these issues to the Court for examination of whether the requirements of Rule 23 have been satisfied.

Respectfully submitted,

| | |
|---|---|
| ALSTON & BIRD LLP | KATTEN MUCHIN ROSENMAN LLP |
| */s/ Eric A. Kuwana* | */s/ Peter G. Wilson* |
| Eric A. Kuwana | Peter G. Wilson |
| Brett D. Jaffe | Elliott M. Bacon |
| Christopher J. Borchert | 525 W Monroe Street |
| 90 Park Avenue | Chicago, IL 60661 |
| New York, NY 10016 | Telephone: (312) 902-5200 |
| Telephone: (212) 210-9400 | Email: peter.wilson@katten.com |
| Email: eric.kuwana@alston.com | Email: elliott.bacon@katten.com |
| Email: brett.jaffe@alston.com | |
| Email: christopher.borchert@alston.com | *Counsel for Defendant HC Technologies, LLC* |

---

[3] Even if Plaintiffs were to limit the class to only anonymous trading on the PROD stack, their theory of harm still lacks merit in light of the fact that Trading Defendants could not actually see and match others' prices on the Currenex Platform. (Defs.' Opp'n, § I.A.)

Edmar Fin. Co., LLC et al. v. Currenex, Inc. et al., Case No. 21-cv-06598
March 5, 2026
Page 3

B. Parker Miller
Jason Sigalos (*pro hac vice* forthcoming)
1201 W. Peachtree St. NE
Atlanta, GA 30309
Telephone: (404) 881-7000
Email: parker.miller@alston.com

ROPES & GRAY LLP
*/s/ Alexander B. Simkin*
Gregg L. Weiner
Alexander B. Simkin
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-5000
Facsimile: (212) 596-9090
Email: gregg.weiner@ropesgray.com
Email: alexander.simkin@ropesgray.com

Robert G. Jones (*pro hac vice*)
800 Boylston Street
Boston, Massachusetts 02199
Telephone: (617) 951 7000
Facsimile: (617) 951 7050
Email: robert.jones@ropesgray.com

*Counsel for Defendants Currenex, Inc., State Street Bank and Trust Company, and State Street Global Markets International Limited*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
*/s/ Carmine D. Boccuzzi Jr.*
Carmine D. Boccuzzi Jr.
Rishi N. Zutshi
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Email: cboccuzzi@cgsh.com
Email: rzutshi@cgsh.com

*Counsel for Defendant Goldman Sachs & Co. LLC*