**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

March 5, 2026

<u>BY ECF</u>

The Honorable Lewis A. Kaplan
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21D
New York, NY 10007

Re:   *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

We write in response to Defendants' letter requesting oral argument on Plaintiffs' motion for class certification.  ECF 459.

Of course, Plaintiffs do not oppose oral argument should the Court determine it would be helpful.  But as Plaintiffs informed Defendants, Your Honor's rules clearly state "the Court will notify counsel of the time and place for oral argument if the Court regards oral argument as likely to be helpful."  Indiv. R. at 3.  Plaintiffs presume that if the Court wants oral argument, the Court will inform the parties as much.

However, Plaintiffs strenuously object to Defendants' attempt to use a routine hearing request as a vehicle for additional substantive argument after the close of briefing.  Rather than explaining why oral argument is warranted, Defendants devote most of their letter to rearguing their opposition, mischaracterizing routine refinements to the class definition as concessions, and relitigating old discovery disputes.  This unauthorized sur-reply is particularly improper given that the parties' agreed-upon schedule for merits expert reports and summary judgment briefing (ECF 450) was premised on Defendants' agreement that briefing on class certification was closed.  Plaintiffs respectfully ask the Court to strike Defendants' letter accordingly.[1]

---

[1]   Given the Court's previous guidance (ECF 415), Plaintiffs are loath to bother the Court with additional argument.  Suffice it to say that the "changes" in Plaintiffs' class definition are simply small clarifications made in direct response to defense arguments.  For instance, Defendants' expert suggested the prior phrase in the class definition—"anonymous portion of the platform"—could be read to mean that two people who happened to know (footnote continued)

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

Respectfully submitted,

/s/ Daniel L. Brockett

Daniel L. Brockett

cc: Counsel of Record

---

each other's names were excluded from the class. Using the formal name for the relevant part of the platform instead—the "Executable Streaming Prices portion of the platform"—merely clarifies that trades are not to be excluded merely because two traders know each other's name. *See* Pirrong Reply ¶ 119. Defendants also note "PRET" stack transactions are no longer part of the class. But those were never part of Dr. Pirrong's analysis, as Defendants argued. ECF 420 at 5. Finally, Defendants observe that Caspar Marney's trades have been removed from the class. As with the other issues, it would not take a hearing to explain that removing his tiny trading volume in response to Defendants' statute of limitations arguments merely makes the Court's job easier, while changing nothing with respect to any other issue.