**quinn emanuel** trial lawyers | new york

295 FifthAvenue, New York, New York 10016-7103| TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

May 11, 2026

**By ECF**

The Honorable Lewis A. Kaplan
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21D
New York, NY 10007

Re:     *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

We write on behalf of Plaintiffs to respectfully request a three-week extension of Plaintiffs'
deadline to submit their rebuttal merits expert reports, from June 8 to June 29.  The requested
extension would have no impact on the case schedule or any filing deadlines.  Nonetheless,
Defendants refuse to agree to this brief extension, necessitating this letter motion.

Pursuant to the current schedule (ECF 450), Plaintiffs served their opening merits expert reports
on March 27, 2026.  These consisted of two expert reports, totaling 103 pages, from Dr. Craig
Pirrong and Mr. David Woolcock, the same experts who authored Plaintiffs' expert reports on
class certification.  Not only were they the same experts, but their opinions were, unsurprisingly,
nearly identical to those proffered in November 2025 in support of class certification.  In other
words, the "merits" expert filings were no surprise to Defendants.

On May 4, 2026, Defendants served their response merits expert reports.  Defendants served one
report from an expert they used before, an expert report from Dr. Peter Reiss, Defendants' main
expert on class certification, running more than 150 pages and containing 434 footnotes.  But
they also filed reports from two new experts, whose qualifications and opinions will have to be
investigated anew, including by way of new depositions.  Specifically, Defendants proffered for
the first time a separate report from Dr. Celeste Saravia running 126 pages with 442 footnotes,
and a 54-page report, with 169 footnotes, from Dr. Michael Melvin.

The current schedule requires Plaintiffs to serve their rebuttal expert reports by June 8.  Given
the extreme volume of material served by Defendants' experts, the potential need to depose three
experts (two for the first time), and personal availability issues regarding Plaintiffs' experts,

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

Plaintiffs' counsel reached out to Defendants' counsel last week to ask whether they would agree to provide Plaintiffs an additional three weeks—i.e., until June 29—to serve their rebuttal expert reports.  Defendants' counsel refused.

Plaintiffs therefore now request the Court to grant this three-week extension.  The extension would provide Plaintiffs' experts with sufficient time to respond fully to Defendants' voluminous expert materials, which total more than 331 pages and 1,045 footnotes, and are accompanied by backup materials that include nearly 3,000 pages of documents and 10,000 lines of code.

The extension would have no impact on the rest of the schedule, which already has a built-in gap of more than six weeks between the end of expert depositions (currently scheduled for June 26) and the deadline for summary judgment motions (August 10).  If Plaintiffs' extension were granted, there would still be a period of six weeks between the service of Plaintiffs' rebuttal expert reports and the August 10-filing deadline for summary judgment motions—more than enough time to conduct depositions and incorporate any information obtained in depositions into the parties' summary judgment papers.  To illustrate the lack of impact the extension would have on the schedule, Plaintiffs attach Exhibit A, which shows the dates in the current schedule alongside the minor modifications proposed by Plaintiffs.

Plaintiffs also note that the Court granted similar relief to Defendants in connection with Plaintiffs' motion for class certification, granting Defendants an additional three weeks (down from the additional month-and-a-half extension requested by Defendants) to file opposing expert reports and their accompanying memorandum of law.  ECF 412.  Plaintiffs here seek the same three weeks.

Respectfully submitted,

/s/ *Daniel L. Brockett*

Daniel L. Brockett

cc: Counsel of Record

2