# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Eric Kuwana**                Direct Dial: **212-210-9586**                Email: **eric.kuwana@alston.com**

May 12, 2026

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21B
New York, NY 10017-1312

Re:    *Edmar Fin. Co., LLC, et al. v. Currenex, Inc., et al.*, Case No. 21-cv-06598

Dear Judge Kaplan,

We write on behalf of all Defendants in response to Plaintiffs' request for an over three-week extension of their deadline to disclose rebuttal merits expert reports (from 35 days after Defendants' responsive merits expert reports to 57 days). ECF 465. The Court should deny Plaintiffs' request. The current schedule is the product of extensive negotiations between the parties and reflects mutual, deliberate concessions made by both sides. Plaintiffs' request does not even address, let alone satisfy, the good-cause standard under Rule 16(b)(4) and should be rejected so the parties can proceed under the agreed-upon schedule so ordered by the Court. ECF 450. *See United States v. Provenzi*, 349 F.R.D. 600, 603 (W.D.N.Y. 2025) ("Disregard of the scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation, and its standards may not be short-circuited." (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000))).

***First***, the stipulated schedule reflects the culmination of careful negotiation, including tradeoffs by both sides. During those negotiations, Defendants pushed for earlier opening merits reports and a more balanced schedule thereafter, while Plaintiffs prioritized more time for their opening reports (ultimately due 42 days after their class certification reply brief) and sought to compress the rest of the schedule.[1] Indeed, the current 35 days provided for Plaintiffs' rebuttal reports is more than twice as long as the original 14-day deadline Plaintiffs themselves proposed. Plaintiffs' motion, if granted, would allow a total

---

[1] A copy of the email thread reflecting the parties' scheduling negotiations is attached hereto as Exhibit A.

Hon. Lewis A. Kaplan, U.S.D.J.
May 12, 2026
Page 2

of 57 days for their rebuttal reports—nearly two weeks longer than Defendants had for responsive reports. Granting Plaintiffs' request now would vitiate Defendants' bargained-for exchange and afford Plaintiffs preferential timing for both their opening and rebuttal merits expert reports, prejudicing Defendants. *See Reyna v. Target Corp.*, 2022 WL 12399321, at *2 (S.D.N.Y. Oct. 21, 2022) (noting that "prejudice to the party opposing the motion is also relevant to the Court's analysis" as to whether good cause exists to modify a schedule under Rule 16(b)(4)).

      *Second*, Plaintiffs cannot possibly be surprised that Defendants served substantial responsive merits reports and thus cannot demonstrate diligence under Rule 16. Plaintiffs elected to press sweeping antitrust and RICO claims seeking ten-figure damages. Given the complete absence of evidence of any secret agreements concerning priorities on the Currenex platform, their strategy now appears to be to muddy the waters with unsubstantiated, non-reliable, and speculative expert reports requiring rebuttal by Defendants' experts. Defendants served exactly the sort of expert reports Plaintiffs' claims require: (1) an antitrust report from Dr. Celeste Saravia responding to Dr. Pirrong's antitrust opinions; (2) an industry report from Dr. Michael Melvin responding to Mr. Woolcock's industry opinions; and (3) a damages report from Dr. Peter Reiss responding to Dr. Pirrong's damages opinions. None of these reports was unexpected.[2]

      Plaintiffs also complain that Defendants engaged two experts who did not submit class certification reports. But Plaintiffs stipulated to the existing schedule knowing Defendants could add merits-phase experts. Moreover, Defendants' damages expert, Dr. Reiss, repeatedly testified that his class certification report contained abridged and illustrative analyses due to the compressed schedule, making clear that more complete analyses would follow in a subsequent merits report. *See* Ex. B (Feb. 6, 2026 Dep. Tr. of P. Reiss at 118:5-13, 122:6-22, 124:1-24). Plaintiffs fail to show "that even if [they] had exercised diligence, [they] could not have met the deadline set by the court." *Lopez v. Ramos*, 2013 WL 6912692, at *3 (S.D.N.Y. Dec. 30, 2013). Indeed, Plaintiffs do not address diligence at all. *See Provenzi*, 349 F.R.D. at 603–04, 606 (stating that proof of diligence by the party seeking an extension is a "requirement . . . for a finding of good cause" under Rule 16(b)(4) that ought to be "[s]trict[ly] enforce[d]").

      *Third*, Plaintiffs are incorrect that their request does not affect the broader pretrial schedule. In addition to seeking a three-week extension of their deadline to serve rebuttal merits reports, Plaintiffs also appear to seek a 22-day extension of the parties' deadline to complete merits expert discovery. This request is not included in Plaintiffs' letter-motion, but it appears in Plaintiffs' Exhibit A. This means the parties would have just 24 days from the completion of merits expert discovery to prepare and file summary judgment and *Daubert* motions. Defendants have already planned workstreams and other professional

---

[2] Plaintiffs' complaints about the volume of Defendants' responsive disclosures ring hollow because Defendants produced these materials in less time than Plaintiffs now demand for their rebuttal disclosures.

Hon. Lewis A. Kaplan, U.S.D.J.
May 12, 2026
Page 3

and personal commitments for these time periods; they did not agree to this compressed schedule and should not be forced into it because Plaintiffs want to re-trade on the schedule.

*Finally*, Plaintiffs' extension request is not analogous to Defendants' request from last year to extend their deadline to oppose class certification. At the class certification stage, Defendants had no visibility into the analyses Plaintiffs intended to use to support class certification until Plaintiffs filed their motion. And Plaintiffs' motion relied on massive amounts of trading data that required Defendants' experts to undertake substantial back-end work, including translating the code to a different programming language and acquiring additional commercial software licenses. Here, Plaintiffs have had a total of 88 days since briefing on class certification concluded to prepare merits expert analysis that supports their claims, and nearly five years since they filed suit. Plaintiffs should be prepared to move forward on the schedule to which they agreed.

For at least these reasons, the Court should deny Plaintiffs' request. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Eric Kuwana*

Eric Kuwana

cc:     All Counsel of Record (via ECF)