**quinn emanuel** trial lawyers | new york

295 FifthAvenue, New York, New York 10016-7103| TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S EMAIL ADDRESS
**danbrockett@quinnemanuel.com**

May 13, 2026

**BY ECF**

The Honorable Lewis A. Kaplan
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Court Room 21D
New York, NY 10007

Re:     *Edmar Financial Company, LLC et al v. Currenex, Inc. et al*, Case No. 21-cv-06598

Dear Judge Kaplan:

Plaintiffs submit this brief reply to Defendants' May 12 opposition (ECF 468) to Plaintiffs' request for a three-week extension of the rebuttal merits expert report deadline (ECF 465). Defendants' opposition conspicuously fails to identify any concrete prejudice that would result from the modest extension Plaintiffs request.

***First***, as Plaintiffs explained in their opening letter, granting the requested extension would leave *six weeks* between the service of Plaintiffs' rebuttal expert reports and the August 10 summary judgment filing deadline. Defendants do not—and cannot—credibly contend that six weeks is insufficient time to depose Plaintiffs' experts and incorporate any relevant information into summary judgment or *Daubert* briefing. Their vague reference to disruption of "already planned workstreams" (ECF 468 at 2) falls well short of establishing prejudice.

Nor do Defendants establish prejudice through their assertion that the requested extension would leave the parties with "just 24 days from the completion of merits expert discovery to prepare and file summary judgment and *Daubert* motions." ECF 468 at 2. Defendants already have served their affirmative merits expert reports. Their summary judgment and *Daubert* motions are necessarily already being prepared based on the extensive discovery record and the affirmative merits reports Plaintiffs served in March. And to the extent Defendants suggest that a three-week extension of the "Deadline for Merits Expert Discovery" would somehow compress the time available to depose Plaintiffs' experts, that argument misstates the schedule. The expert discovery cut-off simply establishes the latest permissible date for completing expert

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

depositions; it does not prevent depositions from occurring earlier.[1] Again, even under Plaintiffs' proposed schedule, Defendants would still have six weeks.

***Second***, Defendants' assertion that Plaintiffs were not "diligent" ignores both the record and common sense. Plaintiffs timely served their opening merits reports on March 27, 2026. Within days of receiving Defendants' responsive merits reports, Plaintiffs contacted Defendants' counsel to request a modest extension, and Plaintiffs filed this motion promptly after Defendants refused to consent. The "good cause" for the requested extension is straightforward: Defendants served 331 pages of expert reports, 1,045 footnotes, nearly 3,000 pages of backup, and 10,000 lines of code, including reports from two entirely new experts who have never before appeared in this litigation. No amount of diligence would have permitted Plaintiffs to anticipate the specific contents, methodologies, opinions, and supporting analyses contained in those submissions before they were served.

Defendants' suggestion that the requested extension would "afford Plaintiffs preferential timing for both their opening and rebuttal merits expert reports" ignores the realities of this case and the fundamental asymmetry between the parties' respective positions. As Plaintiffs explained in their opening letter, the merits opinions offered by Dr. Pirrong and Mr. Woolcock were substantially the same opinions those experts previously advanced during class certification proceedings many months ago. ECF 465 at 1. Defendants do not dispute that point. Instead, they argue that their own responsive reports were "exactly the sort of expert reports Plaintiffs' claims require" and that Dr. Reiss's class certification report was "abridged and illustrative" with "more complete analyses" to follow later in merits discovery. ECF 468 at 2 & Ex. B. Those arguments only underscore the point: Defendants have effectively been preparing their merits responses since class certification briefing.

Plaintiffs, by contrast, received on May 4 for the first time: (1) a 126-page, 442-footnote report from Dr. Celeste Saravia—an entirely new expert—addressing market definition, market power, and purported procompetitive justifications; (2) a 54-page, 169-footnote report from another newly disclosed expert, Dr. Michael Melvin; and (3) a more than 150-page, 434-footnote report from Dr. Peter Reiss containing substantial new analyses—including a new mathematical "upper bound" damages framework, a new empirical analysis of the frequency of "jumping in line" across the class period, new regression critiques specific to Dr. Pirrong's merits damages methodology, and new quantified damages reductions that did not appear in Dr. Reiss's class certification report. Plaintiffs cannot reasonably be expected to fully evaluate and respond to

---

[1] As we previously noted (ECF 465, Ex. A n.1), Plaintiffs have no objection to Defendants taking depositions *after* this deadline. And although the requested extension does not require moving any filing deadlines, if Defendants truly believe that six weeks is somehow not enough time to depose Plaintiffs' experts and incorporate any resulting information into their summary judgment or *Daubert* papers, Plaintiffs are amenable to shifting the deadlines for filing summary judgment and *Daubert* motions back by three weeks or some other period. The parties and the Court all share the same interest in bringing this case to trial as soon as possible, but an additional few weeks in the summary judgment briefing schedule is a minor matter, given that Plaintiffs' class certification motion was fully briefed only three months ago.

these opinions, investigate the backgrounds and prior testimony of two newly disclosed experts, and complete three expert depositions within 35 days.

Finally, Plaintiffs again note that the Court previously granted Defendants an additional three weeks—reduced from the six-week extension Defendants originally requested—to submit their class certification opposition expert reports and accompanying briefing.  ECF 412.  Fairness strongly favors affording Plaintiffs the same modest accommodation here.

Respectfully submitted,

/s/ *Daniel L. Brockett*

Daniel L. Brockett

cc: Counsel of Record

3