CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.
ASIA
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2508
cboccuzzi@cgsh.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
LONDON
MILAN
PARIS
ROME

November 17, 2026

**BY ECF**
Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: Plaintiffs' November 8, 2026 Letter; *Edmar Financial Company, LLC et al. v. Currenex, Inc. et al.*, Case No. 21-cv-06598 (LAK) (S.D.N.Y.)**

Dear Judge Kaplan:

We write on behalf of Defendant Goldman Sachs & Co. LLC ("Goldman") in response to Plaintiffs' November 8, 2026 letter (ECF No. 575) (the "Letter"). Goldman joins Defendants' request that the Court disregard the Letter as an unauthorized sur-reply (ECF No. 580) and writes separately to correct the Letter's assertions about Goldman.

To justify their sur-reply, Plaintiffs claim that Goldman raised new arguments for the first time on reply. But that assertion is false. All Goldman did was address the implications of (1) Plaintiffs' concession—raised for the first time in their opposition to Goldman's summary judgement motion—that Goldman had no special priority rights on Currenex from 2011 to 2014, and (2) their continued effort to advance a conspiracy case against Goldman limited to two isolated Back-to-Back streams that ran from 2006 to 2008. ECF No. 537 ("Opp.") at 28. On reply, Goldman explained why Plaintiffs' arguments about the Back-to-Back Streams were wrong and that the model of Plaintiffs' expert, Dr. Pirrong, which purports to measure only aggregate, platform-wide harm across the full Class Period, does not show what, if anything, the two Back-to-Back streams contributed to that harm. ECF No. 569 at 7–8.[1] Those arguments addressed Plaintiffs' assertion that Dr. Pirrong was not required to "construct a separate damages model for each Trading Defendant." Opp. at 55. Responding to arguments raised by Plaintiffs

[1]Goldman also raised this point in its opening brief. *See* ECF No. 499 at 15–16 (arguing Plaintiffs "cannot and have not even tried to show what *de minimis* portion (if any)" of the alleged class harm was caused by Goldman's trading on Back-to-Back streams for two years, as opposed to other Trading Defendants' trading on dozens of other streams over the full 9.5-year Class Period).

in their opposition is paradigmatically a proper subject for reply. *See Polidoro v. Law Firm of Jonathan D'Agostino, P.C.*, 19-CV-1290 (ER) (BCM), 2022 WL 2286951, at *7 (S.D.N.Y. June 23, 2022) (sur-reply denied where "the reply papers merely respond to points raised in opposition to the underlying motion").

Even if Plaintiffs' sur-reply were to be considered, it does not provide a reason this case may proceed against Goldman. Having previously pursued what amounted to a rimless "hub-and-spoke" conspiracy, *see* ECF No. 83 at 27, Plaintiffs now for the first time claim "consecutive" rather than overlapping conspiracies in an attempt to salvage Dr. Pirrong's approach, Letter at 1–2. Under this latest version, Currenex first conspired with Goldman, and then later conspired with HC Tech. Even if Plaintiffs offered any factual support for this new theory (they do not), Dr. Pirrong's model did not measure consecutive conspiracies. And Plaintiffs have already conceded that Goldman received no preferential priority on the vast majority of its trading on Currenex during the Class Period. *See* ECF No. 569 at 2. Simply put, under any version of Plaintiffs' theory, neither they nor Dr. Pirrong can show that Goldman even had preferential priority on the Back-to-Back Streams, let alone that its trading on those two streams for a small sliver of the Class Period caused any class-wide harm. *See* ECF No. 499 at 15; ECF No. 569 at 7, 8–9.

For these reasons, Goldman respectfully requests that the Court disregard the Letter and grant summary judgment dismissing all claims against Goldman.

Respectfully submitted,

Carmine D. Boccuzzi, Jr.

cc: Counsel of Record (via ECF)